# Exhibit 2

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF**

---------------------------------------------------------------------x

JUAN CARLOS INTERIANO, Individually, and JUAN CARLOS INTERIANO,
as assignee of ALL-BORO REHAB CONSTRUCTION CORP., ALL BORO
GROUP, LLC, and ALL-BORO CONSTRUCTION GROUP, INC.,

                             Plaintiff/Petitioner,

               - against -                        Index No. 616823/2022

ARCH SPECIALTY INSURANCE COMPANY

                         Defendant/Respondent.

---------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **<u>If you are represented by an attorney:</u>**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **<u>If you are not represented by an attorney:</u>**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically .

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov



To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: December 1, 2022

George J. Vogrin                                    150 Broadway, Suite 1200, NY, NY 10038
        Name                                                Address

VOGRIN & FRIMET, LLP
        Firm Name

                                                    (212) 513-1075
                                                        Phone

                                                    gvogrin@vogrinfrimet.com
                                                        E-Mail

To:    ARCH SPECIALTY INSURANCE COMPANY

       c/o General Counsel

       Arch Insurance Group Inc.

       300 Plaza Three
       Jersey City, NJ 07311-1107

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------X

JUAN CARLOS INTERIANO, Individually, and
JUAN CARLOS INTERIANO, as assignee of
ALL-BORO REHAB CONSTRUCTION CORP.,
ALL BORO GROUP, LLC, and
ALL-BORO CONSTRUCTION GROUP, INC.,

                     Plaintiff,

     -against-

ARCH SPECIALTY INSURANCE COMPANY,

                  Defendant.
------------------------------------------------------------------------X

Index No.:
Date Index No. Purchased:
11/30/2022

**SUMMONS**

Plaintiff designates Nassau
County as the place of Trial.

The basis of Venue is:
Plaintiff's Residence

Plaintiff resides at:
160 Stevens Avenue
West Hempstead, NY 11552
County of Nassau

**TO THE ABOVE-NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

    **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: New York, New York
      November 30, 2022

                                  **VOGRIN & FRIMET, LLP**

                                  George J. Vogrin
                                  150 Broadway, Suite 1200
                                  New York, NY 10038
                                  Tel: 212-513-1075
                                  gvogrin@vogrinfrimet.com
                                  *Attorneys for Plaintiff*

1

TO:

ARCH SPECIALTY INSURANCE COMPANY
c/o General Counsel
Arch Insurance Group Inc.
300 Plaza Three
Jersey City, NJ 07311-1107

2

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
INDEX NO. 616823/2022

NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 11/30/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------------X

JUAN CARLOS INTERIANO, Individually, and
JUAN CARLOS INTERIANO, as assignee of                Index No.:
ALL-BORO REHAB CONSTRUCTION CORP.,
ALL BORO GROUP, LLC, and
ALL-BORO CONSTRUCTION GROUP, INC.,

                         Plaintiff,                  **COMPLAINT**

            -against-

ARCH SPECIALTY INSURANCE COMPANY,                    **Jury Trial Demanded**

                         Defendant.

-----------------------------------------------------------------------X

     Plaintiff JUAN CARLOS INTERIANO, Individually, (hereinafter "INTERIANO") and

JUAN CARLOS INTERIANO, as assignee of ALL-BORO REHAB CONSTRUCTION CORP.,

ALL BORO GROUP, LLC, and ALL-BORO CONSTRUCTION GROUP, INC. (collectively,

"Plaintiff"), by and through their attorneys, Vogrin & Frimet, LLP, by way of this Complaint

against ARCH SPECIALTY INSURANCE COMPANY ("ARCH") hereby comes forth and says:

### NATURE OF THE COMPLAINT

    1.    This Action seeks a judgment against Defendant, ARCH for its denial of coverage

as to INTERIANO's assignors ALL-BORO REHAB CONSTRUCTION CORP. ("ALL-BORO

REHAB"), ALL BORO GROUP, LLC ("ALL BORO GROUP"), and ALL-BORO

CONSTRUCTION GROUP, INC. ("ALL-BORO CONSTRUCTION") in connection with an

underlying personal injury action for injuries sustained by INTERIANO. The claim was assigned

to Juan Carlos INTERIANO by ALL-BORO REHAB, and ALL BORO GROUP, AND ALL-

BORO CONSTRUCTION.

1

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 11/30/2022

## THE PARTIES

2.      Upon information and belief, ARCH was and still is foreign corporation organized and existing under and by virtue of the State of Missouri.

3.      Upon information and belief, ARCH was and still is a foreign corporation doing and soliciting business in the State of New York.

4.      Upon information and belief, ARCH was and still is authorized by the Superintendent of Insurance to issue policies of insurance in the State of New York, including the policy number AGL0032630-01 ("ARCH Policy") issued to ALL-BORO REHAB, and ALL BORO GROUP, AND/OR ALL-BORO CONSTRUCTION.

5.      INTERIANO resides in Nassau County in the State of New York.

6.      Upon information and belief, ALL-BORO REHAB was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

7.      Upon information and belief, ALL BORO GROUP was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, ALL-BORO CONSTRUCTION was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this matter and personal jurisdiction over ARCH, as ARCH is authorized to do business and transacts business in the State of New York, Nassau County.

10.     This Court has jurisdiction over this action under CPLR §§ 301 and 302(a).

2

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 11/30/2022

11.    Venue is proper in this Court because INTERIANO resides in the State of New York, Nassau County.

## FACTUAL BACKGROUND

12.    INTERIANO was lawfully present and/or working on a job site located at 72-72 141st Street, Flushing, New York (the "Premises") when he was caused to be injured.

13.    ALL-BORO REHAB was hired as a contractor at the premises.

14.    ALL-BORO REHAB was insured under an insurance agreement insured by ARCH, the ARCH Policy.

15.    ALL BORO GROUP was insured under the ARCH Policy.

16.    ALL-BORO CONSTRUCTION was insured under the ARCH Policy.

17.    Drexler Corp. was hired to perform construction work at the Premises as a subcontractor.

18.    Drexler Corp. was insured under Northland Insurance Company, Insurance Policy Number WS201958 ("Northland Policy").

19.    INTERIANO was an employee of Drexler at the date and time of the alleged incident.

20.    A lawsuit was originally filed on February 18, 2017 against ALL-BORO CONSTRUCTION, Jonathan Hoch and Henna Hoch in the Supreme Court of the State of New York, County of Queens under Index No. 702376/2017. A true and accurate copy of this Complaint is attached as **Exhibit A.**

21.    INTERIANO alleged that ALL-BORO CONSTRUCTION, Jonathan Hoch and Henna Hoch and/or their agents, servants, employees, contractors and/or subcontractors were negligent, careless, reckless and grossly negligent, which caused INTERIANO's injury and

3

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
INDEX NO. 616823/2022
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 11/30/2022

violated City and State of New York Statues including but not limited to Sections 200, 240, and 241(6) of the Labor Law and applicable sections of the New York State Industrial Code. INTERIANO further alleged that ALL-BORO CONSTRUCTION, Jonathan Hoch and Henna Hoch and/or their agents, servants, and/or employees violated Sections 200, 240 and 241(6) of the New York State Labor Law because they failed to ensure that the construction site provided reasonable and safe protection and safety to INTERIANO. *See* **Exhibit A.**

22.     ALL-BORO REHAB was not a named party in the lawsuit filed on February 18, 2017.

23.     ALL BORO GROUP was not a named party in the lawsuit filed on February 18, 2017.

24.     On May 12, 2017, counsel for INTERIANO filed a Motion for Default Judgment against ALL-BORO CONSTRUCTION, and Jonathan Hoch and Henna Hoch. A true and accurate copy of the Notice of Motion and Affirmation in Support of Motion for Default Judgment are attached as **Exhibit B.**

25.     On May 30, 2017, ARCH sent a letter correspondence to Northfield Insurance Company, a true and accurate copy of which is attached as **Exhibit C.**

26.     On June 9, 2017, Travelers sent a letter correspondence to ARCH, a true and accurate copy of which is attached as **Exhibit D.**

27.     On June 9, 2019, Travelers sent a letter correspondence to Northfield Insurance Company, a true and accurate copy of which is attached as **Exhibit E.**

28.     On June 23, 2017, Northfield Insurance Company sent a letter correspondence to ARCH, a true and accurate copy of which is attached as **Exhibit F.**

4

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM        INDEX NO. 616823/2022

NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 11/30/2022

29.     On June 23, 2017, Northfield Insurance Company sent a letter correspondence to Drexler, a true and accurate copy of which is attached as **Exhibit G.**

30.     On June 23, 2017, Northfield Insurance Company sent a letter correspondence to Travelers, a true and accurate copy of which is attached as **Exhibit H.**

31.     On July 20, 2017, ARCH sent a letter correspondence to All Boro Rehab Construction Corp. and All Boro Construction Group, Inc., a true and accurate copy of which is attached as **Exhibit I.**

32.     In the July 20, 2017 letter correspondence to ALL-BORO REHAB and/or ALL-BORO CONSTRUCTION, ARCH denied its duty to defend and/or indemnity ALL-BORO REHAB and/or ALL- BORO CONSTRUCTION, or any purported additional insured, under the ARCH Policy. *See* **Exhibit I.**

33.     In the July 20, 2017 letter correspondence to ALL-BORO REHAB and/or ALL-BORO CONSTRUCTION, ARCH advised:

> A review of the Arch Policy reveals that All Boro Construction is not a Named Insured and does not qualify as a Named Insured. Therefore there is no coverage for All Boro Construction under the Arch Policy.
>
> *See* **Exhibit I.**

34.     In the July 20, 2017 letter correspondence to ALL-BORO REHAB and/or ALL-BORO CONSTRUCTION, ARCH also advised:

> Although there is no formal suit pending against [All-Boro Rehab Construction Corp.], Arch would likely have no duty to defend or any obligation to indemnify [All-Boro Rehab Construction Corp.] in this matter under the Arch Policy based on

5

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 2

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

the New York Limitation Endorsement- Work Done On Your Behalf by Uninsured or Underinsured Subcontractors form.

*See* **Exhibit I.**

35.     On December 12, 2017, Judge Thomas D. Raffaele granted a default judgment in favor of INTERIANO against defendant All Boro Construction Group, Inc. and set the matter for an inquest for damages. A true and accurate copy of this December 12, 2017 Order granting default judgment is attached as **Exhibit J.**

36.     On or about September 11, 2018, ARCH sent a letter correspondence to Travelers, a true and accurate copy of which is attached as **Exhibit K.**

37.     On March 6, 2019, a stipulation of discontinuance as to Jonathan and Henna Hoch was filed, with prejudice. A true and accurate copy of this stipulation of discontinuance as to Jonathan and Henna Hoch is attached as **Exhibit L.**

38.     On October 3, 2019, INTERIANO filed a complaint against different defendants than those named in the 2017 complaint.

39.     The October 3, 2019 complaint was filed against ALL-BORO REHAB and ALL BORO GROUP in Supreme Court of the State of New York, County of Queens under Index No, 716989/2019. A true and accurate copy of the October 3, 2019 Complaint is attached as **Exhibit M.**

40.     The complaint filed under Index No. 716989/2019 was filed to name ALL-BORO REHAB and ALL BORO GROUP as defendants in the action arising out of INTERIANO's injuries that he sustained on or about February 6, 2017.

41.     Index No. 702376/2017 and Index No. 716989/2019 were consolidated under Index No. 702376/2017 (hereinafter referred to as "Underlying Action").

6

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM   INDEX NO. 616823/2022
NYSCEF DOC. NO. 2                                 RECEIVED NYSCEF: 11/30/2022

42.     On October 4, 2019, counsel for INTERIANO sent a letter correspondence to ALL BORO REHAB, a true and accurate copy of which is attached as **Exhibit N.**

43.     On October 17, 2019, counsel for INTERIANO sent a letter correspondence to ARCH, a true and accurate copy of which is attached as **Exhibit O.**

44.     The October 17, 2019 letter from counsel for INTERIANO to ARCH tendered the defense and indemnity obligations for the lawsuit filed on October 3, 2019 under Index No. 716989/2019 to ARCH. *See* **Exhibit O.**

45.     On October 17, 2019, counsel for the INTERIANO sent a letter correspondence to Amour Risk Management (hereinafter, "Armour"). *See* **Exhibit O.**

46.     The October 17, 2019 letter from counsel for INTERIANO to Armour tendered the defense and indemnity obligations for the lawsuit filed on October 3, 2019 under Index No. 716989/2019. *See* **Exhibit O.**

47.     Upon information and belief, Armour is a Third-Party Administrator for ARCH.

48.     On December 10, 2019, Armour sent a letter correspondence to counsel for INTERIANO regarding ALL BORO GROUP, a true and accurate copy of which is attached as **Exhibit P.**

49.     The December 10, 2019 letter correspondence asserted that ARCH declined coverage and liability as to the claims asserted against ALL BORO GROUP. *See* **Exhibit P.**

50.     Specifically, the December 10, 2019 letter from Armour to counsel for INTERIANO indicated:

> Please be advised that Arch has disclaimed coverage and denied liability as to the claims asserted against All Boro Group LLC on the ground that it is not an insured on the subject policy entitled to coverage thereunder.

51.    On January 20, 2020, Armour sent a letter correspondence to counsel for INTERIANO regarding ALL-BORO REHAB, a true and accurate copy of which is attached as **Exhibit Q.**

52.    In the January 20, 2020 letter correspondence from Armour to counsel for INTERIANO, Armour asserted that ARCH disclaimed coverage and denied liability as to the claims asserted against ALL- BORO REHAB.

53.    Specifically, the January 20, 2020 letter from Armour to counsel for INTERIANO indicated:

> Please be advised that Arch has disclaimed coverage and denied liability as to the claims asserted against All Boro Rehab in accordance with the terms of the subject policy's New York Limitation Endorsement- Work Done On Your Behalf By Uninsured Or Underinsured Subcontractors.

54.    The January 20, 2020 letter correspondence from Amour to counsel for INTERIANO regarding ALL-BORO REHAB was received over three (3) months after counsel for INTERIANO sent the October 17, 2019 letter tendering the claim and lawsuit to ARCH.

55.    On March 01, 2021, an Inquest was held before Judge Maureen A. Healy in the Underlying Action. A true and accurate copy of the transcript for the Inquest is attached hereto as **Exhibit R**

56.    On July 11, 2022, Judge Muir held that INTERIANO shall have and recover against Defendants ALL-BORO REHAB, ALL BORO GROUP., and ALL-BORO CONSTRUCTION in the sum of $1,500,000.00 for his past and future pain and suffering and his past and future lost wages.   A true and accurate copy of Judge Muir's order is attached as **Exhibit S.**

8

57.     Judge Muir also ordered that the damages are fixed, together with the costs of the action to be taxed by the clerk of the court. *See* **Exhibit S.**

58.     On August 18, 2022, the clerk of the court entered a judgment in the sum of $2,248,423.42. A true and accurate copy of that judgment is attached as **Exhibit T.**

59.     ARCH owes coverage to ALL-BORO CONSTRUCTION for the incident in the Underlying Action.

60.     ARCH owes coverage to ALL BORO GROUP for the incident in the Underlying Action.

61.     ARCH owes coverage to ALL-BORO REHAB for the incident in the Underlying Action.

62.     On August 25, 2022, counsel for the INTERIANO served ARCH with a copy of the of judgment. A true and accurate copy of the Judgment is attached as **Exhibit U.**

63.     On August 25, 2022, counsel for the INTERIANO served Armour with a copy of the judgment. *See* **Exhibit U.**

64.     On August 25, 2022, counsel for the INTERIANO served ALL-BORO REHAB, ALL BORO GROUP, and ALL-BORO CONSTRUCTION with a copy of the judgment. *See* **Exhibit U.**

65.     On August 25, 2022, counsel for the INTERIANO served Northland Insurance with a copy of the judgment. *See* **Exhibit U.**

66.     On August 25, 2022, counsel for the INTERIANO served Northfield Insurance Company with a copy of the judgment.  *See* **Exhibit U.**

67.     On August 25, 2022, counsel for the INTERIANO served Saul Bienenfeld, Esq. with a copy of the judgment. *See* **Exhibit U.**

9

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM   INDEX NO. 616823/2022

NYSCEF DOC. NO. 2   RECEIVED NYSCEF: 11/30/2022

68.   As of November 30, 2022, the judgement remains unsatisfied.

## THE ASSIGNMENT

69.   On or about February 25, 2020, ALL-BORO REHAB, ALL BORO GROUP, and ALL-BORO CONSTRUCTION assigned all rights to INTERIANO, including their transfer of all claims in the underlying action, including any judgements obtained by INTERIANO that ALL-BORO REHAB, ALL BORO GROUP, and ALL-BORO CONSTRUCTION have, may have, or could have against ARCH with respect to the Policy. A true and accurate copy of the fully executed Assignment Agreement is attached as **Exhibit V.**

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ARCH
### (Breach of Contract Against ARCH)

70.   Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint, with the same force and effect as though more fully set forth herein at length.

71.   Although the claims alleged in Plaintiff's Underlying Action fall within the insuring provisions of the ARCH Policy, and despite the fact that ALL-BORO REHAB has fully complied with the notice provisions of the ARCH Policy, as well as other conditions precedent, ARCH denied coverage to ALL-BORO REHAB.

72.   Although the claims alleged in Plaintiff's Underlying Action fall within the insuring provisions of the ARCH Policy, and despite the fact that ALL BORO GROUP has fully complied with the notice provisions of the Arch Policy, as well as other conditions precedent, ARCH denied coverage to ALL BORO GROUP.

73.   Although the claims alleged in Plaintiff's Underlying Action fall within the insuring provisions of the ARCH Policy, and despite the fact that ALL-BORO CONSTRUCTION has fully complied with the notice provisions of the Arch Policy, as well as other conditions precedent, ARCH denied coverage to ALL-BORO CONSTRUCTION.

10

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 11/30/2022

74.     On October 17, 2019, counsel for INTERIANO sent a letter correspondence to ARCH. *See* **Exhibit O**.

75.     The October 17, 2019 letter from counsel for INTERIANO to ARCH tendered the defense and indemnity obligations for the lawsuit filed on October 3, 2019 under Index No. 716989/2019 to ARCH. *See* **Exhibit O** .

76.     ARCH did not respond to the October 17, 2019 letter regarding ALL- BORO REHAB until January 20, 2020.

77.     In the January 20, 2020 letter correspondence, Armour asserted that ARCH disclaimed coverage and denied liability as to the claims asserted against ALL- BORO REHAB. *See* **Exhibit Q.**

78.     Specifically, the January 20, 2020 letter from Armour to counsel for INTERIANO indicated:

Please be advised that Arch has disclaimed coverage and denied liability as to the claims asserted against All Boro Rehab in accordance with the terms of the subject policy's New York Limitation Endorsement- Work Done On Your Behalf By Uninsured Or Underinsured Subcontractors.

*See* **Exhibit Q.**

79.     As such, ARCH did not give written notice of the denial of coverage as soon as was reasonably possible pursuant to New York Insurance Law 3420(d)(2).

80.     As such, ARCH breached New York Insurance Law 3420(d)(2)

81.     INTERIANO is the assignee of the rights of ALL-BORO CONSTRUCTION, ALL BORO GROUP, and ALL-BORO REHAB under the ARCH policy.

11

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 11/30/2022

82.    ARCH's denial of coverage to ALL-BORO REHAB in the Underlying Action, although duly demanded, constitutes a breach of contract.

83.    ARCH's denial of coverage to ALL BORO GROUP in the Underlying Action, although duly demanded, constitutes a breach of contract.

84.    ARCH's denial of coverage to ALL-BORO CONSTRUCTION in the Underlying Action, although duly demanded, constitutes a breach of contract.

85.    Furthermore, as a result of ARCH's breach of contract, INTERIANO's assignors were therefore damaged by ARCH's breach of contract in the amount of $2,248,423.42 as well as the costs and fees associated with the defense of the actions.

86.    Plaintiff is therefore entitled to judgment against ARCH in the amount of $2,248,423.42 including costs, fees and interest.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ARCH
**(New York Insurance Law Section 3420(a)(2))**

87.    Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint, with the same force and effect as though more fully set forth herein at length.

88.    On December 12, 2017, Judge Thomas D. Raffaele granted a default judgment in favor of INTERIANO against defendant All Boro Construction Group, Inc. on the issue of liability and set the matter for an inquest for damages. *See* **Exhibit J.**

89.    On March 1, 2021, an Inquest was held before Judge Maureen A. Healy in the Underlying Action. *See* **Exhibit R.**

90.    On July 11, 2022, Judge Muir held that INTERIANO shall have and recover against Defendants ALL-BORO REHAB CONSTRUCTION, ALL BORO GROUP, and ALL-BORO CONSTRUCTION in the sum of $1,500,000.00 for his past and future pain and suffering and his past and future lost wages. *See* **Exhibit S.**

12

91.     On August 18, 2022, the clerk of the court entered a judgment in the sum of $2,248,423.42. *See* **Exhibit T.**

92.     On August 25, 2022, counsel for INTERIANO served ARCH with a copy of the judgment. *See* **Exhibit U.**

93.     On August 25, 2022, counsel for INTERIANO served ALL-BORO REHAB, ALL BORO GROUP, ALL-BORO CONSTRUCTION with a copy of the judgment. *See* **Exhibit U.**

94.     The judgement is for injuries covered under the ARCH Policy.

95.     The judgement remains unsatisfied for more than thirty days after service of notice of entry.

Plaintiff seeks an entry of judgement against ARCH under the terms of the Policy for $2,248,423.42 including fees, costs and interest.

## AS FOR A THIRD CAUSE OF ACTION AGAINST ARCH
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

96.     Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint, with the same force and effect as though more fully set forth herein at length.

97.     By agreement dated February 25, 2020, INTERIANO is the assignee of all rights of ALL-BORO REHAB, ALL BORO GROUP, and ALL-BORO CONSTRUCTION against ARCH.

98.     The Underlying Action was duly tendered to ARCH on or before May 30, 2019 and on October 17, 2019.

99.     ARCH denied coverage under the ARCH Policy and did not defend or indemnify ALL-BORO REHAB in the Underlying Action. *See* **Exhibits I and Q.**

13

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 2                                           RECEIVED NYSCEF: 11/30/2022

100.    ARCH denied coverage under the ARCH Policy and did not defend or indemnify ALL BORO GROUP in the Underlying Action. *See* **Exhibit I and P.**

101.    ARCH denied coverage under the ARCH Policy and did not defend or indemnify ALL-BORO CONSTRUCTION in the Underlying Action. *See* **Exhibit I.**

102.    In every contract of insurance, including the ARCH Policy, there is an implied covenant of good faith and fair dealing in that the insurer will do nothing to unfairly deprive the insured of the benefits of the contract or to place its own interest before the interest of the insured. ARCH was at all times materially bound to said implied covenant of good faith and fair dealing.

103.    In the course of denying coverage and failing and/or refusing to pay on ALL-BORO REHAB's behalf, ARCH breached the implied covenant of good faith and fair dealing.

104.    In the course of denying coverage and failing and/or refusing to pay on ALL BORO GROUP's behalf, ARCH breached the implied covenant of good faith and fair dealing.

105.    In the course of denying coverage and failing and/or refusing to pay on ALL-BORO CONSTRUCTION'S behalf, ARCH breached the implied covenant of good faith and fair dealing.

106.    ARCH engaged in the above course of conduct for the purpose of placing its own interests above those of ALL-BORO REHAB, its insured, and of withholding from ALL-BORO REHAB the rights and benefits to which they are entitled under the ARCH policy.

107.    ARCH engaged in the above course of conduct for the purpose of placing its own interests above those of ALL BORO GROUP, its insured, and of withholding from ALL BORO GROUP the rights and benefits to which they are entitled under the ARCH policy.

108.    ARCH engaged in the above course of conduct for the purpose of placing its own interests above those of ALL-BORO CONSTRUCTION, its insured, and of withholding from

14

ALL-BORO CONSTRUCTION the rights and benefits to which they are entitled under the ARCH policy.

109.    As a proximate result of ARCH'S breaches, ALL-BORO REHAB has been damaged in that it has not been afforded the benefit of the policy of insurance for which ALL-BORO REHAB paid valuable premiums.

110.    As a proximate result of ARCH'S breaches, ALL BORO GROUP has been damaged in that it has not been afforded the benefit of the policy of insurance for which ALL BORO GROUP, paid valuable premiums.

111.    As a proximate result of ARCH'S breaches, ALL-BORO CONSTRUCTION has been damaged in that it has not been afforded the benefit of the policy of insurance for which ALL-BORO CONSTRUCTION paid valuable premiums.

112.    ARCH, in bad faith, denied coverage and did not indemnify or defend ALL-BORO REHAB in the Underlying Action.  ARCH'S conduct as alleged was despicable, oppressive and fraudulent, and was performed with a conscious disregard of ALL-BORO REHAB's rights, thereby justifying exemplary and punitive damages against ARCH in an amount sufficient to punish it for the severity of its conduct, to make an example of it and to deter such conduct in the future.

113.    ARCH, in bad faith, denied coverage and did not indemnify or defend ALL BORO GROUP in the Underlying Action.  ARCH'S conduct as alleged was despicable, oppressive and fraudulent, and was performed with a conscious disregard of ALL BORO GROUP's rights, thereby justifying exemplary and punitive damages against ARCH in an amount sufficient to punish it for the severity of its conduct, to make an example of it and to deter such conduct in the future.

15

114.    ARCH, in bad faith, denied coverage and did not indemnify or defend ALL- BORO CONSTRUCTION in the Underlying Action.   ARCH'S conduct as alleged was despicable, oppressive and fraudulent, and was performed with a conscious disregard of ALL-BORO CONSTRUCTION's rights, thereby justifying exemplary and punitive damages against ARCH in an amount sufficient to punish it for the severity of its conduct, to make an example of it and to deter such conduct in the future.

**WHEREFORE,** Plaintiff respectfully request that this Honorable Court enter judgment in their favor as follows:

A.    On the FIRST Cause of Action, an entry of judgement against ARCH that ARCH must pay the judgment and award of $2,248,423.42, as determined by the inquest including costs, attorneys' fees and interest as well as all attorney's fees and costs expended in the defense of its insureds;

B.    On the SECOND Cause of Action, an entry of judgement against ARCH an entry of judgment that ARCH must pay the judgement and award of $2,248,423.42, as determined by the inquest including costs, attorneys' fees and interest as well as all attorney's fees and costs expended in the defense of its insureds;

C.    On the THIRD Cause of Action, exemplary and punitive damages against ARCH in an amount sufficient to punish it for the severity of its conduct, to make an example of it and to deter such conduct in the future;

D.    Awarding Plaintiff any recoverable costs of this action, including disbursements, reasonable attorney's fees, and pre and post judgment interest in this action; and

E.    For such other relief as this Court deems just and proper.

16

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 22 of 209 PageID #: 599

Dated: New York, New York
November 30, 2022

**VOGRIN & FRIMET, LLP**

BY: _____

George J. Vogrin
150 Broadway, Suite 1200
New York, NY 10038
Tel: 212-513-1075
gvogrin@vogrinfrimet.com
*Attorneys for Plaintiff*

17

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 3    RECEIVED NYSCEF: 11/30/2022

# EXHIBIT A

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 3

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM
NYSCEF DOC. NO. 1

INDEX NO. 702376/2017
RECEIVED NYSCEF: 02/18/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
JUAN CARLOS INTERIANO

                        Plaintiff(s),

    - against -

ALL BORO CONSTRUCTION GROUP, INC., JONATHAN
HOCH and HENNA HOCH

                        Defendant(s).
-------------------------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff(s) designate(s)
QUEENS
County as the place of trial

The basis of the venue is
Defendants' residence

**SUMMONS**

## TO THE ABOVE NAMED DEFENDANTS

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Notice: The nature of this action is Personal Injuries.

The relief sought is as follows:

A sum which exceeds the jurisdictional limits of all lower Courts; together with the costs, disbursements and interest relating to each cause of action;

Dated: Garden City, New York
       February 18, 2017

                              RAYMOND ARDITO, ESQ.
                              ARDITO LAW FIRM, P.C.
                              Attorneys for Plaintiff(s)
                              100 Quentin Roosevelt Boulevard, Suite 209
                              Garden City, New York 11530
                              (516) 531-7007

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM   INDEX NO. 616823/2022
NYSCEF DOC. NO. 3                                  RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM    INDEX NO. 702376/2017
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 02/18/2017

TO:

ALL BORO CONSTRUCTION GROUP, INC.
260 Doughty Boulevard
Inwood, NY 11096

JONATHAN HOCH and HENNA HOCH
72-41 141st Street
Flushing, NY 11367

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM     INDEX NO. 616823/2022
NYSCEF DOC. NO. 3                                    RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM     INDEX NO. 702376/2017
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/18/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------------X

JUAN CARLOS INTERIANO,                              Index No.:

               Plaintiff(s),

     -against-                                     **COMPLAINT**

ALL BORO CONSTRUCTION GROUP, INC.,
JONATHAN HOCH and HENNA HOCH

               Defendant(s).
-----------------------------------------------------------------------------X

Plaintiff, by his attorneys, **ARDITO LAW FIRM, PC,** as and for his Complaint herein,

respectfully alleges, upon information and belief, the following:

### AS AND FOR A FIRST CAUSE OF ACTION

1.     At all times hereinafter mentioned, defendant ALL BORO CONSTRUCTION

GROUP, INC. was and still is a domestic business corporation organized and existing under and

by virtue of the laws of the State of New York.

2.     At all times hereinafter mentioned, defendant, ALL BORO CONSTRUCTION

GROUP, INC., its agents, servants and/or employees, operated the premises located at 72-72

141st Street, Flushing, NY.

3.     At all times hereinafter mentioned, defendant, ALL BORO CONSTRUCTION

GROUP, INC., its agents, servants and/or employees, maintained the premises located at 72-72

141st Street, Flushing, NY.

4.     At all times hereinafter mentioned, defendant, ALL BORO CONSTRUCTION

GROUP, INC., its agents, servants and/or employees, controlled the premises located at 72-72

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 696823/2022
NYSCEF DOC. NO. 3                                    RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM    INDEX NO. 702376/2017
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/18/2017

141st Street, Flushing, NY.

5.     At all times hereinafter mentioned, defendant, ALL BORO CONSTRUCTION GROUP, INC., its agents, servants and/or employees, managed the premises located at 72-72 141st Street, Flushing, NY.

6.     At all times hereinafter mentioned, defendant, ALL BORO CONSTRUCTION GROUP, INC., its agents, servants and/or employees, supervised the premises located at 72-72 141st Street, Flushing, NY.

7.     At all times hereinafter mentioned, defendant, JONATHAN HOCH, was and still is the owner of the premises located at 72-72 141st Street, Flushing, NY.

8.     At all times hereinafter mentioned, defendant, JONATHAN HOCH, was and still is the lessor of the premises located at 72-72 141st Street, Flushing, NY.

9.     At all times hereinafter mentioned, defendant, JONATHAN HOCH, was and still is the lessee of the premises located at 72-72 141st Street, Flushing, NY.

10.     At all times hereinafter mentioned, defendant, JONATHAN HOCH, his agents, servants and/or employees, operated the premises located at 72-72 141st Street, Flushing, NY.

11.     At all times hereinafter mentioned, defendant, JONATHAN HOCH, his agents, servants and/or employees, maintained the premises located at 72-72 141st Street, Flushing, NY.

12.     At all times hereinafter mentioned, defendant, JONATHAN HOCH, his agents, servants and/or employees, controlled the premises located at 72-72 141st Street, Flushing, NY.

13.     At all times hereinafter mentioned, defendant, JONATHAN HOCH, his agents, servants and/or employees, managed the premises located at 72-72 141st Street, Flushing, NY.

14.     At all times hereinafter mentioned, defendant, JONATHAN HOCH, his agents,

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 3
INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM
NYSCEF DOC. NO. 1
INDEX NO. 702376/2017
RECEIVED NYSCEF: 02/18/2017

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 28 of 209 PageID #: 543

servants and/or employees, supervised the premises located at 72-72 141st Street, Flushing, NY.

15.    At all times hereinafter mentioned, defendant, HENNA HOCH, was and still is the owner of the premises located at 72-72 141st Street, Flushing, NY.

16.    At all times hereinafter mentioned, defendant, HENNA HOCH, was and still is the lessor of the premises located at 72-72 141st Street, Flushing, NY.

17.    At all times hereinafter mentioned, defendant, HENNA HOCH, was and still is the lessee of the premises located at 72-72 141st Street, Flushing, NY.

18.    At all times hereinafter mentioned, defendant, HENNA HOCH, her agents, servants and/or employees, operated the premises located at 72-72 141st Street, Flushing, NY.

19.    At all times hereinafter mentioned, defendant, HENNA HOCH, her agents, servants and/or employees, maintained the premises located at 72-72 141st Street, Flushing, NY.

20.    At all times hereinafter mentioned, defendant, HENNA HOCH, her agents, servants and/or employees, controlled the premises located at 72-72 141st Street, Flushing, NY.

21.    At all times hereinafter mentioned, defendant, HENN HOCH, her agents, servants and/or employees, managed the premises located at 72-72 141st Street, Flushing, NY.

22.    At all times hereinafter mentioned, defendant, HENNA HOCH, her agents, servants and/or employees, supervised the premises located at 72-72 141st Street, Flushing, NY.

23.    On February 6, 2017, in connection with his employment, plaintiff, JUAN CARLOS INTERIANO, was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

24.    On February 6, 2017, while plaintiff JUAN CARLOS INTERIANO was lawfully

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022

NYSCEF DOC. NO. 3

FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM    INDEX NO. 702376/2017

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/30/2022

RECEIVED NYSCEF: 02/18/2017

present and/or working at the job site at the aforementioned premises, he was caused to be injured.

25.    As a result of the incident, plaintiff was caused to sustain serious, severe and permanent personal injuries.

26.    The foregoing was caused by the negligence, carelessness, recklessness and gross negligence of defendants, their agents, servants, employees, contractors and/or subcontractors in the ownership, operation, maintenance, repair, design, engineering, construction, inspection, supervision, use and/or control of the aforementioned premises; in failing to properly design, engineer, maintain, construct, repair, inspect, operate, control, supervise and/or use the aforementioned premises; in the negligent, careless, reckless and grossly negligent operation, control, repair, design, maintenance, inspection, engineering, supervision, use and/or construction of said premises; in failing to place appropriate safety devices at the aforementioned premises; in failing to properly and/or safely operate equipment at the aforementioned premises; in failing to properly and/or safely operate machinery at the aforementioned premises; in allowing said machinery to become and remain in a dangerous, defective, unsafe, and/or malfunctioning condition; in causing said machinery to become and remain in a dangerous, defective, unsafe and/or malfunctioning condition; in failing to provide properly functioning machinery at the aforementioned premises; in failing to provide a properly maintained workplace; in failing to post adequate warnings of the w dangerous, defective, unsafe, and malfunctioning condition of said machinery at the aforementioned premises; in failing to create a condition whereby persons could safely work at and/or travel over said premises; in creating hazardous and dangerous condition(s) to persons working at and/or traversing said premises; in

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 30 of 209 PageID

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 3
FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM
NYSCEF DOC. NO. 1

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022
INDEX NO. 702376/2017
RECEIVED NYSCEF: 02/18/2017

causing, permitting and allowing the aforementioned premises to remain in a hazardous,

dangerous and/or defective condition in spite of adequate notice; in causing, permitting and

allowing the aforementioned machinery to remain in a dangerous, defective, unsafe, and/or

malfunctioning condition in spite of adequate notice; in creating the aforementioned hazardous,

dangerous and/or defective condition on, at or near the aforementioned premises; in negligently

maintaining repairing, operating, controlling, supervising, designing, using and/or constructing

the aforementioned premises, in a hazardous, dangerous and/or defective manner so as to

constitute a nuisance, danger and/or hazard; in negligently maintaining repairing, operating,

controlling, supervising, using and/or operating the aforementioned machinery so as to constitute

a nuisance, danger and/or hazard; in maintaining, repairing, operating, controlling, supervising,

designing, using and/or constructing said premises with inadequate safety warnings, signs,

barricades and/or devices in place; in maintaining repairing, operating, controlling, supervising,

using and/or operating said machinery with inadequate safety warnings, signs, barricades and/or

devices in place; in using, utilizing and or deriving a benefit and/or special use from said

premises with inadequate safety warnings, signs, barricades and/or devices in place; in using,

utilizing and or deriving a benefit and/or special use from said premises while maintaining same

in a hazardous, dangerous, worn, misleveled and/or defective manner so as to constitute a

nuisance, danger and/or hazard; in causing and permitting a nuisance, danger and/or hazard to

exist at the premises; in failing to make proper and/or timely inspections of said premises and/or

machinery; in causing and permitting the conditions to exist which brought about the events

complained of; in forcing plaintiff into a position of danger; in causing and/or permitting hazards

and risks to exist; in causing and permitting hazards and risks to exist at the time and place

complained of; in failing to post caution signs and/or warning signs alerting persons, and more specifically, plaintiff herein, of the severe, dangerous, hazardous and/or defective conditions existing at the premises; in failing to conduct engineering studies; in failing to conduct proper engineering studies; in failing to properly conduct engineering studies; in failing to conduct safety studies; in failing to conduct proper safety studies; in failing to properly conduct safety studies; in ignoring the results and information gained from studies performed; in failing to implement safety plans; in failing to make proper and timely inspections; in failing to provide proper safeguards; in negligently hiring, training, instructing and/or supervising their agents, servants, employees, engineers, contractors and/or subcontractors; in failing to remedy and/or correct the dangerous, defective and/or hazardous conditions existing on, at and/or near the aforementioned premises after reasonable notice of the existence of the aforementioned dangerous, defective and/or hazardous conditions; in failing to remedy and/or correct the dangerous, defective, unsafe, and/or malfunctioning machinery after reasonable notice of the existence of the dangerous, defective, unsafe, and/or malfunctioning nature of said machinery; in failing to implement and/or formulate a proper safety plan for the aforementioned premises; in failing to provide plaintiff with a safe place to work; in causing and/or permitting unsafe, dangerous and hazardous conditions to exist at the job site of the aforementioned premises, which constituted a danger, nuisance and/or menace to the safety of the plaintiff; in failing to take the necessary steps and measures to protect the life and safety of the plaintiff; in causing the plaintiff to work and to be employed in an unsafe, dangerous and/or hazardous place without the benefit of adequate and appropriate protection for his safety and welfare; in providing the plaintiff with a work station and/or work area which was inadequate; in failing to furnish and

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 32 of 209 PageID

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022
INDEX NO. 702376/2017
RECEIVED NYSCEF: 02/18/2017

provide adequate safety devices for plaintiff during the performance of plaintiff's duties; in

failing to furnish and/or provide safe and proper devices and/or equipment necessary to give

proper protection to plaintiff in the performance of plaintiff's job duties; in failing to construct,

shore, equip, place, guard, arrange and maintain the job site at the aforementioned premises so as

to give proper protection to the plaintiff; in violating pertinent codes, rules, statutes,

promulgations, ordinances and regulations of the City and State of New York including but not

limited to §§ 200, 240 and 241(6) of the Labor Law and applicable sections of the New York

State Industrial Code; in failing to give warning or notice to the plaintiff of the unsafe,

dangerous, hazardous conditions existing at the job site; in failing to adequately and properly

inspect the job site; in failing to provide the plaintiff with proper, adequate and competent

supervision; in failing to construct, shore, equip, place, guard, arrange and maintain the job site

free of obstructions and/or conditions which presented a danger to plaintiff; and in being

otherwise reckless, careless and negligent in operating, equipping, arranging, guarding,

constructing and maintaining the job site and machinery at the aforementioned premises.

Defendants, their agents, servants, employees, contractors and/or subcontractors caused the

aforementioned conditions, and failed to correct them, causing grave, severe and serious personal

injuries, as well as additional damages to the plaintiff. Defendants, their agents, servants,

employees, contractors and/or subcontractors, had notice of the aforementioned conditions, and

in any event, should have had notice of the aforementioned conditions, and failed to correct

them, causing grave, severe and serious personal injuries, as well as additional damages to the

plaintiff.  Defendants, their agents, servants, employees, contractors and/or subcontractors

violated pertinent codes, rules, statutes, promulgations, ordinances and regulations of the City

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 3
INDEX NO. 698823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM
NYSCEF DOC. NO. 1
INDEX NO. 702376/2017
RECEIVED NYSCEF: 02/18/2017

and State of New York including but not limited to §§ 200, 240 and 241(6) of the Labor Law and applicable sections of the New York Industrial Code, causing grave, severe and serious personal injuries, as well as additional damages to the plaintiff.

27.     As a result of the aforementioned incident, plaintiff was caused to suffer severe and permanent personal injuries; and plaintiff was otherwise damaged.

28.     The foregoing accident and the injuries and damages resulting therefrom were caused solely by reason of the careless, reckless and negligent conduct of defendants, their agents, servants and/or employees, and were in no manner caused by any negligence or carelessness on the part of plaintiff, JUAN CARLOS INTERIANO.

29.     This action falls within one or more exemptions set forth in CPLR §1602.

## AS AND FOR A SECOND CAUSE OF ACTION

30.     Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

31.     On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

32.     At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

33.     At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 3

FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM
NYSCEF DOC. NO. 1

INDEX NO. 606823/2022
RECEIVED NYSCEF: 11/30/2022
INDEX NO. 702376/2017
RECEIVED NYSCEF: 02/18/2017

34.     At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 240 of the New York State Labor Law.

35.     By reason of the failure of defendants, their agents, servants and/or employees, to comply with Section 240 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

## AS AND FOR A THIRD CAUSE OF ACTION

36.     Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

37.     On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

38.     At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

39.     At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

40.     At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 241 of the New York State Labor Law.

41.     By reason of the failure of defendants, their agents, servants and/or employees, to comply with Section 241 of the New York State Labor Law, plaintiff was caused to suffer serious

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 3
INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 02/18/2017 09:45 AM
NYSCEF DOC. NO. 1
INDEX NO. 702376/2017
RECEIVED NYSCEF: 02/18/2017

and severe permanent injuries; and plaintiff was otherwise damaged.

## AS AND FOR A FOURTH CAUSE OF ACTION

42.     Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

43.     On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

44.     At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

45.     At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

46.     At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 200 of the New York State Labor Law.

47.     By reason of the failure of defendants, their agents, servants and/or employees, to comply with Section 200 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

**WHEREFORE,** plaintiff demands judgment against defendants in a sum which exceeds the jurisdictional limits of all lower courts; together with the costs, disbursements and interest

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 36 of 209 PageID #:

relating to each this action and for such other and further relief as this court may deem just and

proper.

Dated:  Garden City, NY
        February 18, 2017

Yours, etc.

**RAYMOND ARDITO, ESQ.**
**ARDITO LAW FIRM, P.C.**
Attorneys for Plaintiff
100 Quentin Roosevelt Boulevard, Suite 209
Garden City, New York 11530
(516) 531-7007

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM   INDEX NO. 616823/2022

NYSCEF DOC. NO. 24   RECEIVED NYSCEF: 11/30/2022

# EXHIBIT V

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM          INDEX NO. 616823/2022

NYSCEF DOC. NO. 24                                        RECEIVED NYSCEF: 11/30/2022

## ASSIGNMENT AGREEMENT

This Assignment Agreement (hereinafter referred to as the "AGREEMENT") is made and entered into by and between the following parties: Juan Carlos Interiano (hereinafter referred to as "PLAINTIFF") and All-Boro Rehab Construction Corp., All Boro Group, LLC, and All-Boro Construction Group, Inc. (hereinafter referred to as "DEFENDANTS"). These individuals and entities shall hereinafter be referred to collectively as "PARTIES".

## RECITALS

WHEREAS, a dispute between the PARTIES has arisen which is the subject matter of a suit venued in the Supreme Court of the State of New York, County of Queens under Index No. 702376/17 and Index No. 716989/19, and which have been consolidated under Index No. 702376/17 (hereinafter referred to as the "ACTION");

WHEREAS, the ACTION arises out of an injury suffered by PLAINTIFF on February 6, 2017 at premises located at 72-72 141st street, Flushing, NY;

WHEREAS, the ACTION was filed by PLAINTIFF seeking damages arising from that injury, and an Inquest against defendants All-Boro Rehab Construction Corp., All Boro Group, LLC is currently pending;

WHEREAS, DEFENDANTS are insured under insurance agreement(s) issued by Arch Specialty Insurance Company (hereinafter ARCH), under policy number AGL0032630-01;

WHEREAS, the ACTION was tendered to ARCH seeking defense and indemnity for DEFENDANTS;

WHEREAS, PLAINTIFF and DEFENDANTS assert that DEFENDANTS are entitled to full indemnification and recovery of any indemnity, fees and costs in accordance with the insurance policies issued by ARCH, but that ARCH has disclaimed coverage to DEFENDANTS, its insureds under the policies;

WHEREAS, PLAINTIFF has obtained default judgments against DEFENDANTS in the ACTION;

WHEREAS, DEFENDANTS wish to assign their rights and all claims for insurance coverage and damages for breach of the insurance agreements that they have, or may have, against ARCH with respect to its breach of the insurance agreements with DEFENDANTS arising out of or in any way related to the ACTION;

WHEREAS, the PARTIES wish to resolve all differences among them arising out of or in any way concerning, connected with or pertaining to the ACTION to the extent that DEFENDANTS will not intervene in PLAINTIFF'S inquest against defendants All-Boro Rehab Construction Corp. and All Boro Group, LLC, nor seek a vacatur of the default judgments against defendants All-Boro Rehab Construction Corp., All Boro Group, LLC, and All-Boro Construction Group, Inc.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM INDEX NO. 616823/2022
NYSCEF DOC. NO. 24                                          RECEIVED NYSCEF: 11/30/2022

# AGREEMENT

NOW, THEREFORE, in consideration of ten dollars, the promises contained in this AGREEMENT, and such other good and valuable consideration, the receipt and sufficiency of which is acknowledged by DEFENDANTS, the PARTIES agree as follows:

## 1. Recitals

The above Recitals are made part of this AGREEMENT.

## 2. Consideration for Assignment

DEFENDANTS hereby assign, grant and transfer unconditionally and irrevocably to PLAINTIFF all of DEFENDANTS' right, title and interest in and to any and all claims, choses in action, causes of action, and rights to enforce certain policies of insurance issued by ARCH with respect to the rights of DEFENDANTS thereunder including, without limitation, the DEFENNDANTS' rights to be indemnified and/or held harmless from and against PLAINTIFF's claims in the ACTION, including any judgment(s) obtained by PLAINTIFF in the ACTION. The insurance policies include, but are not limited to, the Commercial General Liability Policy issued by ARCH under policy No. AGL0032630-01, This Assignment includes DEFENDANT's transfer to PLAINTIFF of any and all claims that the DEFEDNANTS have, may have, or could have against Arch with respect to the insurance policies without limitation. These claims include, but are not limited to, all claims arising out of or in any way related to DEFENDANT's claim for coverage under the Arch insurance agreements and any and all claims, causes of action or damages flowing from Arch's actions in relation to such claims, whether founded on contract or tort, to the fullest extent permitted by law. PLAINTIFF is hereby subrogated to the position of DEFENDANTS as to the claims against Arch, and any rights under the insurance agreements with Arch. Further, DEFENDANTS agree that PLAINTIFFS may further assign this assignment to any other parties, at its sole discretion and without further consent from or consideration to DEFENDANTS.

DEFENDANTS warrant and represent that the aforementioned rights, title and interests are free from all liens, encumbrances or adverse claims.

Prior to signing this Agreement, DEFENDANTS shall deliver to PLAINTIFF sufficient factual evidence via declaration and exhibits to demonstrate that DEFENDANTS do not have other insurance coverage for the claims alleged in the ACTION.

## 3. Assignment Not the Product of Collusion or Fraud

The PARTIES acknowledge and agree that the assignment contemplated by this AGREEMENT is made in good faith and is not the product of any collision or fraud on the part of the PARTIES, but rather, is a result of DEFENDANTS' inability to pay for a judgement commensurate with its total exposure for this ACTION due to a lack of insurance coverage and/or assets available to DEFENDANTS;

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022

NYSCEF DOC. NO. 24    RECEIVED NYSCEF: 11/30/2022

### 4. Waiver of costs and fees.

All PARTIES shall bear their own attorneys' fees and costs with respect to the matters herein.

### 5. Non-Enforcement Against Assets/Income

In consideration of DEFENDANTS' full and timely performance hereunder and the execution, delivery and performance of this AGREEMENT, PLAINTIFF agrees to unconditionally forbear collection of any Judgment entered in the ACTION from the assets and/or income of DEFENDANTS, and/or their heirs, successors, assigns and/or any entities in which the DEFENDANTS have any interest, either now or in the future. Nothing contained in this AGREEMENT shall constitute a waiver or release of PLAINTIFF's or DEFENDANTS' right to assert any claims, or rights of action against ARCH.

### 6. Cooperation

DEFENDANTS agree to cooperate in any way necessary to effectuate this assignment including but not limited to, cooperating fully with PLAINTIFF in any suit or other proceeding to enforce these claims and rights by allowing access to witnesses and/or documents, and producing and/or executing any documents as is necessary to prosecute the action or perfect any rights or remedies in connection with the aforementioned ARCH policy.

## GENERAL PROVISIONS

### 1. Assumption of Risk.

It is understood by the PARTIES that the facts with respect to which this AGREEMENT is hereby given may turn out to be other than, or different from, the facts now believed by the PARTIES to exist at the time of this AGREEMENT. The PARTIES expressly assume this risk and declare and represent that each of the PARTIES has investigated the facts as each deems necessary, have been represented by counsel, and have not relied and do not rely upon any promise or representation made by anyone concerning the subject matter of the AGREEMENT. The PARTIES agree that the foregoing AGREEMENT shall in all respects be effective and not subject to termination or rescission because of any such mistaken belief.

### 2. Entire Agreement

With respect to the ACTION, the PARTIES further declare and represent that no compromise, inducement, or agreement not herein expressed has been made by any party hereto, and that this AGREEMENT contains the entire agreement and understanding between the parties hereto, and that the terms of this AGREEMENT are contractual and not mere recitals. This AGREEMENT shall supersede any and all prior agreements made between the PARTIES.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM        INDEX NO. 616823/2022
NYSCEF DOC. NO. 24                                     RECEIVED NYSCEF: 11/30/2022

### 3. Agreement Executed in Counterparts

This AGREEMENT may be executed in counterparts and shall be effective when fully signed. This AGREEMENT shall be approved as to form and content by counsel for the PARTIES. In the event that an executed original signed by any party is transmitted by facsimile, electronic mail or photocopied, a received facsimile transmission, electronic mail document or photocopy of the AGREEMENT shall constitute an "original" and shall be fully effective and binding as to the signatory.

### 4. Governing Law

This AGREEMENT shall be construed and interpreted in accordance with the laws of the State of New York.

### 5. Successors in Interest.

This AGREEMENT shall be binding upon and inure to the benefit of the PARTIES hereto and their respective agents, heirs, representatives, successors, assigns, servants, employees, officers, directors, attorneys, and predecessors.

### 6. No Third-Party Beneficiaries

Nothing herein shall vest any right or interest in any third party. No third party shall have any right to enforce or receive and consideration by virtue of this AGREEMENGT. Nothing in this AGREEMENT shall operate to reduce or eliminate any liability of any third party.

### 7. Modifications

Any changes hereto shall be made only in writing and shall only become effective and enforceable upon a writing being signed by all PARTIES.

### 8. Authority

PLAINTIFF and DEFENDANTS represent that they are authorized, and have the power to enter into this AGREEMENT, and each party agrees to be bound by this AGREEMENT.

### 9. Severability

In the event that any court holds any provision, term, covenant, or condition of this AGREEMENT to be invalid, then any such invalidity shall not affect any other term, covenant, or condition and the remaining provisions of this AGREEMENT shall be given full force and effect pursuant to the laws of the State of New York unless such invalid term, covenant, or condition is a material part of this AGREEMENT.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022

NYSCEF DOC. NO. 24                                              RECEIVED NYSCEF: 11/30/2022

## 10. Cooperation and Performance

The PARTIES agree to fully cooperate and execute any and all supplementary documents and to take all additional actions which may be necessary to give full force and effect to the basic terms and intent of this AGREEMENT. The PARTIES further agree not to take any action which would interfere with the performance of this AGREEMENT by any other party hereto or which would adversely affect any of the rights provided for herein.

THE UNDERSIGNED HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND IT.

IN WITNESS HEREOF, the parties have hereto executed this AGREEMENT as of the date indicated below.

Dated: _____, 2020

_____
JUAN CARLOS INTERIANO

Dated: _2/25_____, 2020

_____
ALL-BORO REHAB CONSTRUCTION CORP.

Dated: _2/25_____, 2020

_____
ALL BORO GROUP, LLC

Dated: _2/25_____, 2020

_____
ALL BORO CONSTRUCTION GROUP, INC.

5

Case 2:23-cv-00238-PKC-AYS Document 15-3 Filed 04/28/23 Page 43 of 209 PageID #: 660

**10. Cooperation and Performance**

The PARTIES agree to fully cooperate and execute any and all supplementary documents and to take all additional actions which may be necessary to give full force and effect to the basic terms and intent of this AGREEMENT. The PARTIES further agree not to take any action which would interfere with the performance of this AGREEMENT by any other party hereto or which would adversely affect any of the rights provided for herein.

THE UNDERSIGNED HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND IT.

IN WITNESS HEREOF, the parties have hereto executed this AGREEMENT as of the date indicated below.

Dated: _j_____, 2020

_Juan C. Interiano_
JUAN CARLOS INTERIANO


Dated: _2/25_____, 2020


ALL-BORO REHAB CONSTRUCTION CORP.


Dated: _2/25_____, 2020


ALL BORO GROUP, LLC

Dated: _2/25_____, 2020


ALL BORO CONSTRUCTION GROUP, INC.

5

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM   INDEX NO. 616823/2022
NYSCEF DOC. NO. 4                                    RECEIVED NYSCEF: 11/30/2022

# EXHIBIT B

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 698823/2022
NYSCEF DOC. NO. 4    RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 05/12/2017 02:11 PM    INDEX NO. 702376/2017
NYSCEF DOC. NO. 5    RECEIVED NYSCEF: 05/12/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------------X

JUAN CARLOS INTERIANO,                         Index No.: 702376/17

                            Plaintiff,

        -against-                              **NOTICE OF MOTION**

ALL BORO CONSTRUCTION GROUP, INC.,
JONATHAN HOCH and HENNA HOCH

                            Defendant(s).

------------------------------------------------------------------X

   **PLEASE TAKE NOTICE,** that upon the annexed affirmation of RAYMOND ARDITO,

ESQ. duly affirmed on May 12, 2017, together with the Exhibits annexed thereto, and upon all

the pleadings and proceedings heretofore had herein, the undersigned will move this Court,

Supreme Court, Queens County, located at 88-11 Sutphin Boulevard, Jamaica, NY, 11435 at the

Centralized Motion Part, Courtroom 25, on June 9, 2017, at 11:00 p.m. o'clock in the forenoon

of that day, or as soon thereafter as counsel can be heard for an Order:

   1)      Pursuant to CPLR § 3215 (a) and (b), directing a default judgment and an

assessment of damages against defendants ALL BORO CONSTRUCTION GROUP, INC.,

JONATHAN HOCH and HENNA HOCH; and

   2)      For such other and further relief as to this Court deems just and proper.

   **PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR § 2214(b), opposition

papers, if any, must be served on the undersigned at least seven (7) days prior to the return date

of this motion.

I have read the foregoing and I certify that upon information and belief, the source of which is a
review of a file maintained by my office, that the foregoing is not frivolous as defined in
subsection (C) of Section 130.1.1 of the rules of the Chief Administrator.

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 46 of 209 PageID #: 363

FILED: QUEENS COUNTY CLERK 05/12/2017 02:11 PM
NYSCEF DOC. NO. 5

INDEX NO. 702376/2017

RECEIVED NYSCEF: 05/12/2017

Dated: Garden City, New York
May 12, 2017

                                        ARDITO LAW FIRM, P.C.

                              By: _____
                                        RAYMOND ARDITO, ESQ.
                                        Attorneys for Plaintiff
                                        100 Quentin Roosevelt Boulevard, Suite 209
                                        Garden City, NY 11530
                                        (516) 531-7007

TO:

ALL BORO CONSTRUCTION GROUP, INC.
260 Doughty Boulevard
Inwood, NY 11096

JONATHAN HOCH and HENNA HOCH
72-41 141st Street
Flushing, NY 11367

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 47 of 209 PageID

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 4
INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 05/12/2017 02:11 PM
NYSCEF DOC. NO. 6
INDEX NO. 702376/2017
RECEIVED NYSCEF: 05/12/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------------X
JUAN CARLOS INTERIANO,                                    Index No.: 702376/17

                            Plaintiff,

        -against-                                         **AFFIRMATION IN
                                                          SUPPORT**

ALL BORO CONSTRUCTION GROUP, INC.,
JONATHAN HOCH and HENNA HOCH

                            Defendant(s).
-----------------------------------------------------------------------------X

        RAYMOND ARDITO, an attorney admitted to practice before the Courts of this State

affirms the truth of the following under the penalty of perjury:

        1.      I am associated with ARDITO LAW FIRM, PC, attorneys for plaintiff herein, and

as such, I am fully familiar with the facts and circumstances of this action based upon a review

of the case file and the investigation materials contained therein.  I submit this affirmation in

support of the within application for an Order; 1) pursuant to CPLR § 3215 (a) and (b), directing

a default judgment and an assessment of damages against defendants ALL BORO

CONSTRUCTION GROUP, INC. (hereinafter ALL BORO), JONATHAN HOCH and HENNA

HOCH; and 2) for such other and further relief as to this Court deems just and proper.

        2.      On February 6, 2017, plaintiff was seriously injured while engaged in

construction, demolition, excavation, erection, repairing, altering, painting and/or other work at

the premises located at 72-72 141st Street, Flushing, NY.  The premises was owned by

defendants JONATHAN HOCH and HENNA HOCH.  ALL BORO was the general contractor

for the construction being performed at the premises.  Defendants failed to perform and/or make

certain that the construction work being performed at the aforesaid premises was so constructed,

equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe

protection and safety to plaintiff and were otherwise negligent in the ownership, operation,

maintenance, repair, design, engineering, construction, inspection, supervision, use and/or control of the aforementioned premises, among other negligence as more fully set forth in plaintiff's compliant annexed hereto as "Exhibit A". As a result, plaintiff was seriously injured.

3.      On February 18, 2017, plaintiff initiated the instant action against the defendants to recover for injuries sustained as a result of this incident by filing a Summons & Complaint. (Summons & Complaint annexed as "Exhibit A").

4.      The Summons & Complaint was served on defendant ALL BORO on February 27, 2017 by service upon the NYS Secretary of State and an affidavit of service was filed with this Court on March 3, 2017 (affidavit of service annexed hereto as "Exhibit B"). Defendant ALL BORO has not served an Answer herein nor sought an extension of time to do so.

5.      The Summons & Complaint was served on defendant JONATHAN HOCH on March 10, 2017 by personal service. A copy of the affidavit of service, which was filed with this Court on March 15, 2017, is annexed hereto as "Exhibit C". Defendant JONATHAN HOCH has not served an Answer herein nor sought an extension of time to do so.

6.      The Summons & Complaint was served on defendant HENNA HOCH on March 10, 2017 by service upon defendant JONATHAN HOCH, a person of suitable age and discretion. A copy was subsequently mailed to defendant HENNA HOCH on March 10, 2017. A copy of the affidavit of service upon defendant HENNA HOCH, which was filed with this Court on March 15, 2017, is annexed as "Exhibit D". Defendant HENNA HOCH has not served an Answer herein nor sought an extension of time to do so.

7.      CPLR § 311 (a) provides, in relevant part:

> § 311. Personal service upon a corporation or governmental subdivision.
> (a) Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows:
> 1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. A

business corporation may also be served pursuant to section three hundred six or three hundred seven of the business corporation law.

8. Business Corporation Law § 306 provides, in relevant part,

Service of process.
(b) (1) Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. **Service of process on such corporation shall be complete when the secretary of state is so served.**

9. CPLR § 3012 (c) provides, in relevant part:

3012. Service of pleadings.
(c) Additional time to serve answer where summons and complaint not personally delivered to person to be served within the state. **If the complaint is served with the summons and the service is made on the defendant by delivering the summons and complaint to an official of the state authorized to receive service in his behalf...service of an answer shall be made within thirty days after service is complete.**

Based on the forgoing, defendant ALL BORO's time to answer, appear or reply expired on or about March 29, 2017.

10. CPLR § 308 (1) & 2 provide, in relevant parts:

§ 308. Personal service upon a natural person. Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served;

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other;

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 4    RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 05/12/2017 02:11 PM    INDEX NO. 702376/2017
NYSCEF DOC. NO. 6    RECEIVED NYSCEF: 05/12/2017

proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; **service shall be complete ten days after such filing;**

11.    CPLR § 3012 (a) & (c) provide, in relevant parts:

§ 3012. Service of pleadings and demand for complaint.

(a) Service of pleadings. The complaint may be served with the summons. A subsequent pleading asserting new or additional claims for relief shall be served upon a party who has not appeared in the manner provided for service of a summons. In any other case, a pleading shall be served in the manner provided for service of papers generally. Service of an answer or reply shall be made within **twenty days after service of the pleading to which it responds.**

(c) Additional time to serve answer where summons and complaint not personally delivered to person to be served within the state. ...if service of the summons and complaint is made pursuant to... paragraphs two, three, four or five of section 308...service of an answer shall be made within **thirty days after service is complete.**

12.    Based on the forgoing, defendant JONATHAN HOCH's time to answer, appear or reply expired on or about March 30, 2017.

13.    Based on the foregoing, defendant HENNA HOCH's time to answer, appear or reply expired on or about April 14, 2017.

14.    Defendants' defaults herein have been intentional and willful and designed to prejudice or hamper plaintiff's ability to litigate this action expeditiously. Plaintiff has a meritorious cause of action as plead in the Complaint annexed as "Exhibit A" and plaintiff's affidavit of merit with affidavit of translation annexed hereto as "Exhibit E".

15.    In view of the forgoing, the within application is made pursuant to CPLR §3215(a), which states, in relevant part:

§ 3215. Default judgment.
(a) Default and entry. When a Defendant has failed to <u>appear</u>, plead or proceed to trial of an action...., the plaintiff may seek a <u>default judgment against him</u>. If the plaintiff's claim is for a

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 51 of 209 PageID #:

sum certain or for a sum which can by computation be made certain, application may be made to the clerk within one year after the default. The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, <u>plus costs and interest</u>...... (emphasis added)

16.    Based upon the above, plaintiffs are entitled to a default judgment against defendants JONATHAN HOCH, HENNA HOCH and ALL BORO.

17.    It is respectfully requested that the Court grant a default judgement against defendants JONATHAN HOCH, HENNA HOCH and ALL BORO and set this matter down for an Inquest.

18.    No previous application for the relief sought herein has ever been made to this or any other Court.

**WHEREFORE,** it is respectfully requested that an Order be entered 1) pursuant to CPLR § 3215 (a) and (b), directing a default judgment and an assessment of damages against the defendants JONATHAN HOCH, HENNA HOCH and ALL BORO; and 2) for such other and further relief as to this Court deems just and proper.

I have read the foregoing and I certify that upon information and belief, the source of which is a review of a file maintained by my office, that the foregoing is not frivolous as defined in subsection (C) of Section 130.1.1 of the rules of the Chief Administrator.

Dated: Garden City, New York
May 12, 2017

ARDITO LAW FIRM, PC

By: _____
RAYMOND ARDITO, ESQ.
Attorneys for Plaintiff
100 Quentin Roosevelt Boulevard, Suite 209
Garden City, NY 11530
(516) 531-7007

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 5                                  RECEIVED NYSCEF: 11/30/2022

# EXHIBIT C

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 5

INDEX NO. 609823/2022
RECEIVED NYSCEF: 11/30/2022

# ✦ Arch | Insurance

Arch Specialty Insurance Company

1299 Farnam Street
Suite 500
Omaha, NE 68102-1880

P.O. Box 542033
Omaha, NE 68154

T: 877.688.2724
F: 866.266.3630

archinsurance.com

May 30, 2017

***CERTIFIED MAIL/RRR***
***ARTICLE # 9214 8969 0099 9790 1615 2398 06***
***& REGULAR MAIL***

Northfield Insurance Company
One Tower Square
Hartford, CT 06183

Re:
Insured:                        Drexler Corp.
Claimant(s)/Matter:             Juan Carlos Interiano
Our Insured:                    All Boro Rehab Construction Corp.
Date of Loss:                   2/6/2017
Arch Claim Number:              13066430
Your Insured:                   Drexler Corp.
Your Policy#:                   WS201958 (5/29/2016 to 5/29/2017)

Caption:                        Supreme Court of the State of New York County of Quees
                                Juan Carlos Interiano v. All Boro Construction Group, Inc.
                                Jonathan Hoch and Henna Hoch

Dear Sir/Madame:

Arch Specialty Insurance Company ("Arch") is the General Liability carrier for All Boro Rehab
Construction Corp. ("All Boro"). Our investigation has revealed that our insured hired
Drexler Corp ("Drexler") to perform construction work at 72 -72 141st Street Flushing, New
York. It appears that an employee of Drexler, Juan Carlos Interiano, was injured on February
6, 2017 when the president of Drexler accidently struck Mr. Carlos with an excavator.

Mr. Interiano has retained counsel and filed suit in Supreme Court of the State of New York,
County of Queens naming All Boro Construction Group Inc. and Jonathan and Henna Hoch
(hereinafter referred to as "the owners"). According to the investigation all the permits and
contracts were issued to All Boro however plaintiff improperly named, All Boro Construction
Group Inc.

Please note that our investigation reveals that Drexler was contractually obligated to
procure primary, non-contributory additional insurance coverage on behalf of All Boro and
the owners and is also required to defend and indemnify All Boro and the owners against

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 5

INDEX NO. 618823/2022

RECEIVED NYSCEF: 11/30/2022

May 30, 2017
Page 2 of 3

any and all loss, liability, claims, damages, suits, expenses or counsel fees arising there from, as required in Drexler's contract with All Boro.

It is our position that Northfield Insurance Company's ("Northfield") policy issued to Drexler has a duty to defend and indemnify the All Boro and the owners as additional insureds on a primary and non-contributory basis.

It is also our position that Northfield has a duty to defend All Boro and the owners as indemnitees under Drexler's policy.

Accordingly, please communicate an unconditional acceptance of the tender of All Boro and the owners of the project in writing. In the event you do not agree to provide coverage, Arch reserves its right to seek a legal declaration that Northfield is required to provide coverage to the above referenced additional insureds.

Please also note that demand is also made for reimbursement of all expenses incurred from the date we received notice of this loss to the date we receive an unconditional acceptance of this tender.

**We have a 30 day extension of time to answer – please response as soon as possible so that unnecessary expenses are not incurred.**

Kindly acknowledge receipt of this tender. If you have any questions, please feel free to contact me at (410) 553-1872. Thank you for your attention and anticipated cooperation.

Sincerely,

*Christine Dodge*

**Christine Dodge**
**Senior Claims Examiner**
**Arch Insurance Group**
**Phone: (410) 553-1872**
**Email:** cdodge@archinsurance.com

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 55 of 209 PageID #: 572

May 30, 2017
Page 3 of 3


/cmd-t


cc:    All Boro Rehab Construction
260 Doughty Blvd.
Inwood, NY 11098

Drexler Corp
60 Whitson Street
Hempstead, NY 11550

A.L. Carr Agency Inc.
101 Mill Dam Road
Centerport, NY 11721
Your Client: Drexler Corp.

Ardito Law Firm, PC
100 Quentin Roosevelt Blvd
Garden City, NY 11530
Plaintiffs' Counsel

Blue Brokerage, LLC
84 Business Park Dr. Ste 111
Armonk, NY 10504
Your Client: All Boro Rehab Construction

RT Specialty, LLC – CT
20 Church Street
Hartford, Ct. 06103
Your Client: All Boro Rehab Construction Corp.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 6    RECEIVED NYSCEF: 11/30/2022

# EXHIBIT D



**Michael Tagliaferri**

Claim Representative
Travelers
Liability Dept

(631) 577-7397
(866) 889-8376 (fax)

PO Box 430
Buffalo, NY 14240

June 9, 2017

Arch Insurance
1299 Farnam Street- Suite 500
Omaha, NE 68102-1880

| | |
|---|---|
| INSURED: | Jonathan & Henna Hoch |
| CLAIMANT: | Juan Carlos Interiano |
| DATE OF LOSS: | February 6, 2017 |
| FILE NO: | H3S9007 |
| YOUR INSURED: | All Boro Rehab Construction Corp |
| YOUR FILE NO: | 13066430 |

To Whom It May Concern:

Travelers Insurance provides homeowners liability insurance to Jonathan and Henna Hoch. Our insured is in receipt of a summons and complaint. Plaintiff alleges bodily injury arising out of a work project being completed by Drexler Corp.

Our investigation has revealed that Arch Insurance Company issued a general insurance policy to All Boro Rehab Construction Corp. A certificate of insurance, copy enclosed, was provided to Jonathan Hoch and Henna Hoch for insurance coverage for the work to be completed All Boro Rehab Construction Corp. Jonathan and Henna Hoch were advised that they were additional insureds on the aforementioned policy and to reiterate, were provided a copy of this certificate as evidence of that status.

Accordingly, we are tendering this claim/lawsuit and demanding that Arch Insurance Company provide the insurance coverage that Jonathan and Henna hoch relied upon. A Failure to comply with the request will cause us to direct litigation against your insured in which we will seek all cost and disbursement of the case.

Thank you for your anticipated cooperation.

Regards,

Michael Tagliaferri
Claims Representative
631-577-7397

CC
Jonathan & Henna Hoch
7272 141 St

Page 2

Kew Gardens, NY 11367
Garber Atlas Fries Assoc
3070 Lawson Blvd
Oceanside, NY 11572
Client- Jonathan & Henna Hoch

All Boro Rehab Construction
260 Doughty Blvd
Inwood, NY 11098

Drexler Corp
60 Whitson Street
Hemstead, NY 11550

A.L Carr Agency Inc
101 Mill Dam Road
Centerport, NY 11721
Client – Drexler Corp.

Ardito Law Firm, P.C
100 Quentin Roosevelt Blvd
Garden City, NY 11530
Plaintiffs' Counsel

Blue Brokerage, LLC
84 Business Park Dr. Ste 111
Armonk, NY 10504
Client- All Boro Rehab Construction

RT Specialty, LLC- CT
20 Church Street
Hartford, CT 06103
Your Client- All Boro Rehab Construction Corp

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM                    INDEX NO. 616823/2022

NYSCEF DOC. NO. 7                                                 RECEIVED NYSCEF: 11/30/2022

# EXHIBIT E

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 7                                 RECEIVED NYSCEF: 11/30/2022


**TRAVELERS**

**Michael Tagliaferri**

Claim Representative
Travelers
Liability Dept

(631) 577-7397
(866) 889-8376 (fax)

PO Box 430
Buffalo, NY 14240

June 9, 2017

Northfield Insurance Company
One Tower Square
Hartford, CT 06183

|  |  |
|---|---|
| INSURED: | Jonathan & Henna Hoch |
| CLAIMANT: | Juan Carlos Interiano |
| DATE OF LOSS: | February 6, 2017 |
| FILE NO: | H3S9007 |
| YOUR INSURED: | Drexler Corp |
| YOUR POLICY NO: | WS201958 |

To Whom It May Concern:

Travelers Insurance provides homeowners liability insurance to Jonathan and Henna Hoch. Our insured is in receipt of a summons and complaint. Plaintiff alleges bodily injury arising out of a work project being completed by Drexler Corp.

Our investigation has revealed that Drexler was contractually obligated to procure primaty, non-contributory additional insurance coverage on behalf of All Boro and Jonathan & Henna Hoch and is also required to defend and indemnify All Boro and Jonathan & Henna Hoch against any and all loss, liability, claims, damage suits, expenses or counsel fees arising there from, as required in Drexler's contract with All Boro.

Accordingly, we are tendering this claim/lawsuit and demanding that Northfield Insurance Company provide the insurance coverage that Jonathan and Henna hoch relied upon. A Failure to comply with the request will cause us to direct litigation against your insured in which we will seek all cost and disbursement of the case.

Thank you for your anticipated cooperation.

Regards,

Michael Tagliaferri
Claims Representative
631-577-7397

CC
Jonathan & Henna Hoch
7272 141 St
Kew Gardens, NY 11367
Garber Atlas Fries Assoc

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 7

3070 Lawson Blvd
Oceanside, NY 11572
Client- Jonathan & Henna Hoch

All Boro Rehab Construction
260 Doughty Blvd
Inwood, NY 11098

Drexler Corp
60 Whitson Street
Hemstead, NY 11550

A.L Carr Agency Inc
101 Mill Dam Road
Centerport, NY 11721
Client – Drexler Corp.

Ardito Law Firm, P.C
100 Quentin Roosevelt Blvd
Garden City, NY 11530
Plaintiffs' Counsel

Blue Brokerage, LLC
84 Business Park Dr. Ste 111
Armonk, NY 10504
Client- All Boro Rehab Construction

RT Specialty, LLC- CT
20 Church Street
Hartford, CT 06103
Your Client- All Boro Rehab Construction Corp

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 8

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

# EXHIBIT F

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM          INDEX NO. 606823/2022
NYSCEF DOC. NO. 8                                      RECEIVED NYSCEF: 11/30/2022



Northland
**INSURANCE**

P.O. Box 64805
St. Paul, MN 55164 - 0805

*Sent via Certified Mail and US Mail*

June 23, 2017

Arch Insurance
Attn: Christine Dodge
1299 Farnam Street, Ste. 500
Omaha, NE 68102-1880

| | |
|---|---|
| Re: | |
| Our Insured: | Drexler Land Development Inc. |
| Our Claim Number: | 23 WH005942-02 |
| TIC #: | C5D2900 |
| Underwriting Company: | Northfield Insurance Company |
| Date of Loss: | February 6, 2017 |
| Claimant: | Interiano, Juan Carlos |
| Your Claim #: | L-099-1007431 |

Dear Ms. Dodge:

This letter acknowledges receipt of your tender of defense and indemnity on behalf of All Boro Rehab Construction Corp in the matter of <u>Juan Carlos Interiano v. All Boro Construction Group, Inc., Jonathan Hoch and Henna Hoch</u>, venued in Queens County, New York. This claim was referred to us for consideration under Policy WS281789, issued to Drexler Land Development Inc. ("Drexler") for the policy period of May 29, 2016 to May 29, 2017. This policy provides Commercial General Liability Coverage. The purpose of this letter is to inform you that after a careful review of the policy this claim is not covered and we must respectfully deny your tender. The reasons for this are set forth below.

Our investigation indicates that the Plaintiff was injured while working at 72-72 141st Street, Flushing, New York. An excavator rolled over Plaintiff's foot causing injury while grading the backyard. Jonathan Hoch and Henna Hoch ("the Hochs") owned the premises. All Boro Construction Group, Inc. ("All Boro") acted as the general contractor for the project. Plaintiff was an employee of Drexler at the time of the incident.

Please refer to that portion of the policy titled **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07)**, as modified in **NEW YORK CHANGES COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 01 63 (4/09)** under **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, which states[1]:

---

[1] The policy also provides Coverage B "Personal and Advertising Injury" coverage. Because this claim does not even potentially allege "personal and advertising injury," we have not addressed that coverage

Arch Insurance
June 23, 2017
Page 2

1. **Insuring Agreement**

 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ...

2. **Exclusions**

This insurance does not apply to:

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay as damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages

 (1) That the insured would have in the absence of the contract or agreement; or

 (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement...

I further direct your attention **CONTRACTUAL LIABILITY LIMITATION ENDORSEMENT, CG 21 39 (10/93)**, which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTIY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:

"Insured contract" means:

**a.** A contract for a lease of premises;

**b.** A sidetrack agreement;

---

in this letter. However, if you would like a more detailed discussion of why that coverage does not apply, please let us know and we will provide you with a more detailed analysis of that coverage.

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 65 of 209 PageID #: 382

Arch Insurance
June 23, 2017
Page 3

    c.    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    d.    Any obligation, as required by ordinance, to indemnify a municipality, except in connection with the work for a municipality;

    e.    An elevator maintenance agreement.

There is no coverage under the policy for the contractual liability claim being made against Drexler by the Hochs and All Boro based upon the contractual liability exclusion and the contractual liability limitation quoted above.

We now refer you to endorsement S2774-CG (7/07), entitled BLANKET ADDITIONAL INSURED (CONTRACTORS) (Excludes Products-Completed Operations), which states:

    This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

1.    WHO IS AN INSURED - (SECTION II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

    a.    Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

    b.    If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

2.    The insurance provided to the additional insured by this endorsement is limited as follows:

    …

    c.    The insurance provided to the additional insured does not apply to "bodily injury" or "property damage" caused by "your work" and included in the "products-completed operations hazard".

    …

3.    The insurance provided to the additional insured by this endorsement is excess over any valid and collectible other insurance, whether primary, excess, contingent or on any other basis, that is available to the additional insured for a loss we cover under this endorsement. However, if the "written contract requiring insurance" specifically requires that this insurance apply on a primary basis or a

Case 2:23-cv-00238-RKC-AYS    Document 15-3    Filed 04/28/23    Page 66 of 209 PageID #: 983

Arch Insurance
June 23, 2017
Page 4

primary and non-contributory basis, this insurance is primary to other insurance available to the additional insured which covers that person or organization as a named insured for such loss, and we will not share with that other insurance. But the insurance provided to the additional insured by this endorsement still is excess over any valid and collectible other insurance, whether primary, excess, contingent or on any other basis, that is available to the additional insured when that person or organization is an additional insured under such other insurance.

5.      The following definition is added to the **DEFINITIONS** section:

"Written contract requiring insurance" means that part of any written contract or agreement under which you are required to include a person or organization as an additional insured on this Coverage Part, provided that the "bodily injury" and "property damage" occurs and the "personal injury" is caused by an offense committed:

a.      After the signing and execution of the contract or agreement by you;

b.      While that part of the contract or agreement is in effect; and

c.      Before the end of the policy period.

The policy defines "product-completed operations hazard" and "your work" as:

16.     "Products-completed operations hazard":

a.      Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)     Products that are still in your physical possession; or

(2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)     When all of the work called for in your contract has been completed.

(b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 8                                                    RECEIVED NYSCEF: 11/30/2022

Arch Insurance
June 23, 2017
Page 5

          Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    **b.**   Does not include "bodily injury" or "property damage" arising out of:

          ...

        **(2)**  The existence of tools, uninstalled equipment or abandoned or unused materials; ...

**22.** "Your work":

    **a.**   Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.**   Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)** The providing of or failure to provide warnings or instructions.

Based on the foregoing, the Hochs and All Boro would qualify as additional insureds under this endorsement, but only to the extent that, the injury or damage is caused by acts or omissions of Drexler or Drexler's subcontractor in the performance of their work to which the "written contract requiring insurance" applies. Furthermore, the Hochs and All Boro do not qualify as an additional insured with respect to their independent acts or omissions.

Despite, their status as additional insureds coverage is barred by the following exclusions.

Next please refer to that portion of the policy titled **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07):**

    **2.**   **Exclusions**

       This insurance does not apply to:

    **d.**   **Workers' Compensation And Similar Laws**

          Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 8
INDEX NO. 606523/2022
RECEIVED NYSCEF: 11/30/2022

Arch Insurance
June 23, 2017
Page 6

similar law.

To the extent you have any obligation to pay any workers' compensation, disability benefits or any similar obligation, exclusion **d. Workers Compensation And Similar Laws** applies to preclude coverage.

Please next refer to EXCLUSION – EMPLOYERS LIABILITY, S2689-CG (10/08), which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following replaces Exclusion **e. Employer's Liability** in Paragraph **2.** of **SECTION I – COVERAGES – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

e. **Employer's Liability**

"Bodily injury" to:

(1) Any "employee" of the named insured arising out of and in the course of:

(a) Employment by the named insured; or

(b) Performing duties related to the conduct of the named insured's business; or

(2) The spouse, child, parent, brother, sister or relative of that "employee" as a consequence of paragraph **(1)** above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity.

(2) To any obligation to share damages with or repay someone who must pay damages because of the injury.

(3) To any liability assumed by the insured under any contract or agreement.

To the extent the claimed "bodily injury" is to an "employee" of the named insured arising out of and in the course of employment with the named insured or performing duties related to the conduct of the named insured's business, exclusion **e.**, Employer's Liability applies to preclude coverage.

Please next refer to EXCLUSION – INJURY TO EMPLOYEES, WORKERS OR CONTRACTED PERSONS OF INSUREDS OR CONTRACTED ORGANIZATIONS, S94-CG (4/14), which states:

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 69 of 209 PageID #: 688

Arch Insurance
June 23, 2017
Page 7

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1.  The following exclusion is added to Paragraph 2., **Exclusions**, of SECTION I – COVERAGES – COVERAGE A **BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

    **Bodily Injury To Employees, Workers Or Contracted Persons Of Insureds Or Contracted Organizations**

    This insurance does not apply to "bodily injury" to:

    **(1)** Any person who is an "employee", "leased worker", "temporary worker" or "volunteer worker" of you or any insured arising out of and in the course of:

    **(a)** Employment by you or any insured; or

    **(b)** Performing duties related to the conduct of your or any insured's business;

    **(2)** Any person who contracted with you or with any insured for services arising out of and in the course of performing duties related to the conduct of your or any insured's business;

    **(3)** Any person who is employed by, is leased to or contracted with any organization that:

    **(a)** Contracted with you or with any insured for services; or

    **(b)** Contracted with others on your behalf for services;

    arising out of and in the course of employment by that organization or performing duties related to the conduct of that organization's business; or

    **(4)** The spouse, child, parent brother or sister of any of those persons as a consequence of the "bodily injury" described in paragraphs **(1)**, **(2)** or **(3)** above.

    For the purposes of this exclusion, contracted with includes contracting with an oral or written contract.

    This exclusion applies:

    **(1)** Whether the insured may be liable as an employer or in any other capacity; and

Arch Insurance
June 23, 2017
Page 8

  (2)  Whether the insured may have any obligation to share damages with or pay damages because of the injury

Your policy defines "employee" as:

  5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

Your policy defines "leased worker" as:

  10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker does not include a "temporary worker".

Your policy defines "temporary worker" as:

  19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions

Your policy defines "volunteer worker" as:

  20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

To the extent the Plaintiff is an "employee", "leased worker", "temporary worker", "volunteer worker" who was injured arising out of employment with the named insured, or performing duties related to your conduct or the conduct of any other insured's business, **section 1 of endorsement S94-CG Bodily Injury To Employees, Workers Or Contracted Persons Of Insureds Or Contracted Organizations** applies to preclude coverage. To the extent the Plaintiff contracted with the named insured or any other insured for services and was injured while performing duties related to the conduct of the named insured or any insured's business, **section 2 of endorsement S94-CG** applies to preclude coverage. To the extent the Plaintiff is any person who is employed by, is leased to or contracted with any organization that contracted with the named insured or with any insured for services; arising out of and in the course of employment by that organization or performing duties related to the conduct of that organizations business, **section 3 of endorsement S94-CG** applies to preclude coverage.

Please next refer to **LIMITATION – CLASSIFICATION, S17-CG (7/09),** which states:

  This endorsement modifies insurance under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

Arch Insurance
June 23, 2017
Page 9

**A.** The following is added to Paragraph **1.b.**, **Insuring Agreement** of SECTION I –
COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
LIABILITY:

This insurance applies to "bodily injury" and "property damage" caused by only
those operations which are classified and shown on the Commercial General
Liability Coverage Declarations, its endorsements, and supplements.

Please also refer to COMMERCIAL GENERAL LIABILITY COVERAGE PART
DECLARATIONS, S2584D-CG (9/07), which states:

| PREMIUM | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Loc. # | Classification | Code No. | Premium Base | Rate PrfCO | Rate All Other | Advance Premium PrfCO | | Advance Premium All Other | |
| 001 | Driveway, Parking Area or Sidewalk - paving or repaving | 92215 | p | 147,200 | 14.343 | 35.994 $ | 2,111.00 | $ | 5,298.00 |
| 002 | Driveway, Parking Area or Sidewalk - paving or repaving | 92215 | p | 12,800 | 14.849 | 57.435 $ | 190.00 | $ | 735.00 |
| | Blanket Additional Insureds - | Fully Earned | t | | | Flat Chrg $ | | $ | 614.00 |

Because the damages being claimed against you did not arise out the "Driveway, Parking Area
or Sidewalk – paving or repaving" classifications, endorsement **Limitation - Classification
S17-CG (07/09)** applies to preclude coverage.

Because there is no coverage, we are unable to handle this matter on your behalf or pay any
sums you may be legally obligated to pay.  You are invited to provide any additional information
that you believe would support our acceptance of coverage.

Neither this letter nor Northfield's investigation of these matters shall be construed as an
admission of liability or as a waiver of any coverage defense or limitation that is available to
Northfield, pursuant to the provisions of its insurance policies or by operation of law.  In addition
to the policy defenses discussed above, other defenses may be available to Northfield by
operation of law.  Northfield reserves any legal and policy defenses it may have in connection
with these matters whether stated or not in this letter.  Finally, Northfield reserves the right to
modify its coverage position at any time upon receipt of additional information.

If you have any questions regarding our position on coverage, please contact me at the number
below.

Sincerely,


Ryan J. Wartick
Northfield Insurance Company
Phone: 651-310-4755
Fax:  866-882-3589
E-Mail: rjwartic@northlandins.com

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 8
INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

Arch Insurance
June 23, 2017
Page 10


cc:     Bass Underwriters, Inc.
        30 Montgomery Street, Ste 900
        Jersey City, NJ 07302

        Drexler Land Development Inc.
        60 Whitson St
        Hempstead, NY 11550

        All Boro Rehab Construction
        260 Doughty Blvd.
        Inwood, NY 11098

        Ardito Law Firm, P.C.
        100 Quention Roosevelt Blvd.
        Garden City, NY 11530

        Jonathan Hoch and Henna Hoch
        72-72 141st Street
        Flushing, New York 11367

        Travelers Insurance
        Attn: Michael Tagliaferri
        PO Box 430
        Buffalo, NY 14240

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 9    RECEIVED NYSCEF: 11/30/2022

# EXHIBIT G

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 74 of 209 PageID #: 391



**Northland**
I N S U R A N C E

P.O. Box 64805
St. Paul, MN 55164 - 0805

*Sent via Certified Mail and US Mail*

June 23, 2017

Drexler Land Development Inc.
60 Whitson St
Hempstead, NY 11550

Re:     Our Insured:              Drexler Land Development Inc.
        Our Claim Number:         23 WH005942-02
        TIC #:                    C5D2900
        Underwriting Company:     Northfield Insurance Company
        Date of Loss:             February 6, 2017
        Claimant:                 Interiano, Juan Carlos
        Your Claim #:             H3S9007

Dear Ms. Drexler:

This letter acknowledges receipt of a tender of defense and indemnity on behalf of Jonathan
and Henna Hoch and All Boro Construction Group, Inc. in the matter of **Juan Carlos Interiano
v. All Boro Construction Group, Inc., Jonathan Hoch and Henna Hoch**, venued in Queens
County, New York. An excavator rolled over Plaintiff's foot causing injury while grading the
issued to Drexler Land Development Inc. ("Drexler") for the policy period of May 29, 2016 to
May 29, 2017. This policy provides Commercial General Liability Coverage. The purpose of
this letter is to inform you that after a careful review of the policy this claim is not covered and
we must respectfully deny coverage for this claim. The reasons for this are set forth below.

Our investigation indicates that the Plaintiff was injured while working at 72-72 141st Street,
Flushing, New York. An excavator rolled over Plaintiff's foot causing injury while grading the
backyard. Jonathan Hoch and Henna Hoch ("the Hochs") owned the premises. All Boro
Construction Group, Inc. ("All Boro") acted as the general contractor for the project. Plaintiff
was an employee of Drexler at the time of the incident.

Please refer to that portion of the policy titled **COMMERCIAL GENERAL LIABILITY
COVERAGE FORM, CG 00 01 (12/07)**, as modified in **NEW YORK CHANGES COMMERCIAL
GENERAL LIABILITY COVERAGE FORM, CG 01 63 (4/09)** under **SECTION I –
COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**,
which states[1]:

    1.  **Insuring Agreement**

---
[1] The policy also provides Coverage B "Personal and Advertising Injury" coverage. Because this claim
does not even potentially allege "personal and advertising injury," we have not addressed that coverage
in this letter. However, if you would like a more detailed discussion of why that coverage does not apply,
please let us know and we will provide you with a more detailed analysis of that coverage.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 9                                 RECEIVED NYSCEF: 11/30/2022

Arch Insurance
June 23, 2017
Page 2

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ...

**2. Exclusions**

    This insurance does not apply to:

    **b. Contractual Liability**

    "Bodily injury" or "property damage" for which the insured is obligated to pay as damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages

    (1) That the insured would have in the absence of the contract or agreement; or

    (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement...

I further direct your attention **CONTRACTUAL LIABILITY LIMITATION ENDORSEMENT, CG 21 39 (10/93)**, which states:

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILTIY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:

"Insured contract" means:

**a.**   A contract for a lease of premises;

**b.**   A sidetrack agreement;

**c.**   Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.**   Any obligation, as required by ordinance, to indemnify a municipality, except in connection with the work for a municipality;

Arch Insurance
June 23, 2017
Page 3

e. An elevator maintenance agreemeht.

There is no coverage under the policy for the contractual liability claim being made against Drexler by the Hochs and All Boro based upon the contractual liability exclusion and the contractual liability limitation quoted above.

We now refer you to endorsement S2774-CG (7/07), entitled **BLANKET ADDITIONAL INSURED (CONTRACTORS) (Excludes Products-Completed Operations)**, which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. **WHO IS AN INSURED - (SECTION II)** is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

   a. Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

   b. If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

2. The insurance provided to the additional insured by this endorsement is limited as follows:

   ...

   c. The insurance provided to the additional insured does not apply to "bodily injury" or "property damage" caused by "your work" and included in the "products-completed operations hazard".

   ...

3. The insurance provided to the additional insured by this endorsement is excess over any valid and collectible other insurance, whether primary, excess, contingent or on any other basis, that is available to the additional insured for a loss we cover under this endorsement. However, if the "written contract requiring insurance" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to other insurance available to the additional insured which covers that person or organization as a named insured for such loss, and we will not share with that other insurance. But the insurance provided to the additional insured by this endorsement still is excess over any valid and collectible other insurance, whether primary, excess,

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM          INDEX NO. 616823/2022
NYSCEF DOC. NO. 9                                       RECEIVED NYSCEF: 11/30/2022

Arch Insurance
June 23, 2017
Page 4

contingent or on any other basis, that is available to the additional insured when that person or organization is an additional insured under such other insurance.

5.     The following definition is added to the **DEFINITIONS** section:

"Written contract requiring insurance" means that part of any written contract or agreement under which you are required to include a person or organization as an additional insured on this Coverage Part, provided that the "bodily injury" and "property damage" occurs and the "personal injury" is caused by an offense committed:

a.     After the signing and execution of the contract or agreement by you;

b.     While that part of the contract or agreement is in effect; and

c.     Before the end of the policy period.

The policy defines "product-completed operations hazard" and "your work" as:

16.     "Products-completed operations hazard":

a.     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)     Products that are still in your physical possession; or

(2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)     When all of the work called for in your contract has been completed.

(b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

Case 2:23-cv-00238-DKC-AYS   Document 15-3   Filed 04/28/23   Page 78 of 209 PageID
#: 555

Arch Insurance
June 23, 2017
Page 5

    b.    Does not include "bodily injury" or "property damage" arising out of:

        ...

        **(2)**    The existence of tools, uninstalled equipment or abandoned or unused materials; ...

22. "Your work":

    a.    Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    b.    Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)** The providing of or failure to provide warnings or instructions.

Based on the foregoing, the Hochs and All Boro would qualify as additional insureds under this endorsement, but only to the extent that, the injury or damage is caused by acts or omissions of Drexler or Drexler's subcontractor in the performance of their work to which the "written contract requiring insurance" applies. Furthermore, the Hochs and All Boro do not qualify as an additional insured with respect to their independent acts or omissions.

Despite their status as additional insureds coverage is barred by the following exclusions.

Next please refer to that portion of the policy titled **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07)**:

    **2.**    **Exclusions**

    This insurance does not apply to:

    **d.**    **Workers' Compensation And Similar Laws**

        Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

To the extent you have any obligation to pay any workers' compensation, disability benefits or any similar obligation, exclusion **d. Workers Compensation And Similar Laws** applies to preclude coverage.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM     INDEX NO. 616823/2022
NYSCEF DOC. NO. 9                                    RECEIVED NYSCEF: 11/30/2022

Arch Insurance
June 23, 2017
Page 6

Please next refer to **EXCLUSION – EMPLOYERS LIABILITY, S2689-CG (10/08)**, which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following replaces Exclusion **e. Employer's Liability** in Paragraph **2.** of **SECTION I – COVERAGES – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   e. **Employer's Liability**

   "Bodily injury" to:

   (1) Any "employee" of the named insured arising out of and in the course of:

      (a) Employment by the named insured; or

      (b) Performing duties related to the conduct of the named insured's business; or

   (2) The spouse, child, parent, brother, sister or relative of that "employee" as a consequence of paragraph **(1)** above.

   This exclusion applies:

   (1) Whether the insured may be liable as an employer or in any other capacity.

   (2) To any obligation to share damages with or repay someone who must pay damages because of the injury.

   (3) To any liability assumed by the insured under any contract or agreement.

To the extent the claimed "bodily injury" is to an "employee" of the named insured arising out of and in the course of employment with the named insured or performing duties related to the conduct of the named insured's business, exclusion e., Employer's Liability applies to preclude coverage.

Please next refer to **EXCLUSION – INJURY TO EMPLOYEES, WORKERS OR CONTRACTED PERSONS OF INSUREDS OR CONTRACTED ORGANIZATIONS, S94-CG (4/14)**, which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Case 2:23-cv-00238-RKC-AYS    Document 15-3    Filed 04/28/23    Page 80 of 209 PageID #: 597

Arch Insurance
June 23, 2017
Page 7

1.    The following exclusion is added to Paragraph 2., **Exclusions**, of SECTION I –
COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
LIABILITY:

**Bodily Injury To Employees, Workers Or Contracted Persons Of Insureds Or
Contracted Organizations**

This insurance does not apply to "bodily injury" to:

(1)    Any person who is an "employee", "leased worker", "temporary worker" or
"volunteer worker" of you or any insured arising out of and in the course of:

(a)    Employment by you or any insured; or

(b)    Performing duties related to the conduct of your or any insured's
business;

(2)    Any person who contracted with you or with any insured for services arising
out of and in the course of performing duties related to the conduct of your or
any insured's business;

(3)    Any person who is employed by, is leased to or contracted with any
organization that:

(a)    Contracted with you or with any insured for services; or

(b)    Contracted with others on your behalf for services;

arising out of and in the course of employment by that organization or
performing duties related to the conduct of that organization's business; or

(4)    The spouse, child, parent brother or sister of any of those persons as a
consequence of the "bodily injury" described in paragraphs (1), (2) or (3)
above.

For the purposes of this exclusion, contracted with includes contracting with an oral
or written contract.

This exclusion applies:

(1)    Whether the insured may be liable as an employer or in any other capacity;
and

(2)    Whether the insured may have any obligation to share damages with or pay
damages because of the injury

Your policy defines "employee" as:

Arch Insurance
June 23, 2017
Page 8

    5.  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

Your policy defines "leased worker" as:

    10.  "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker does not include a "temporary worker".

Your policy defines "temporary worker" as:

    19.  "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions

Your policy defines "volunteer worker" as:

    20.  "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

To the extent the Plaintiff is an "employee", "leased worker", "temporary worker", "volunteer worker" who was injured arising out of employment with the named insured, or performing duties related to your conduct or the conduct of any other insured's business, **section 1 of endorsement S94-CG Bodily Injury To Employees, Workers Or Contracted Persons Of Insureds Or Contracted Organizations** applies to preclude coverage. To the extent the Plaintiff contracted with the named insured or any other insured for services and was injured while performing duties related to the conduct of the named insured or any insured's business, **section 2 of endorsement S94-CG** applies to preclude coverage. To the extent the Plaintiff is any person who is employed by, is leased to or contracted with any organization that contracted with the named insured or with any insured for services; arising out of and in the course of employment by that organization or performing duties related to the conduct of that organizations business, **section 3 of endorsement S94-CG** applies to preclude coverage.

Please next refer to LIMITATION – CLASSIFICATION, S17-CG (7/09), which states:

    This endorsement modifies insurance under the following:

        COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

**A.**    The following is added to Paragraph **1.b., Insuring Agreement** of **SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

Arch Insurance
June 23, 2017
Page 9

This insurance applies to "bodily injury" and "property damage" caused by only those operations which are classified and shown on the Commercial General Liability Coverage Declarations, its endorsements, and supplements.

Please also refer to **COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS, S2584D-CG (9/07)**, which states:

| PREMIUM | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Loc. # | Classification | Code No. | Premium Base | Rate Pr/CO | All Other | Advance Premium Pr/CO | | All Other | |
| 001 | Driveway, Parking Area or Sidewalk - paving or repaving | 92215 | p | 147,200 | 14.343 | 35.994 $ | 2,111.00 | $ | 5,298.00 |
| C02 | Driveway, Parking Area or Sidewalk - paving or repaving | 92215 | p | 12,800 | 14.849 | 57.435 $ | 190.00 | $ | 735.00 |
| | Blanket Additional Insureds - | Fully Earned | t | | | Flat Chrg $ | | $ | 614.00 |

Because the damages being claimed against you did not arise out the "Driveway, Parking Area or Sidewalk – paving or repaving" classifications, endorsement **Limitation - Classification S17-CG (07/09)** applies to preclude coverage.

Because there is no coverage, we are unable to handle this matter on your behalf or pay any sums you may be legally obligated to pay. You are invited to provide any additional information that you believe would support our acceptance of coverage. **If you receive suit papers, please forward them to us immediately so we can determine if you are entitled to a defense.**

Neither this letter nor Northfield's investigation of these matters shall be construed as an admission of liability or as a waiver of any coverage defense or limitation that is available to Northfield, pursuant to the provisions of its insurance policies or by operation of law. In addition to the policy defenses discussed above, other defenses may be available to Northfield by operation of law. Northfield reserves any legal and policy defenses it may have in connection with these matters whether stated or not in this letter. Finally, Northfield reserves the right to modify its coverage position at any time upon receipt of additional information.

If you have any questions regarding our position on coverage, please contact me at the number below.

Sincerely,

Ryan J. Wartick
Northfield Insurance Company
Phone: 651-310-4755
Fax: 866-882-3589
E-Mail: rjwartic@northlandins.com

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 83 of 209 PageID #: 866

Arch Insurance
June 23, 2017
Page 10

cc:     Bass Underwriters, Inc.
        30 Montgomery Street, Ste 900
        Jersey City, NJ 07302

        Travelers Insurance
        Attn: Michael Tagliaferri
        PO Box 430
        Buffalo, NY 14240

        All Boro Rehab Construction
        260 Doughty Blvd.
        Inwood, NY 11098

        Ardito Law Firm, P.C.
        100 Quention Roosevelt Blvd.
        Garden City, NY 11530

        Jonathan Hoch and Henna Hoch
        72-72 141st Street
        Flushing, New York 11367

        Arch Insurance
        Attn: Christine Dodge
        1299 Farnam Street, Ste. 500
        Omaha, NE 68102-1880

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 10                                   RECEIVED NYSCEF: 11/30/2022

# EXHIBIT H

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM

NYSCEF DOC. NO. 10
RECEIVED NYSCEF: 11/30/2022



**Northland**
INSURANCE

P.O. Box 64805
St. Paul, MN 55164 - 0805

*Sent via Certified Mail and US Mail*

June 23, 2017

Travelers Insurance
Attn: Michael Tagliaferri
PO Box 430
Buffalo, NY 14240

Re:       Our Insured:              Drexler Land Development Inc.
          Our Claim Number:         23 WH005942-02
          TIC #:                    C5D2900
          Underwriting Company:     Northfield Insurance Company
          Date of Loss:             February 6, 2017
          Claimant:                 Interiano, Juan Carlos
          Your Claim #:             H3S9007

Dear Tagliaferri:

This letter acknowledges receipt of your tender of defense and indemnity on behalf of Jonathan and Henna Hoch in the matter of <u>Juan Carlos Interiano v. All Boro Construction Group, Inc., Jonathan Hoch and Henna Hoch</u>, venued in Queens County, New York. This claim was referred to us for consideration under Policy WS281789, issued to Drexler Land Development Inc. ("Drexler") for the policy period of May 29, 2016 to May 29, 2017. This policy provides Commercial General Liability Coverage. The purpose of this letter is to inform you that after a careful review of the policy this claim is not covered and we must respectfully deny your tender. The reasons for this are set forth below.

Our investigation indicates that the Plaintiff was injured while working at 72-72 141st Street, Flushing, New York. An excavator rolled over Plaintiff's foot causing injury while grading the backyard. Jonathan Hoch and Henna Hoch ("the Hochs") owned the premises. All Boro Construction Group, Inc. ("All Boro") acted as the general contractor for the project. Plaintiff was an employee of Drexler at the time of the incident.

Please refer to that portion of the policy titled **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07)**, as modified in **NEW YORK CHANGES COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 01 63 (4/09)** under **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** which states[1]:

---

[1] The policy also provides Coverage B "Personal and Advertising Injury" coverage. Because this claim does not even potentially allege "personal and advertising injury," we have not addressed that coverage in this letter. However, if you would like a more detailed discussion of why that coverage does not apply, please let us know and we will provide you with a more detailed analysis of that coverage.

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 86 of 209 PageID #: 663

Arch Insurance
June 23, 2017
Page 2

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ...

2. **Exclusions**

This insurance does not apply to:

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay as damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages

    (1) That the insured would have in the absence of the contract or agreement; or

    (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement...

I further direct your attention **CONTRACTUAL LIABILITY LIMITATION ENDORSEMENT, CG 21 39 (10/93)**, which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTIY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:

"Insured contract" means:

**a.** A contract for a lease of premises;

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

Case 2:23-cv-00238-RKC-AYS   Document 15-3   Filed 04/28/23   Page 87 of 209 PageID #: 664

Arch Insurance
June 23, 2017
Page 3

    **d.**   Any obligation, as required by ordinance, to indemnify a municipality, except in connection with the work for a municipality;

    **e.**   An elevator maintenance agreement.

There is no coverage under the policy for the contractual liability claim being made against Drexler by the Hochs and All Boro based upon the contractual liability exclusion and the contractual liability limitation quoted above.

We now refer you to endorsement S2774-CG (7/07), entitled **BLANKET ADDITIONAL INSURED (CONTRACTORS) (Excludes Products-Completed Operations)**, which states:

    This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

**1.**    **WHO IS AN INSURED - (SECTION II)** is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

    **a.**   Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

    **b.**   If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

**2.**    The insurance provided to the additional insured by this endorsement is limited as follows:

    …

    **c.**   The insurance provided to the additional insured does not apply to "bodily injury" or "property damage" caused by "your work" and included in the "products-completed operations hazard".

    …

**3.**    The insurance provided to the additional insured by this endorsement is excess over any valid and collectible other insurance, whether primary, excess, contingent or on any other basis, that is available to the additional insured for a loss we cover under this endorsement. However, if the "written contract requiring insurance" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to other insurance available to the additional insured which covers that person or organization as a named insured for such loss, and we will not share with that other insurance. But

Arch Insurance
June 23, 2017
Page 4

the insurance provided to the additional insured by this endorsement still is
excess over any valid and collectible other insurance, whether primary, excess,
contingent or on any other basis, that is available to the additional insured when
that person or organization is an additional insured under such other insurance.

5.      The following definition is added to the **DEFINITIONS** section:

"Written contract requiring insurance" means that part of any written contract or
agreement under which you are required to include a person or organization as
an additional insured on this Coverage Part, provided that the "bodily injury" and
"property damage" occurs and the "personal injury" is caused by an offense
committed:

a.      After the signing and execution of the contract or agreement by you;

b.      While that part of the contract or agreement is in effect; and

c.      Before the end of the policy period.

The policy defines "product-completed operations hazard" and "your work" as:

16.     "Products-completed operations hazard":

a.      Includes all "bodily injury" and "property damage" occurring away from
        premises you own or rent and arising out of "your product" or "your
        work" except:

        (1)     Products that are still in your physical possession; or

        (2)     Work that has not yet been completed or abandoned. However,
                "your work" will be deemed completed at the earliest of the
                following times:

                (a)     When all of the work called for in your contract has been
                        completed.

                (b)     When all of the work to be done at the job site has been
                        completed if your contract calls for work at more than one
                        job site.

                (c)     When that part of the work done at a job site has been
                        put to its intended use by any person or organization
                        other than another contractor or subcontractor working on
                        the same project.

                Work that may need service, maintenance, correction, repair or
                replacement, but which is otherwise complete, will be treated as

Arch Insurance
June 23, 2017
Page 5

completed.

b. Does not include "bodily injury" or "property damage" arising out of:

...

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; ...

22. "Your work":

a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2) The providing of or failure to provide warnings or instructions.

Based on the foregoing, the Hochs and All Boro would qualify as additional insureds under this endorsement, but only to the extent that, the injury or damage is caused by acts or omissions of Drexler or Drexler's subcontractor in the performance of their work to which the "written contract requiring insurance" applies. Furthermore, the Hochs and All Boro do not qualify as an additional insured with respect to their independent acts or omissions.

Despite their status as additional insureds coverage is barred by the following exclusions.

Next please refer to that portion of the policy titled **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07):**

2. **Exclusions**

This insurance does not apply to:

d. **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

Arch Insurance
June 23, 2017
Page 6

To the extent you have any obligation to pay any workers' compensation, disability benefits or any similar obligation, exclusion d. **Workers Compensation And Similar Laws** applies to preclude coverage.

Please next refer to EXCLUSION – EMPLOYERS LIABILITY, S2689-CG (10/08), which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following replaces Exclusion **e. Employer's Liability** in Paragraph **2.** of **SECTION I – COVERAGES – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

 **e. Employer's Liability**

 "Bodily injury" to:

 (1) Any "employee" of the named insured arising out of and in the course of:

 (a) Employment by the named insured; or

 (b) Performing duties related to the conduct of the named insured's business; or

 (2) The spouse, child, parent, brother, sister or relative of that "employee" as a consequence of paragraph **(1)** above.

 This exclusion applies:

 (1) Whether the insured may be liable as an employer or in any other capacity.

 (2) To any obligation to share damages with or repay someone who must pay damages because of the injury.

 (3) To any liability assumed by the insured under any contract or agreement.

To the extent the claimed "bodily injury" is to an "employee" of the named insured arising out of and in the course of employment with the named insured or performing duties related to the conduct of the named insured's business, exclusion e., Employer's Liability applies to preclude coverage.

Please next refer to **EXCLUSION – INJURY TO EMPLOYEES, WORKERS OR CONTRACTED PERSONS OF INSUREDS OR CONTRACTED ORGANIZATIONS, S94-CG (4/14)**, which states:

This endorsement modifies insurance provided under the following:

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM

NYSCEF DOC. NO. 10

Arch Insurance
June 23, 2017
Page 7

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. The following exclusion is added to Paragraph 2., **Exclusions**, of **SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

   **Bodily Injury To Employees, Workers Or Contracted Persons Of Insureds Or Contracted Organizations**

   This insurance does not apply to "bodily injury" to:

   (1) Any person who is an "employee", "leased worker", "temporary worker" or "volunteer worker" of you or any insured arising out of and in the course of:

      (a) Employment by you or any insured; or

      (b) Performing duties related to the conduct of your or any insured's business;

   (2) Any person who contracted with you or with any insured for services arising out of and in the course of performing duties related to the conduct of your or any insured's business;

   (3) Any person who is employed by, is leased to or contracted with any organization that:

      (a) Contracted with you or with any insured for services; or

      (b) Contracted with others on your behalf for services;

      arising out of and in the course of employment by that organization or performing duties related to the conduct of that organization's business; or

   (4) The spouse, child, parent brother or sister of any of those persons as a consequence of the "bodily injury" described in paragraphs (1), (2) or (3) above.

   For the purposes of this exclusion, contracted with includes contracting with an oral or written contract.

   This exclusion applies:

   (1) Whether the insured may be liable as an employer or in any other capacity; and

   (2) Whether the insured may have any obligation to share damages with or pay damages because of the injury

Arch Insurance
June 23, 2017
Page 8

Your policy defines "employee" as:

> 5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

Your policy defines "leased worker" as:

> 10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker does not include a "temporary worker".

Your policy defines "temporary worker" as:

> 19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions

Your policy defines "volunteer worker" as:

> 20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

To the extent the Plaintiff is an "employee", "leased worker", "temporary worker", "volunteer worker" who was injured arising out of employment with the named insured, or performing duties related to your conduct or the conduct of any other insured's business, **section 1 of endorsement S94-CG Bodily Injury To Employees, Workers Or Contracted Persons Of Insureds Or Contracted Organizations** applies to preclude coverage. To the extent the Plaintiff contracted with the named insured or any other insured for services and was injured while performing duties related to the conduct of the named insured or any insured's business, **section 2 of endorsement S94-CG** applies to preclude coverage. To the extent the Plaintiff is any person who is employed by, is leased to or contracted with any organization that contracted with the named insured or with any insured for services; arising out of and in the course of employment by that organization or performing duties related to the conduct of that organizations business, **section 3 of endorsement S94-CG** applies to preclude coverage.

Please next refer to **LIMITATION – CLASSIFICATION, S17-CG (7/09),** which states:

This endorsement modifies insurance under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM INDEX NO. 606823/2022
NYSCEF DOC. NO. 10                                                    RECEIVED NYSCEF: 11/30/2022

Arch Insurance
June 23, 2017
Page 9

A.    The following is added to Paragraph 1.b., **Insuring Agreement of SECTION I –
      COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
      LIABILITY:**

      This insurance applies to "bodily injury" and "property damage" caused by only
      those operations which are classified and shown on the Commercial General
      Liability Coverage Declarations, its endorsements, and supplements.

Please also refer to **COMMERCIAL GENERAL LIABILITY COVERAGE PART
DECLARATIONS, S2584D-CG (9/07),** which states:

| Loc. # | Classification | Code No. | | Premium Base | Rate Pr/CO | Rate All Other | Advance Premium Pr/CO | | Advance Premium All Other |
|---|---|---|---|---|---|---|---|---|---|
| 001 | Driveway, Parking Area or Sidewalk - paving or repaving | 92215 | p | 147,300 | 14.343 | 35.994 $ | 2,111.00 | $ | 5,298.00 |
| 002 | Driveway, Parking Area or Sidewalk - paving or repaving | 92215 | p | 12,800 | 14.849 | 57.435 $ | 190.00 | $ | 735.00 |
| | Blanket Additional Insureds - | | Fully Earned | t | | Flat Chrg $ | | $ | 814.00 |

**PREMIUM**

Because the damages being claimed against you did not arise out the "Driveway, Parking Area
or Sidewalk – paving or repaving" classifications, endorsement **Limitation - Classification
S17-CG (07/09)** applies to preclude coverage.

Because there is no coverage, we are unable to handle this matter on your behalf or pay any
sums you may be legally obligated to pay.  You are invited to provide any additional information
that you believe would support our acceptance of coverage.

Neither this letter nor Northfield's investigation of these matters shall be construed as an
admission of liability or as a waiver of any coverage defense or limitation that is available to
Northfield, pursuant to the provisions of its insurance policies or by operation of law.. In addition
to the policy defenses discussed above, other defenses may be available to Northfield by
operation of law.  Northfield reserves any legal and policy defenses it may have in connection
with these matters whether stated or not in this letter.  Finally, Northfield reserves the right to
modify its coverage position at any time upon receipt of additional information.

If you have any questions regarding our position on coverage, please contact me at the number
below.

Sincerely,


Ryan J. Wartick
Northfield Insurance Company
Phone: 651-310-4755
Fax:  866-882-3589
E-Mail: rjwartic@northlandins.com

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 94 of 209 PageID #: 811

Arch Insurance
June 23, 2017
Page 10


cc:       Bass Underwriters, Inc.
          30 Montgomery Street, Ste 900
          Jersey City, NJ 07302

          Drexler Land Development Inc.
          60 Whitson St
          Hempstead, NY 11550

          All Boro Rehab Construction
          260 Doughty Blvd.
          Inwood, NY 11098

          Ardito Law Firm, P.C.
          100 Quention Roosevelt Blvd.
          Garden City, NY 11530

          Jonathan Hoch and Henna Hoch
          72-72 141st Street
          Flushing, New York 11367

          Arch Insurance
          Attn: Christine Dodge
          1299 Farnam Street, Ste. 500
          Omaha, NE 68102-1880

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM INDEX NO. 616823/2022

NYSCEF DOC. NO. 11 RECEIVED NYSCEF: 11/30/2022

# EXHIBIT I



Arch Specialty Insurance Company

1299 Farnam Street
Suite 500
Omaha, NE 68102-1880

P.O. Box 542033
Omaha, NE 68154

T: 877.688.2724
F: 866.266.3630

archinsurance.com

July 20, 2017

***CERTIFIED MAIL/RRR***
***ARTICLE # 9214 8969 0099 9790 1616 0848 63***
***& REGULAR MAIL***

All Boro Rehab Construction Corp.
260 Doughty Blvd
Inwood, NY 11096

***CERTIFIED MAIL/RRR***
***ARTICLE # 9214 8969 0099 9790 1616 0848 94***
***& REGULAR MAIL***

All Boro Construction Group, Inc.
260 Doughty Blvd
Inwood, NY 11096

Re:

| | |
|---|---|
| **Insured:** | **All-Boro Rehab Construction Corp.** |
| **Plaintiff:** | **Juan Carlos Interiano** |
| **Claim No.:** | **13066430** |
| **Date of loss:** | **2/6/2017** |
| **Location of Loss:** | **72-72 141st Street, Flushing, New York** |

**Supreme Court of the State of New York, County of Queens**
**Juan Carlos Interiano v. All Boro Construction Group, Inc. Jonathan Hoch and**
**Henna Hoch**

Dear Mr. Rabinowitz:

Arch Specialty Insurance Company ("Arch") is the general liability carrier for All-Boro Rehab Construction Corp. ("All-Boro"). We acknowledge receipt of the captioned summons and complaint whereby All-Boro Construction Group, Inc. ("All Boro Construction") is named as a direct defendant. In addition, Arch received a tender from Travelers Insurance Company ("Travelers") seeking defense and indemnity under the All-Boro policy with Arch for Jonathan Hoch and Henna Hoch (hereinafter referred to as "Hoch"). Please be advised that we have reviewed this claim and have determined that no

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 11

coverage is available for All Boro, All Boro Construction or any purported additional insureds under All Boro's policy with Arch. Accordingly, we hereby disclaim coverage for this matter which is explained in detail below.

Juan Carlos Interiano filed suit against All Boro Construction and Hoch alleging he was injured during the course of his employment, while performing construction activities at 72-72 141st Street, Flushing, NY. Plaintiff alleges common law negligence and violations of the New York State Labor Law sections 200, 240 and 241(6) ("the Juan Carlos Interiano Action").

**The Arch Policy**

Arch issued Commercial General Liability Policy No. AGL0032630-01 to All Boro with effective dates from January 1, 2017 to January 1, 2018 (the "Arch Policy").

Below we quote certain portions of the Arch policy. This recitation of policy provisions is not intended to be, nor should it be construed as, an exhaustive listing of the policy's terms or provisions. Please consult the policy for the complete terms or provisions. Arch reserves its right to rely upon terms and provisions of the policy which are not quoted below in support of its coverage position.

Arch refers you to the applicable section of the COMMERCIAL GENERAL LIABILITY COVERAGE FORM, which contains the following Insuring Agreement, which provides, in relevant part:

> **SECTION I-COVERAGES**
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But
>
>    *          *          *
>
>    b. This insurance applies to "bodily injury" and "property damage" only if:
>
>       (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory", and

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 11
RECEIVED NYSCEF: 11/30/2022

(2) The "bodily injury" or "property damage" occurs during the policy period.

*     *     *

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers in the conduct of your business.
   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors in the conduct of your business. Your stockholders are also insureds, but only with respect to their liability as stockholders.
   e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees in the conduct of your business.

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties directly related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties directly related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

      (1) "Bodily injury" or "personal and advertising injury":

         a. To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a "co-employee" while in the course of his or her employment or performing duties directly related to the conduct of your business, or to your other "volunteer workers" while performing duties directly related to the conduct of your business;
         b. To the spouse, child, parent, brother or sister of that "co-employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 99 of 209 PageID #: 616
INDEX NO. 606823/2022
RECEIVED NYSCEF: 11/30/2022

      c. For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(b)** above; or

      d. Arising out of his or her providing or failing to provide professional health care services.

  **(2)** "Property damage" to property:

      a. Owned, occupied or used by; or

      b. Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

**c.** Any person or organization having proper temporary custody of your property if you die, but only:

      1. With respect to liability arising out of the maintenance or use of that property; and

      2. Until your legal representative has been appointed.

**d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this policy.

**3.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other insurance available to that organization. However:

      a. Coverage under this provision Is afforded only until the 90th day after you acquire or form the organization or the end of the "policy period", whichever is earlier;

      b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

      c. Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 100 of 209 PageID #: 617

July 20, 2017
Page 5 of 9

## SECTION V – DEFINITIONS

"Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\*          \*          \*

We now refer you to the following exclusion which applies to preclude coverage for this loss:

**"NEW YORK LIMITATION ENDORSEMENT – WORK DONE ON YOUR BEHALF BY UNINSURED OR UNDERINSURED SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section IV – Commercial General Liability Conditions** is amended by the addition of the following conditions:

1. You will obtain agreements, in writing, from all "subcontractors" for each and every job that you employ a "subcontractor", pursuant to which the "subcontractor(s)" will be required to defend, indemnify and hold you harmless, and any other Named Insured under this policy for whom the "subcontractor" is working, for any claim or "suit" for "bodily injury",

NYSCEF DOC. NO. 11
Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 101 of 209
PageID #: 618

"property damage" or "personal and advertising injury" arising out of the work performed by the "subcontractor".

2. Certificates of Insurance for Commercial General Liability coverage written on standard Insurance Services Office, Inc. (ISO) forms, or their equivalent, with limits equal to or greater than $1,000,000, will be obtained by you from all "subcontractors" prior to commencement of any work performed for any insured.

3. You, and any other Named Insured under this policy for whom the "subcontractor" is working, will be named as additional insured on all of the "subcontractors" Commercial General Liability policy(ies). Each Certificate of Insurance referenced in Paragraph **2.** above will show this additional insured designation.

B. The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability :**

This insurance does not apply to any claim, "suit", demand or loss that alleges "bodily injury", including injury to any "worker", "property damage" or "personal and advertising injury" that in any way, in whole or in part, arises out of, relates to or results from operations or work performed on your behalf by a "subcontractor", unless such "subcontractor":

1. Has in force at the time of such injury or damage a Commercial General Liability insurance policy that:
   a. names you and any other Named Insured as an additional insured;
   b. provides an each-occurrence limit of liability equal to or greater than $1,000,000; and
   a. provides coverage for you for such claim, "suit", demand or loss; and

2. Has agreed in writing to defend, indemnify and hold harmless you and any other Named Insured under the policy for any claim or "suit" for "bodily injury" to any "worker" arising out of the work performed by such subcontractor, to the fullest extent allowed by law.

C. For the purposes of this endorsement only, "subcontractor" means any person or organization who is not an "employee" of an insured and does work or performs services for or on behalf of an insured.

D. For the purposes of this endorsement only, "worker" means any "employee", "temporary worker", casual laborer, borrowed "employee", borrowed servant, independent contractor or "subcontractor" that performs work, whether directly or indirectly, for any of your subcontractors.

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 102 of 209
PageID #: 698

July 20, 2017
Page 7 of 9

   E. This exclusion applies only to operations or work performed in the State of New York.
      All other terms and conditions of this Policy remain unchanged."

**ANALYSIS**

A review of the Arch Policy reveals that All Boro Construction is not a Named Insured and does not qualify as a Named Insured. Therefore there is no coverage for All Boro Construction under the Arch Policy.

This determination means that Arch will not assign defense counsel on All Boro Construction's behalf; we will not participate in any settlement negotiations; and further Arch will not pay any judgment that may be rendered against All Boro Construction for the aforementioned matter.

**Please note that there is a default hearing scheduled for July 28, 2017. Arch will not retain counsel to represent All Boro Construction at this hearing.**

Arch's investigation reveals that the plaintiff was an employee All Boro's sub, Drexler Corp. ("Drexler"). Drexlers' Commercial General Liability Carrier, Northland Insurance ("Northland") has denied our tender requesting coverage under the Drexler policy. It is clear at this point that the conditions of the New York Limitation Endorsement – Work Done On Your Behalf by Uninsured Or Underinsured Subcontractors were not met therefore there is no coverage for this matter under the Arch Policy.

Although there is no formal suit pending against All Boro at this time, should one be presented, Arch would likely have no duty to defend or have any obligation to indemnify All Boro in this matter under the Arch Policy based on the New York Limitation Endorsement – Work Done On Your Behalf by Uninsured Or Underinsured Subcontractors form. Should suit be filed against All Boro we request that you forward all applicable legal documents to Arch so we can review the pleadings and supplement our coverage position if necessary. To the extent you provide such information and documents, Arch reserves the right to alter, modify or otherwise supplement is coverage position should such addition information so warrant.

Arch will not be deemed to have waived any right under any policy or the law with respect to All Boro, including those defenses that may be developed in the course of further investigation or discovery. The omission or reference to any particular policy provision, factual allegations or non-covered circumstances should not be construed as a waiver or abandonment of any rights or legal defenses Arch may have pursuant to the policy or at law. Neither this letter nor any further acts or investigation performed by or for Arch should be construed as either a waiver or estoppel regarding any policy provision or any rights or defenses thereunder. Other issues may be presented as further information becomes available. Arch reserves its right to amend or modify this disclaimer.

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 103 of 209
PageID #: 620

July 20, 2017
Page 8 of 9

In the event you disagree with our assessment of this claim, or have additional facts you
would like us to consider, please notify us immediately. Should you wish to take this
matter up with the New York State Department of Financial Services, you may file with the
Department either on its website at www.ins.state.ny.us/complhow.htm or you may write
to or visit the Consumer Services Bureau, New York State Department of Financial
Services , at: One State Street, New York, NY 10004; One Commerce Plaza, Albany, NY
12257; 200 Old Country Road, Suite 340, Mineola, NY 11501; or Walter J. Mahoney
Office Building, 65 Court Street, Buffalo, NY 14202.

Should you have any questions regarding Arch's position as set forth above or become
aware of any additional information, not currently known to Arch, feel free to contact me at
(410) 553-1872.

Sincerely,

*Christine Dodge*

Christine Dodge
Senior Claims Examiner
Arch Insurance Group
Phone: (410) 553-1872
Email: cdodge@archinsurance.com


/cmd-t


cc:     **CERTIFIED MAIL/RRR**
        **ARTICLE # 9214 8969 0099 9790 1616 0849 24**
        **& REGULAR MAIL**
        RT Specialty, LLC –CT
        20 Church Street
        Suite 1500
        Hartford, CT. 06103
        Your Client: All Boro

        **CERTIFIED MAIL/RRR**
        **ARTICLE # 9214 8969 0099 9790 1616 0849 48**
        **& REGULAR MAIL**
        Bluestone Brokerage LL
        C 84 Business Park Dr. Ste 111
        Armonk, NY 10504
        Your Client: All Boro

July 20, 2017
Page 9 of 9

***CERTIFIED MAIL/RRR***
***ARTICLE # 9214 8969 0099 9790 1616 0849 79***
***& REGULAR MAIL***
Bass Underwriters, Inc.
30 Montgomery Street, Ste 900
Jersey City, NJ 07302

***CERTIFIED MAIL/RRR***
***ARTICLE # 9214 8969 0099 9790 1616 0850 20***
***& REGULAR MAIL***
Ardito Law Firm, P.C
100 Quention Roosevelt Blvd.
Garden City, NY 11530
Plaintiffs counsel

***CERTIFIED MAIL/RRR***
***ARTICLE # 9214 8969 0099 9790 1616 0850 68***
***& REGULAR MAIL***
Jonathan Hoch
72-72 141st Street
Flushing, NY 11367

***CERTIFIED MAIL/RRR***
***ARTICLE # 9214 8969 0099 9790 1616 0850 99***
***& REGULAR MAIL***
Henna Hoch
72-41 141st Street
Flushing, NY 11367

***CERTIFIED MAIL/RRR***
***ARTICLE #***
***& REGULAR 9214 8969 0099 9790 1616 0851 67***
***MAIL***
Michael Tagliaferri
Travelers Insurance Co.
P.O. Box 430
Buffalo, NY 14240
Your Insured: Jonathan and Henna Hoch

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 12                                      RECEIVED NYSCEF: 11/30/2022

# EXHIBIT J

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 12                                    RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 12/15/2017 10:13 AM    INDEX NO. 702376/2017
NYSCEF DOC. NO. 17                                    RECEIVED NYSCEF: 12/15/2017

Amended Short Form Order

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: HONORABLE THOMAS D. RAFFAELE    IA PART 13

Justice

- - - - - - - - - - - - - - - - - - - - -x

JUAN CARLOS INTERIANO,

                    Plaintiff,        Index No. 702376/17

            -against-                 Motion Date: 7/8/17

ALL BORO CONSTRUCTION GROUP, INC.,    Sequence No. 1
JONATHAN HOCH and HENNA HOCH,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - -x

The following papers numbered 1 to 4 read on this motion by plaintiff, Juan Carlos Interiano, for an order pursuant to CPLR 3215 granting a default judgment in favor of the plaintiff and against the defendants, All Boro Construction Group, Inc., Jonathan Hoch and Henna Hoch, on the issue of liability and setting the matter down for an inquest for damages, and for such other and further relief as this Court may seem just and proper.

                                            PAPERS NUMBERED

Notice of Motion-Affidavits-Exhibits........................................................ 1-4
Stipulation.......................................................................................... 5

Upon the foregoing papers, the motion is granted. Plaintiff is awarded a default judgment against defendant, All Boro Construction, Inc. only. The parties have stipulated to withdraw the motion as against Jonathan Hoch and Henna Hoch.

An inquest shall be held simultaneously at the time of trial against the remaining defendants.

The foregoing constitutes the decision and order of this court.

Dated: December  /2 , 2017

                                        THOMAS D. RAFFAELE, J.S.C.

FILED

DEC 1 5 2017

COUNTY CLERK
QUEENS COUNTY

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 13                                 RECEIVED NYSCEF: 11/30/2022

# EXHIBIT K

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 108 of 209
PageID #: 625
INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

### ☆ Arch | Insurance

Arch Specialty Insurance Company

1299 Farnam Street
Suite 500
Omaha, NE 68102-1880

P.O. Box 542033
Omaha, NE 68154

T: 877.688.2724
F: 866.266.3630

archinsurance.com

September 11, 2018

*CERTIFIED MAIL/RRR*
*ARTICLE # 9214 8969 0099 9790 1623 4207 08*
*REGULAR MAIL*
*& EMAIL:* mtagliaf@travelers.com

Michael Tagliaferi
Travelers Insurance Company
P.O. Box 430
Buffalo, NY 14240-0430

Re:

| | |
|---|---|
| **Insured:** | **All-Boro Rehab Construction Corp.** |
| **Plaintiff:** | **Juan Carlos Interiano** |
| **Claim No.:** | **13066430** |
| **Date of loss:** | **2/6/2017** |
| **Your Claim No.:** | **H3S9007** |
| **Your Insured:** | **Jonathan and Henna Hoch** |
| **Location of Loss:** | **72-72 141st Street, Flushing, New York** |

RE:   **Juan Carlos Interiano v. All Boro Construction Group, Inc. Jonathan Hoch and Henna Hoch, Supreme Court of the State of New York, County of Queens**

Dear Mr. Tagliaferri:

As you are aware Arch Specialty Insurance Company ("Arch") is the general liability carrier for All-Boro Rehab Construction Corp. ("All-Boro"). Arch previously denied your tender request on behalf of your insureds, Jonathan and Henna Hoch (hereinafter referred to as "Hoch") in connection to the captioned matter, by letter dated July 20, 2017. Arch's prior disclaimer is incorporated in full by reference. However, this correspondence shall serve to respond to Travelers Insurance Company's ("Travelers") objection to Arch's July 20, 2017 tender denial.

In your objection to Arch's disclaimer as to the claims asserted against the Hochs pursuant to the subject Arch policy's the Arch policy's New York Limitation Endorsement – Work Done On Your Behalf By Uninsured Or Underinsured Subcontractors ("New York

Case 2:23-cv-00228-PKC-AYS   Document 15-3   Filed 04/28/23   Page 109 of 209 PageID #: 620

September 11, 2018
Page 2 of 4

Limitation Endorsement"), you contend that the New York Limitation Endorsement restricts coverage for the named insured on the policy but "the exclusion does not make any reference to additional insured coverage. While it might apply to your named insured, there is nothing in the exclusion that states coverage is barred for those who qualify as additional insureds..."

Significantly, you did not state the basis of the objection. For the purposes of this discussion, we assume that the basis of the objection is the use of the words "you" and "yours" in the New York Limitation Endorsement, which are defined in the policy jacket's preface to refer to the named insured.

Arch does not dispute that the words "you" and "yours" in the New York Limitation Endorsement refer to All Boro and not the Hochs. Nonetheless, the New York Limitation Endorsement's exclusionary language concerns work performed by the named insured's subcontractor; it does not serve to limit application of the New York Limitation Endorsement to only claims asserted against the named insured. It is Arch's position that the New York Limitation Endorsement applies to both named insureds and additional insureds. Consequently, Arch adheres to its prior disclaimer of coverage.

Should you have any questions regarding Arch's position as set forth above or become aware of any additional information, not currently known to Arch, feel free to contact me at (410) 553-1872.

Sincerely,

*Christine Dodge*

Christine Dodge
Senior Claims Examiner
Arch Insurance Group
Email: cdodge@archinsurance.com

Case 2:23-cv-00238-DKC-AYS   Document 15-3   Filed 04/28/23   Page 110 of 209
PageID #: 627

September 11, 2018
Page 3 of 4


/cmd


cc:  **_CERTIFIED MAIL/RRR_**
**_ARTICLE # 9214 8969 0099 9790 1623 4210 71_**
**_& REGULAR MAIL_**
RT Specialty, LLC –CT
20 Church Street - Suite 1500
Hartford, CT. 06103
Your Client: All Boro


**_CERTIFIED MAIL/RRR_**
**_ARTICLE # 9214 8969 0099 9790 1623 4212 00_**
**_& REGULAR MAIL_**
Bluestone Brokerage LLC
84 Business Park Dr. - Ste 111
Armonk, NY 10504
Your Client: All Boro


**_CERTIFIED MAIL/RRR_**
**_ARTICLE # 9214 8969 0099 9790 1623 4212 48_**
**_& REGULAR MAIL_**
Raymond Ardito
Ardito Law Firm, P.C
100 Quentin Roosevelt Blvd. – Ste 209
Garden City, NY 11530


**_CERTIFIED MAIL/RRR_**
**_ARTICLE # 9214 8969 0099 9790 1623 4212 93_**
**_& REGULAR MAIL_**
Jonathan Hoch
72-41 141st Street
Flushing, NY 11367


**_CERTIFIED MAIL/RRR_**
**_ARTICLE # 9214 8969 0099 9790 1623 4213 16_**
**_& REGULAR MAIL_**
Henna Hoch
72-41 141st Street
Flushing, NY 11367

Case 2:23-cv-00238-DKC-AYS   Document 15-3   Filed 04/28/23   Page 111 of 209
PageID #: 628

September 11, 2018
Page 4 of 4

***CERTIFIED MAIL/RRR***
***ARTICLE #***
***& REGULAR MAIL***
All Boro Rehab Construction Corp.
260 Doughty Blvd.
Inwood, NY 11096

***CERTIFIED MAIL/RRR***
***ARTICLE # 9214 8969 0099 9790 1623 4214 39***
***& REGULAR MAIL***
All Boro Construction Group Inc.
260 Doughty Blvd.
Inwood, NY 11096

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM INDEX NO. 616823/2022
NYSCEF DOC. NO. 14 RECEIVED NYSCEF: 11/30/2022

# EXHIBIT L

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM        INDEX NO. 616823/2022
NYSCEF DOC. NO. 14                                    RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 03/06/2019 03:02 PM        INDEX NO. 702376/2017
NYSCEF DOC. NO. 39                                    RECEIVED NYSCEF: 03/06/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------X

JUAN CARLOS INTERIANO,                          *Index No.: 702376/17*

                                    Plaintiff,   STIPULATION OF
                                                 DISCONTINUANCE as to
   - against -                                   DEFENDANTS JONATHAN
                                                 and HENNA HOCH ONLY

ALL BORO CONSTRUCTION GROUP, INC.,
JONATHAN HOCH and HENNA HOCH,

                                    Defendants.

-----------------------------------------------------------X

　　　*IT IS HEREBY STIPULATED AND AGREED* by and between the parties, that

this action is hereby discontinued, with prejudice, as to defendants JONATHAN HOCH

and HENNA HOCH **ONLY,** without costs or disbursements to any party.

Dated: March 6, 2019
　　　　Melville, New York

LAW OFFICE OF                          ARDITO LAW FIRM, P.C.
ANDREA G. SAWYERS                      RAYMOND ARDITO, ESQ.
BY: DAVID I. ROBINSON                  Attorneys for Plaintiff
Attorneys for Defendants               100 Quentin Roosevelt Blvd., Suite 209
JONATHAN HOCH and HENNA                Garden City, New York 11530
HOCH                                   516-531-7007
Mailing Address:
P.O. Box 2903
Hartford, CT 06104-2903
(631) 501-3133
Matter No.: 2017013077DIR

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM INDEX NO. 616823/2022
NYSCEF DOC. NO. 15 RECEIVED NYSCEF: 11/30/2022

# EXHIBIT M

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 115 of 209

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 15                                    INDEX NO. 616823/2022
                                              RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM
NYSCEF DOC. NO. 1                                     INDEX NO. 716989/2019
                                              RECEIVED NYSCEF: 10/03/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
JUAN CARLOS INTERIANO

                                        Plaintiff(s),

        - against-


ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO
GROUP LLC

                                        Defendant(s).
------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**
Plaintiff(s) designate(s)
QUEENS
County as the place of trial

The basis of the venue is
Place of occurrence

## TO THE ABOVE NAMED DEFENDANTS

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Notice: The nature of this action is Personal Injuries.

The relief sought is as follows:

A sum which exceeds the jurisdictional limits of all lower Courts; together with the costs, disbursements and interest relating to each cause of action;

Dated: Garden City, New York
      October 3, 2019

RAYMOND ARDITO, ESQ.
ARDITO LAW FIRM, P.C.
Attorneys for Plaintiff(s)
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, New York 11530
(516) 531-7007


TO:

ALL BORO GROUP LLC
260 Doughty Boulevard
Inwood, NY 11096

ALL-BORO REHAB CONSTRUCTION CORP.
188-14 Union Turnpike
Queens, NY 11366

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 116 of 209

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 15
INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM
NYSCEF DOC. NO. 1
INDEX NO. 716989/2019
RECEIVED NYSCEF: 10/03/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

JUAN CARLOS INTERIANO                                          Index No.:

                                    Plaintiff(s),

            -against-                                          **COMPLAINT**

ALL-BORO REHAB CONSTRUCTION CORP.
and ALL BORO GROUP LLC

                                    Defendant(s).
------------------------------------------------------------------X

        Plaintiff, by his attorneys, **ARDITO LAW FIRM, PC,** as and for his Complaint herein,

respectfully alleges, upon information and belief, the following:

                    **AS AND FOR A FIRST CAUSE OF ACTION**

        1.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is a domestic business corporation organized and

existing under and by virtue of the laws of the State of New York.

        2.      At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and

still is a domestic limited liability company organized and existing under and by virtue of the

laws of the State of New York.

        3.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is the owner of the premises located at 72-72 141st

Street, Flushing, NY.

        4.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is the lessor of the premises located at 72-72 141st

Street, Flushing, NY.

        5.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is the lessee of the premises located at 72-72 141st

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM        INDEX NO. 616823/2022
NYSCEF DOC. NO. 15                                    RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM        INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 10/03/2019

Street, Flushing, NY.

6.      At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of defendant ALL BORO GROUP LLC.

7.      At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of All Boro Construction Group, Inc.

8.      At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of Jonathan Hoch.

9.      At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of Henna Hoch.

10.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, operated the premises located at 72-72 141st Street, Flushing, NY.

11.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, maintained the premises located at 72-72 141st Street, Flushing, NY.

12.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, controlled the premises located at 72-72 141st Street, Flushing, NY.

13.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, managed the premises located at 72-72 141st Street, Flushing, NY.

14.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, supervised the premises located at 72-72 141st Street, Flushing, NY.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM   INDEX NO. 616823/2022
NYSCEF DOC. NO. 15                                RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM   INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                 RECEIVED NYSCEF: 10/03/2019

15.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and still is the owner of the premises located at 72-72 141st Street, Flushing, NY.

16.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and still is the lessor of the premises located at 72-72 141st Street, Flushing, NY.

17.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and still is the lessee of the premises located at 72-72 141st Street, Flushing, NY.

18.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of defendant ALL-BORO REHAB CONSTRUCTION CORP.

19.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of All Boro Construction Group, Inc.

20.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of Jonathan Hoch.

21.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of Henna Hoch.

22.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, operated the premises located at 72-72 141st Street, Flushing, NY.

23.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, maintained the premises located at 72-72 141st Street, Flushing, NY.

24.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, controlled the premises located at 72-72 141st Street, Flushing, NY.

25.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 15    RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/03/2019

agents, servants and/or employees, managed the premises located at 72-72 141st Street, Flushing, NY.

26.    At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, supervised the premises located at 72-72 141st Street, Flushing, NY.

27.    On February 6, 2017, while plaintiff JUAN CARLOS INTERIANO was lawfully present and/or working at the job site at the aforementioned premises, he was caused to be injured.

28.    As a result of the incident, plaintiff was caused to sustain serious, severe and permanent personal injuries.

29.    The foregoing was caused by the negligence, carelessness, recklessness and gross negligence of defendants, their agents, servants, employees, contractors and/or subcontractors in the ownership, operation, maintenance, repair, design, engineering, construction, inspection, supervision, use and/or control of the aforementioned premises; in failing to properly design, engineer, maintain, construct, repair, inspect, operate, control, supervise and/or use the aforementioned premises; in the negligent, careless, reckless and grossly negligent operation, control, repair, design, maintenance, inspection, engineering, supervision, use and/or construction of said premises; in failing to place appropriate safety devices at the aforementioned premises; in failing to properly and/or safely operate equipment at the aforementioned premises; in failing to properly and/or safely operate machinery at the aforementioned premises; in allowing said machinery to become and remain in a dangerous, defective, unsafe, and/or malfunctioning condition; in causing said machinery to become and remain in a dangerous, defective, unsafe and/or malfunctioning condition; in failing to provide properly functioning machinery at the aforementioned premises; in failing to provide a properly maintained

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 15    RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/03/2019

workplace; in failing to post adequate warnings of the w dangerous, defective, unsafe, and malfunctioning condition of said machinery at the aforementioned premises; in failing to create a condition whereby persons could safely work at and/or travel over said premises; in creating hazardous and dangerous condition(s) to persons working at and/or traversing said premises; in causing, permitting and allowing the aforementioned premises to remain in a hazardous, dangerous and/or defective condition in spite of adequate notice; in causing, permitting and allowing the aforementioned machinery to remain in a dangerous, defective, unsafe, and/or malfunctioning condition in spite of adequate notice; in creating the aforementioned hazardous, dangerous and/or defective condition on, at or near the aforementioned premises; in negligently maintaining repairing, operating, controlling, supervising, designing, using and/or constructing the aforementioned premises, in a hazardous, dangerous and/or defective manner so as to constitute a nuisance, danger and/or hazard; in negligently maintaining repairing, operating, controlling, supervising, using and/or operating the aforementioned machinery so as to constitute a nuisance, danger and/or hazard; in maintaining, repairing, operating, controlling, supervising, designing, using and/or constructing said premises with inadequate safety warnings, signs, barricades and/or devices in place; in maintaining repairing, operating, controlling, supervising, using and/or operating said machinery with inadequate safety warnings, signs, barricades and/or devices in place; in using, utilizing and or deriving a benefit and/or special use from said premises with inadequate safety warnings, signs, barricades and/or devices in place; in using, utilizing and or deriving a benefit and/or special use from said premises while maintaining same in a hazardous, dangerous, worn, misleveled and/or defective manner so as to constitute a nuisance, danger and/or hazard; in causing and permitting a nuisance, danger and/or hazard to exist at the premises; in failing to make proper and/or timely inspections of said premises and/or machinery; in causing and permitting the conditions to exist which brought about the events

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 121 of 209

complained of; in forcing plaintiff into a position of danger; in causing and/or permitting hazards and risks to exist; in causing and permitting hazards and risks to exist at the time and place complained of; in failing to post caution signs and/or warning signs alerting persons, and more specifically, plaintiff herein, of the severe, dangerous, hazardous and/or defective conditions existing at the premises; in failing to conduct engineering studies; in failing to conduct proper engineering studies; in failing to properly conduct engineering studies; in failing to conduct safety studies; in failing to conduct proper safety studies; in failing to properly conduct safety studies; in ignoring the results and information gained from studies performed; in failing to implement safety plans; in failing to make proper and timely inspections; in failing to provide proper safeguards; in negligently hiring, training, instructing and/or supervising their agents, servants, employees, engineers, contractors and/or subcontractors; in failing to remedy and/or correct the dangerous, defective and/or hazardous conditions existing on, at and/or near the aforementioned premises after reasonable notice of the existence of the aforementioned dangerous, defective and/or hazardous conditions; in failing to remedy and/or correct the dangerous, defective, unsafe, and/or malfunctioning machinery after reasonable notice of the existence of the dangerous, defective, unsafe, and/or malfunctioning nature of said machinery; in failing to implement and/or formulate a proper safety plan for the aforementioned premises; in failing to provide plaintiff with a safe place to work; in causing and/or permitting unsafe, dangerous and hazardous conditions to exist at the job site of the aforementioned premises, which constituted a danger, nuisance and/or menace to the safety of the plaintiff; in failing to take the necessary steps and measures to protect the life and safety of the plaintiff; in causing the plaintiff to work and to be employed in an unsafe, dangerous and/or hazardous place without the benefit of adequate and appropriate protection for his safety and welfare; in providing the plaintiff with a work station and/or work area which was inadequate; in failing to furnish and

Case 2:23-cv-00238-PKC-AYS     Document 15-3     Filed 04/28/23     Page 122 of 209

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 15

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

INDEX NO. 716989/2019
RECEIVED NYSCEF: 10/03/2019

provide adequate safety devices for plaintiff during the performance of plaintiff's duties; in failing to furnish and/or provide safe and proper devices and/or equipment necessary to give proper protection to plaintiff in the performance of plaintiff's job duties; in failing to construct, shore, equip, place, guard, arrange and maintain the job site at the aforementioned premises so as to give proper protection to the plaintiff; in violating pertinent codes, rules, statutes, promulgations, ordinances and regulations of the City and State of New York including but not limited to §§ 200, 240 and 241(6) of the Labor Law and applicable sections of the New York State Industrial Code; in failing to give warning or notice to the plaintiff of the unsafe, dangerous, hazardous conditions existing at the job site; in failing to adequately and properly inspect the job site; in failing to provide the plaintiff with proper, adequate and competent supervision; in failing to construct, shore, equip, place, guard, arrange and maintain the job site free of obstructions and/or conditions which presented a danger to plaintiff; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the job site and machinery at the aforementioned premises. Defendants, their agents, servants, employees, contractors and/or subcontractors caused the aforementioned conditions, and failed to correct them, causing grave, severe and serious personal injuries, as well as additional damages to the plaintiff. Defendants, their agents, servants, employees, contractors and/or subcontractors, had notice of the aforementioned conditions, and in any event, should have had notice of the aforementioned conditions, and failed to correct them, causing grave, severe and serious personal injuries, as well as additional damages to the plaintiff. Defendants, their agents, servants, employees, contractors and/or subcontractors violated pertinent codes, rules, statutes, promulgations, ordinances and regulations of the City and State of New York including but not limited to §§ 200, 240 and 241(6) of the Labor Law and

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM          INDEX NO. 616823/2022
NYSCEF DOC. NO. 15                                       RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM          INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 10/03/2019

applicable sections of the New York Industrial Code, causing grave, severe and serious personal injuries, as well as additional damages to the plaintiff.

30.     As a result of the aforementioned incident, plaintiff was caused to suffer severe and permanent personal injuries; and plaintiff was otherwise damaged.

31.     The foregoing accident and the injuries and damages resulting therefrom were caused solely by reason of the careless, reckless and negligent conduct of defendants, their agents, servants and/or employees, and were in no manner caused by any negligence or carelessness on the part of plaintiff, JUAN CARLOS INTERIANO.

32.     This action falls within one or more exemptions set forth in CPLR §1602.

### AS AND FOR A SECOND CAUSE OF ACTION

33.     Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

34.     On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

35.     At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

36.     At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

37.     At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 240 of the New York State Labor Law.

38.     By reason of the failure of defendants, their agents, servants and/or employees, to

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
INDEX NO. 616823/2022
NYSCEF DOC. NO. 15
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM
INDEX NO. 716989/2019
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 10/03/2019

comply with Section 240 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

## AS AND FOR A THIRD CAUSE OF ACTION

39.     Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

40.     On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

41.     At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

42.     At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

43.     At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 241 of the New York State Labor Law.

44.     By reason of the failure of defendants, their agents, servants and/or employees, to comply with Section 241 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

## AS AND FOR A FOURTH CAUSE OF ACTION

45.     Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

46.     On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM INDEX NO. 616823/2022
NYSCEF DOC. NO. 15                                    RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 10/03/2019

construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

47.    At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

48.    At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

49.    At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 200 of the New York State Labor Law.

50.    By reason of the failure of defendants, their agents, servants and/or employees, to comply with Section 200 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

**WHEREFORE,** plaintiff demands judgment against defendants in a sum which exceeds the jurisdictional limits of all lower courts; together with the costs, disbursements and interest relating to each this action and for such other and further relief as this court may deem just and proper.

Dated:  Garden City, NY
       October 3, 2019

Yours, etc.

RAYMOND ARDITO, ESQ.
ARDITO LAW FIRM, P.C.
Attorneys for Plaintiff
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, New York 11530
(516) 531-7007

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
INDEX NO. 616823/2022
NYSCEF DOC. NO. 16
RECEIVED NYSCEF: 11/30/2022

# EXHIBIT N

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM          INDEX NO. 616823/2022
NYSCEF DOC. NO. 16                                        RECEIVED NYSCEF: 11/30/2022



# ARDITO LAW FIRM, P.C.

100 QUENTIN ROOSEVELT BOULEVARD, SUITE 513
GARDEN CITY, NY 11530
TEL: (516) 531-7007
FAX: (516) 531-7008
TOLL FREE: (855) R-ARDITO

October 4, 2019

Priority Mail, tracking # 9405 5118 9956 1994 4371 42

ALL-BORO REHAB CONSTRUCTION CORP.
260 Doughty Boulevard
Inwood, NY 11096

                Re:    Interiano v All-Boro Rehab, et. al.
                          Supreme Court, Queens County
                          Index # 716989/2019

Dear Sir or Madam:

    Enclosed please find a copy of a Summons & Complaint in this matter. Service will be made pursuant to the NYS Secretary of State. **Please note that your address on file with the NYS Secretary of State is 188-14 Union Turnpike, Queens, NY 11366.**

                        Very Truly Yours,

                        RAYMOND ARDITO, ESQ.



**Shipping Label Receipt**

Tracking Number:

**9405 5118 9956 1994 4371 24**

PRIORITY MAIL 1-DAY with Tracking *
Electronic Service Fee: $0.00
Total Postage and Fees: $6.95
Weight: 0 lbs 4 oz
Print Date: 10/04/2019          Mailing Date: 10/04/2019

From:    ARDITO LAW FIRM, P.C.
         100 QUENTIN ROOSEVELT BOULEVARD, SUITE 513
         GARDEN CITY NY 11530

To:      ALL-BORO REHAB CONSTRUCTION CORP.      USPS
         260 Doughty Boulevard                  Postmark
         Inwood NY 11096-1341                    Here

*Regular PRIORITY MAIL 1-DAY Service postage rates apply. There is no fee for Tracking service
on PRIORITY MAIL 1-DAY services with use of this electronic shipping label. Postmark required if
fee refund requested. Delivery information is not available by phone for the electronic option.

**Instructions:**

1. Adhere shipping label to package with tape or glue - DO NOT TAPE
   OVER BARCODE. Be sure all edges are secured. Self-adhesive
   label is recommended.

2. Place the label so it does not wrap around the edge of the package.

3. This package may be deposited in any collection box, handed to
   your mail carrier, or presented to a clerk at your local Post Office.

4. Each confirmation number is unique and can be used only once -
   DO NOT PHOTOCOPY.

5. You must mail this package on the "mail date" that is specified
   on this label.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM          INDEX NO. 616823/2022
NYSCEF DOC. NO. 16                                      RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM         INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 10/03/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X

JUAN CARLOS INTERIANO

                              Plaintiff(s),

    - against -

ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO
GROUP LLC

                              Defendant(s).
------------------------------------------------------------X

Index No.: 716989/19
Date Purchased: 10/3/19
**SUMMONS**
Plaintiff(s) designate(s)
QUEENS
County as the place of trial

The basis of the venue is
Place of occurrence

## TO THE ABOVE NAMED DEFENDANTS

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Notice: The nature of this action is Personal Injuries.

The relief sought is as follows:

A sum which exceeds the jurisdictional limits of all lower Courts; together with the costs, disbursements and interest relating to each cause of action;

Dated: Garden City, New York
       October 3, 2019

RAYMOND ARDITO, ESQ.
ARDITO LAW FIRM, P.C.
Attorneys for Plaintiff(s)
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, New York 11530
(516) 531-7007

TO:

ALL BORO GROUP LLC
260 Doughty Boulevard
Inwood, NY 11096

ALL-BORO REHAB CONSTRUCTION CORP.
188-14 Union Turnpike
Queens, NY 11366

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
INDEX NO. 616823/2022
NYSCEF DOC. NO. 16
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM
INDEX NO. 716989/2019
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 10/03/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------X
JUAN CARLOS INTERIANO

Index No.: 716989/19

Plaintiff(s),

-against-

**COMPLAINT**

ALL-BORO REHAB CONSTRUCTION CORP.
and ALL BORO GROUP LLC

Defendant(s).
--------------------------------------------------------X

Plaintiff, by his attorneys, **ARDITO LAW FIRM, PC**, as and for his Complaint herein,

respectfully alleges, upon information and belief, the following:

## AS AND FOR A FIRST CAUSE OF ACTION

1.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is a domestic business corporation organized and

existing under and by virtue of the laws of the State of New York.

2.      At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and

still is a domestic limited liability company organized and existing under and by virtue of the

laws of the State of New York.

3.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is the owner of the premises located at 72-72 141st

Street, Flushing, NY.

4.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is the lessor of the premises located at 72-72 141st

Street, Flushing, NY.

5.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is the lessee of the premises located at 72-72 141st

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 16                                      RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 10/03/2019

Street, Flushing, NY.

6.    At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of defendant ALL BORO GROUP LLC.

7.    At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of All Boro Construction Group, Inc.

8.    At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of Jonathan Hoch.

9.    At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of Henna Hoch.

10.    At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, operated the premises located at 72-72 141st Street, Flushing, NY.

11.    At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, maintained the premises located at 72-72 141st Street, Flushing, NY.

12.    At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, controlled the premises located at 72-72 141st Street, Flushing, NY.

13.    At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, managed the premises located at 72-72 141st Street, Flushing, NY.

14.    At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, supervised the premises located at 72-72 141st Street, Flushing, NY.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 16    RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/03/2019

15.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and still is the owner of the premises located at 72-72 141st Street, Flushing, NY.

16.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and still is the lessor of the premises located at 72-72 141st Street, Flushing, NY.

17.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and still is the lessee of the premises located at 72-72 141st Street, Flushing, NY.

18.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of defendant ALL-BORO REHAB CONSTRUCTION CORP.

19.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of All Boro Construction Group, Inc.

20.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of Jonathan Hoch.

21.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of Henna Hoch.

22.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, operated the premises located at 72-72 141st Street, Flushing, NY.

23.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, maintained the premises located at 72-72 141st Street, Flushing, NY.

24.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, controlled the premises located at 72-72 141st Street, Flushing, NY.

25.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 16

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 716989/2019
RECEIVED NYSCEF: 10/03/2019

agents, servants and/or employees, managed the premises located at 72-72 141st Street, Flushing, NY.

26.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, supervised the premises located at 72-72 141st Street, Flushing, NY.

27.     On February 6, 2017, while plaintiff JUAN CARLOS INTERIANO was lawfully present and/or working at the job site at the aforementioned premises, he was caused to be injured.

28.     As a result of the incident, plaintiff was caused to sustain serious, severe and permanent personal injuries.

29.     The foregoing was caused by the negligence, carelessness, recklessness and gross negligence of defendants, their agents, servants, employees, contractors and/or subcontractors in the ownership, operation, maintenance, repair, design, engineering, construction, inspection, supervision, use and/or control of the aforementioned premises; in failing to properly design, engineer, maintain, construct, repair, inspect, operate, control, supervise and/or use the aforementioned premises; in the negligent, careless, reckless and grossly negligent operation, control, repair, design, maintenance, inspection, engineering, supervision, use and/or construction of said premises; in failing to place appropriate safety devices at the aforementioned premises; in failing to properly and/or safely operate equipment at the aforementioned premises; in failing to properly and/or safely operate machinery at the aforementioned premises; in allowing said machinery to become and remain in a dangerous, defective, unsafe, and/or malfunctioning condition; in causing said machinery to become and remain in a dangerous, defective, unsafe and/or malfunctioning condition; in failing to provide properly functioning machinery at the aforementioned premises; in failing to provide a properly maintained

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 16    RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/03/2019

workplace; in failing to post adequate warnings of the w dangerous, defective, unsafe, and malfunctioning condition of said machinery at the aforementioned premises; in failing to create a condition whereby persons could safely work at and/or travel over said premises; in creating hazardous and dangerous condition(s) to persons working at and/or traversing said premises; in causing, permitting and allowing the aforementioned premises to remain in a hazardous, dangerous and/or defective condition in spite of adequate notice; in causing, permitting and allowing the aforementioned machinery to remain in a dangerous, defective, unsafe, and/or malfunctioning condition in spite of adequate notice; in creating the aforementioned hazardous, dangerous and/or defective condition on, at or near the aforementioned premises; in negligently maintaining repairing, operating, controlling, supervising, designing, using and/or constructing the aforementioned premises, in a hazardous, dangerous and/or defective manner so as to constitute a nuisance, danger and/or hazard; in negligently maintaining repairing, operating, controlling, supervising, using and/or operating the aforementioned machinery so as to constitute a nuisance, danger and/or hazard; in maintaining, repairing, operating, controlling, supervising, designing, using and/or constructing said premises with inadequate safety warnings, signs, barricades and/or devices in place; in maintaining repairing, operating, controlling, supervising, using and/or operating said machinery with inadequate safety warnings, signs, barricades and/or devices in place; in using, utilizing and or deriving a benefit and/or special use from said premises with inadequate safety warnings, signs, barricades and/or devices in place; in using, utilizing and or deriving a benefit and/or special use from said premises while maintaining same in a hazardous, dangerous, worn, misleveled and/or defective manner so as to constitute a nuisance, danger and/or hazard; in causing and permitting a nuisance, danger and/or hazard to exist at the premises; in failing to make proper and/or timely inspections of said premises and/or machinery; in causing and permitting the conditions to exist which brought about the events

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 16

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 716989/2019
RECEIVED NYSCEF: 10/03/2019

complained of; in forcing plaintiff into a position of danger; in causing and/or permitting hazards and risks to exist; in causing and permitting hazards and risks to exist at the time and place complained of; in failing to post caution signs and/or warning signs alerting persons, and more specifically, plaintiff herein, of the severe, dangerous, hazardous and/or defective conditions existing at the premises; in failing to conduct engineering studies; in failing to conduct proper engineering studies; in failing to properly conduct engineering studies; in failing to conduct safety studies; in failing to conduct proper safety studies; in failing to properly conduct safety studies; in ignoring the results and information gained from studies performed; in failing to implement safety plans; in failing to make proper and timely inspections; in failing to provide proper safeguards; in negligently hiring, training, instructing and/or supervising their agents, servants, employees, engineers, contractors and/or subcontractors; in failing to remedy and/or correct the dangerous, defective and/or hazardous conditions existing on, at and/or near the aforementioned premises after reasonable notice of the existence of the aforementioned dangerous, defective and/or hazardous conditions; in failing to remedy and/or correct the dangerous, defective, unsafe, and/or malfunctioning machinery after reasonable notice of the existence of the dangerous, defective, unsafe, and/or malfunctioning nature of said machinery; in failing to implement and/or formulate a proper safety plan for the aforementioned premises; in failing to provide plaintiff with a safe place to work; in causing and/or permitting unsafe, dangerous and hazardous conditions to exist at the job site of the aforementioned premises, which constituted a danger, nuisance and/or menace to the safety of the plaintiff; in failing to take the necessary steps and measures to protect the life and safety of the plaintiff; in causing the plaintiff to work and to be employed in an unsafe, dangerous and/or hazardous place without the benefit of adequate and appropriate protection for his safety and welfare; in providing the plaintiff with a work station and/or work area which was inadequate; in failing to furnish and

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM

NYSCEF DOC. NO. 16

INDEX NO. 616823/2022

RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM

NYSCEF DOC. NO. 1

INDEX NO. 716989/2019

RECEIVED NYSCEF: 10/03/2019

provide adequate safety devices for plaintiff during the performance of plaintiff's duties; in failing to furnish and/or provide safe and proper devices and/or equipment necessary to give proper protection to plaintiff in the performance of plaintiff's job duties; in failing to construct, shore, equip, place, guard, arrange and maintain the job site at the aforementioned premises so as to give proper protection to the plaintiff; in violating pertinent codes, rules, statutes, promulgations, ordinances and regulations of the City and State of New York including but not limited to §§ 200, 240 and 241(6) of the Labor Law and applicable sections of the New York State Industrial Code; in failing to give warning or notice to the plaintiff of the unsafe, dangerous, hazardous conditions existing at the job site; in failing to adequately and properly inspect the job site; in failing to provide the plaintiff with proper, adequate and competent supervision; in failing to construct, shore, equip, place, guard, arrange and maintain the job site free of obstructions and/or conditions which presented a danger to plaintiff; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the job site and machinery at the aforementioned premises. Defendants, their agents, servants, employees, contractors and/or subcontractors caused the aforementioned conditions, and failed to correct them, causing grave, severe and serious personal injuries, as well as additional damages to the plaintiff. Defendants, their agents, servants, employees, contractors and/or subcontractors, had notice of the aforementioned conditions, and in any event, should have had notice of the aforementioned conditions, and failed to correct them, causing grave, severe and serious personal injuries, as well as additional damages to the plaintiff. Defendants, their agents, servants, employees, contractors and/or subcontractors violated pertinent codes, rules, statutes, promulgations, ordinances and regulations of the City and State of New York including but not limited to §§ 200, 240 and 241(6) of the Labor Law and

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM          INDEX NO. 616823/2022
NYSCEF DOC. NO. 16                                        RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM           INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 10/03/2019

applicable sections of the New York Industrial Code, causing grave, severe and serious personal

injuries, as well as additional damages to the plaintiff.

30.     As a result of the aforementioned incident, plaintiff was caused to suffer severe

and permanent personal injuries; and plaintiff was otherwise damaged.

31.     The foregoing accident and the injuries and damages resulting therefrom were

caused solely by reason of the careless, reckless and negligent conduct of defendants, their

agents, servants and/or employees, and were in no manner caused by any negligence or

carelessness on the part of plaintiff, JUAN CARLOS INTERIANO.

32.     This action falls within one or more exemptions set forth in CPLR §1602.

### AS AND FOR A SECOND CAUSE OF ACTION

33.     Plaintiff repeats and reiterates each and every preceding paragraph of this

Complaint herein with the same force and effect as if more fully set forth herein.

34.     On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in

construction, demolition, excavation, erection, repairing, altering, painting and/or other work at

the premises located at 72-72 141st Street, Flushing, NY.

35.     At all times herein relevant, plaintiff was a person lawfully employed at the job

site at the aforementioned premises.

36.     At all times herein relevant, defendants, their agents, servants, and/or employees,

failed to perform and/or make certain that the construction work being performed at the aforesaid

premises was so constructed, equipped, guarded, arranged, operated and conducted so as to

provide reasonable and safe protection and safety to plaintiff.

37.     At all times herein relevant, defendants, their agents, servants and/or employees,

failed to comply with Section 240 of the New York State Labor Law.

38.     By reason of the failure of defendants, their agents, servants and/or employees, to

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 16

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 716989/2019
RECEIVED NYSCEF: 10/03/2019

comply with Section 240 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

### AS AND FOR A THIRD CAUSE OF ACTION

39.    Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

40.    On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

41.    At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

42.    At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

43.    At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 241 of the New York State Labor Law.

44.    By reason of the failure of defendants, their agents, servants and/or employees, to comply with Section 241 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

### AS AND FOR A FOURTH CAUSE OF ACTION

45.    Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

46.    On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM          INDEX NO. 616823/2022
NYSCEF DOC. NO. 16                                    RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM          INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 10/03/2019

construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

47.     At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

48.     At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

49.     At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 200 of the New York State Labor Law.

50.     By reason of the failure of defendants, their agents, servants and/or employees, to comply with Section 200 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

**WHEREFORE**, plaintiff demands judgment against defendants in a sum which exceeds the jurisdictional limits of all lower courts; together with the costs, disbursements and interest relating to each this action and for such other and further relief as this court may deem just and proper.

Dated:  Garden City, NY
        October 3, 2019

Yours, etc.

RAYMOND ARDITO, ESQ.
ARDITO LAW FIRM, P.C.
Attorneys for Plaintiff
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, New York 11530
(516) 531-7007

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022

NYSCEF DOC. NO. 16    RECEIVED NYSCEF: 11/30/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------x

JUAN CARLOS INTERIANO

        Plaintiff(s)/Petitioner(s),        Index No. 716989/2019


    - against -

ALL-BORO REHAB CONSTRUCTION CO

        Defendant(s)/Respondent(s).
-------------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

    PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

    Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 16                                   RECEIVED NYSCEF: 11/30/2022

## Instructions

1.  Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.  Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.  Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.  For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 10/4/19

_____ (Signature)

RAYMOND ARDITO, ESQ. (Name)

ARDITO LAW FIRM, PC (Firm)

100 Quentin Roosevelt Bouleva (Address)

Garden City, NY 11530

Attorney(s) for Plaintiff(s) _____

(516) 531-7007 _____ (Phone)

(516) 531-7008 _____ (Fax)

_____ (E-mail)

2/11/13

2

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 16    RECEIVED NYSCEF: 11/30/2022

## ARDITO LAW FIRM, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------

JUAN CARLOS INTERIANO                              Index # 716989/2019

                          Plaintiff(s),

          -against-

ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC

                          Defendant(s).

-------------------------------------------------------------

SUMMONS & COMPLAINT

-------------------------------------------------------------

**ARDITO LAW FIRM, P.C.**                    **TO:**
Attorneys for Plaintiff(s)                              Attorney(s) for Defendant
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, NY 11530
(516) 531-7007
By:

---

**NOTICE OF ENTRY**                          **NOTICE OF SETTLEMENT**
Sirs: Please take notice that the within is a true    Sirs: Please take notice that an Order
copy of an                                            _____
duly entered in the office of the Clerk of the within   of which the within is a true copy will
     named Court on        , 20                        be presented
                                                       to the Hon._____
                                                       one of the judges of the within Court at _____

Dated:           , NY                                  _____
                                                       on _____, 20____ at A.M./P.M.
Yours, etc.
                                                       Dated:           , NY
**ARDITO LAW FIRM, P.C.**
Attorneys for Plaintiff(s)                             _____, 20____.
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, NY 11530                                  Yours, etc.
(516) 531-7007                                         **ARDITO LAW FIRM, P.C.**
                                                       Attorneys for Plaintiff(s)
TO:                                                    100 Quentin Roosevelt Boulevard, Suite 513
     Attorney(s) for Defendant(s)                      Garden City, NY 11530
                                                       (516) 531-7007

ALF

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022

NYSCEF DOC. NO. 17                                                    RECEIVED NYSCEF: 11/30/2022

# EXHIBIT O

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 144 of 209 PageID #: 681



# ARDITO LAW FIRM, P.C.

100 QUENTIN ROOSEVELT BOULEVARD, SUITE 513
GARDEN CITY, NY 11530
TEL: (516) 531-7007
FAX: (516) 531-7008
TOLL FREE: (855) R-ARDITO

October 17, 2019

VIA CERTIFIED MAIL, RRR # 7014 3490 0001 7476 8241
& Facsimile 866 266-3630
Arch Specialty Insurance
1299 Farnam Street, Suite 500
Omaha, NE 68102-1880

VIA CERTIFIED MAIL, RRR # 7014 3490 0001 7476 8258
& email bbeckwith@armourrisk.com
Amour Risk Management
1880 John F, Kennedy Boulevard, Suite 801
Philadelphia, PA
ATTN: Bethany Beckwith

> Re:   Insured: All-Boro Rehab Construction Corp
>       Claimant: Juan Carlos Interiano
>       Arch Claim # 13066430
>       Date of Loss: 2/6/17

Dear Mr. Beckwith / Arch Representative:

Enclosed please find a Summons and Complaint and affidavit of service for an action against your insured All-Boro Rehab Construction Corp and All Boro Group on behalf of Juan Carlos Interiano, Supreme Court, Queens County, Index # 716989/2018. Please provide an answer to same pursuant to the CPLR.

Please contact me with any concerns.

Very Truly Yours,

RAYMOND ARDITO, ESQ.

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 145 of 209

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------X

JUAN CARLOS INTERIANO

                              Plaintiff(s),

   - against-

ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO
GROUP LLC

                             Defendant(s).

------------------------------------------------------------X

Index No.: 716989/19
Date Purchased: 10/3/19
**SUMMONS**
Plaintiff(s) designate(s)
**QUEENS**
County as the place of trial

The basis of the venue is
Place of occurrence

## TO THE ABOVE NAMED DEFENDANTS

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Notice: The nature of this action is Personal Injuries.

The relief sought is as follows:

A sum which exceeds the jurisdictional limits of all lower Courts; together with the costs, disbursements and interest relating to each cause of action;

Dated: Garden City, New York
       October 3, 2019

                                   RAYMOND ARDITO, ESQ.
                                   ARDITO LAW FIRM, P.C.
                                   Attorneys for Plaintiff(s)
                                   100 Quentin Roosevelt Boulevard, Suite 513
                                   Garden City, New York 11530
                                   (516) 531-7007

TO:

ALL BORO GROUP LLC
260 Doughty Boulevard
Inwood, NY 11096

ALL-BORO REHAB CONSTRUCTION CORP.
188-14 Union Turnpike
Queens, NY 11366

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM      INDEX NO. 616823/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM      INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 11/30/2022
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 10/03/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------X

JUAN CARLOS INTERIANO                              Index No.: 716989/19

                    Plaintiff(s),

        -against-                                  **COMPLAINT**

ALL-BORO REHAB CONSTRUCTION CORP.
and ALL BORO GROUP LLC

                    Defendant(s).

-------------------------------------------------------------X

Plaintiff, by his attorneys, **ARDITO LAW FIRM, PC**, as and for his Complaint herein,

respectfully alleges, upon information and belief, the following:

## AS AND FOR A FIRST CAUSE OF ACTION

1.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is a domestic business corporation organized and

existing under and by virtue of the laws of the State of New York.

2.      At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and

still is a domestic limited liability company organized and existing under and by virtue of the

laws of the State of New York.

3.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is the owner of the premises located at 72-72 141st

Street, Flushing, NY.

4.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is the lessor of the premises located at 72-72 141st

Street, Flushing, NY.

5.      At all times hereinafter mentioned, defendant ALL-BORO REHAB

CONSTRUCTION CORP. was and still is the lessee of the premises located at 72-72 141st

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM        INDEX NO. 616823/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM        INDEX NO. 718989/2019
NYSCEF DOC. NO. 15                                                      RECEIVED NYSCEF: 11/30/2022
NYSCEF DOC. NO. 1                                                       RECEIVED NYSCEF: 10/03/2019

Street, Flushing, NY.

6.      At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of defendant ALL BORO GROUP LLC.

7.      At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of All Boro Construction Group, Inc.

8.      At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of Jonathan Hoch.

9.      At all times hereinafter mentioned, defendant ALL-BORO REHAB CONSTRUCTION CORP. was an agent of Henna Hoch.

10.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, operated the premises located at 72-72 141st Street, Flushing, NY.

11.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, maintained the premises located at 72-72 141st Street, Flushing, NY.

12.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, controlled the premises located at 72-72 141st Street, Flushing, NY.

13.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, managed the premises located at 72-72 141st Street, Flushing, NY.

14.     At all times hereinafter mentioned, defendant, ALL-BORO REHAB CONSTRUCTION CORP., its agents, servants and/or employees, supervised the premises located at 72-72 141st Street, Flushing, NY.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:36 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 17                                RECEIVED NYSCEF: 11/30/2022
NYSCEF DOC. NO. 1                                 RECEIVED NYSCEF: 10/03/2019

15.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and still is the owner of the premises located at 72-72 141st Street, Flushing, NY.

16.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and still is the lessor of the premises located at 72-72 141st Street, Flushing, NY.

17.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was and still is the lessee of the premises located at 72-72 141st Street, Flushing, NY.

18.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of defendant ALL-BORO REHAB CONSTRUCTION CORP.

19.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of All Boro Construction Group, Inc.

20.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of Jonathan Hoch.

21.     At all times hereinafter mentioned, defendant ALL BORO GROUP LLC was an agent of Henna Hoch.

22.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, operated the premises located at 72-72 141st Street, Flushing, NY.

23.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, maintained the premises located at 72-72 141st Street, Flushing, NY.

24.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, controlled the premises located at 72-72 141st Street, Flushing, NY.

25.     At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:36 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 10/03/2019

agents, servants and/or employees, managed the premises located at 72-72 141st Street, Flushing, NY.

26.    At all times hereinafter mentioned, defendant, ALL BORO GROUP LLC, its agents, servants and/or employees, supervised the premises located at 72-72 141st Street, Flushing, NY.

27.    On February 6, 2017, while plaintiff JUAN CARLOS INTERIANO was lawfully present and/or working at the job site at the aforementioned premises, he was caused to be injured.

28.    As a result of the incident, plaintiff was caused to sustain serious, severe and permanent personal injuries.

29.    The foregoing was caused by the negligence, carelessness, recklessness and gross negligence of defendants, their agents, servants, employees, contractors and/or subcontractors in the ownership, operation, maintenance, repair, design, engineering, construction, inspection, supervision, use and/or control of the aforementioned premises; in failing to properly design, engineer, maintain, construct, repair, inspect, operate, control, supervise and/or use the aforementioned premises; in the negligent, careless, reckless and grossly negligent operation, control, repair, design, maintenance, inspection, engineering, supervision, use and/or construction of said premises; in failing to place appropriate safety devices at the aforementioned premises; in failing to properly and/or safely operate equipment at the aforementioned premises; in failing to properly and/or safely operate machinery at the aforementioned premises; in allowing said machinery to become and remain in a dangerous, defective, unsafe, and/or malfunctioning condition; in causing said machinery to become and remain in a dangerous, defective, unsafe and/or malfunctioning condition; in failing to provide properly functioning machinery at the aforementioned premises; in failing to provide a properly maintained

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 1
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019
RECEIVED NYSCEF: 11/30/2022
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/03/2019

workplace; in failing to post adequate warnings of the w dangerous, defective, unsafe, and

malfunctioning condition of said machinery at the aforementioned premises; in failing to create a

condition whereby persons could safely work at and/or travel over said premises; in creating

hazardous and dangerous condition(s) to persons working at and/or traversing said premises; in

causing, permitting and allowing the aforementioned premises to remain in a hazardous,

dangerous and/or defective condition in spite of adequate notice; in causing, permitting and

allowing the aforementioned machinery to remain in a dangerous, defective, unsafe, and/or

malfunctioning condition in spite of adequate notice; in creating the aforementioned hazardous,

dangerous and/or defective condition on, at or near the aforementioned premises; in negligently

maintaining repairing, operating, controlling, supervising, designing, using and/or constructing

the aforementioned premises, in a hazardous, dangerous and/or defective manner so as to

constitute a nuisance, danger and/or hazard; in negligently maintaining repairing, operating,

controlling, supervising, using and/or operating the aforementioned machinery so as to constitute

a nuisance, danger and/or hazard; in maintaining, repairing, operating, controlling, supervising,

designing, using and/or constructing said premises with inadequate safety warnings, signs,

barricades and/or devices in place; in maintaining repairing, operating, controlling, supervising,

using and/or operating said machinery with inadequate safety warnings, signs, barricades and/or

devices in place; in using, utilizing and or deriving a benefit and/or special use from said

premises with inadequate safety warnings, signs, barricades and/or devices in place; in using,

utilizing and or deriving a benefit and/or special use from said premises while maintaining same

in a hazardous, dangerous, worn, misleveled and/or defective manner so as to constitute a

nuisance, danger and/or hazard; in causing and permitting a nuisance, danger and/or hazard to

exist at the premises; in failing to make proper and/or timely inspections of said premises and/or

machinery; in causing and permitting the conditions to exist which brought about the events

complained of; in forcing plaintiff into a position of danger; in causing and/or permitting hazards and risks to exist; in causing and permitting hazards and risks to exist at the time and place complained of; in failing to post caution signs and/or warning signs alerting persons, and more specifically, plaintiff herein, of the severe, dangerous, hazardous and/or defective conditions existing at the premises; in failing to conduct engineering studies; in failing to conduct proper engineering studies; in failing to properly conduct engineering studies; in failing to conduct safety studies; in failing to conduct proper safety studies; in failing to properly conduct safety studies; in ignoring the results and information gained from studies performed; in failing to implement safety plans; in failing to make proper and timely inspections; in failing to provide proper safeguards; in negligently hiring, training, instructing and/or supervising their agents, servants, employees, engineers, contractors and/or subcontractors; in failing to remedy and/or correct the dangerous, defective and/or hazardous conditions existing on, at and/or near the aforementioned premises after reasonable notice of the existence of the aforementioned dangerous, defective and/or hazardous conditions; in failing to remedy and/or correct the dangerous, defective, unsafe, and/or malfunctioning machinery after reasonable notice of the existence of the dangerous, defective, unsafe, and/or malfunctioning nature of said machinery; in failing to implement and/or formulate a proper safety plan for the aforementioned premises; in failing to provide plaintiff with a safe place to work; in causing and/or permitting unsafe, dangerous and hazardous conditions to exist at the job site of the aforementioned premises, which constituted a danger, nuisance and/or menace to the safety of the plaintiff; in failing to take the necessary steps and measures to protect the life and safety of the plaintiff; in causing the plaintiff to work and to be employed in an unsafe, dangerous and/or hazardous place without the benefit of adequate and appropriate protection for his safety and welfare; in providing the plaintiff with a work station and/or work area which was inadequate; in failing to furnish and

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 616823/2022
INDEX NO. 716989/2019
RECEIVED NYSCEF: 11/30/2022
RECEIVED NYSCEF: 10/03/2019

provide adequate safety devices for plaintiff during the performance of plaintiff's duties; in failing to furnish and/or provide safe and proper devices and/or equipment necessary to give proper protection to plaintiff in the performance of plaintiff's job duties; in failing to construct, shore, equip, place, guard, arrange and maintain the job site at the aforementioned premises so as to give proper protection to the plaintiff; in violating pertinent codes, rules, statutes, promulgations, ordinances and regulations of the City and State of New York including but not limited to §§ 200, 240 and 241(6) of the Labor Law and applicable sections of the New York State Industrial Code; in failing to give warning or notice to the plaintiff of the unsafe, dangerous, hazardous conditions existing at the job site; in failing to adequately and properly inspect the job site; in failing to provide the plaintiff with proper, adequate and competent supervision; in failing to construct, shore, equip, place, guard, arrange and maintain the job site free of obstructions and/or conditions which presented a danger to plaintiff; and in being otherwise reckless, careless and negligent in operating, equipping, arranging, guarding, constructing and maintaining the job site and machinery at the aforementioned premises. Defendants, their agents, servants, employees, contractors and/or subcontractors caused the aforementioned conditions, and failed to correct them, causing grave, severe and serious personal injuries, as well as additional damages to the plaintiff. Defendants, their agents, servants, employees, contractors and/or subcontractors, had notice of the aforementioned conditions, and in any event, should have had notice of the aforementioned conditions, and failed to correct them, causing grave, severe and serious personal injuries, as well as additional damages to the plaintiff. Defendants, their agents, servants, employees, contractors and/or subcontractors violated pertinent codes, rules, statutes, promulgations, ordinances and regulations of the City and State of New York including but not limited to §§ 200, 240 and 241(6) of the Labor Law and

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/30/2022
RECEIVED NYSCEF: 10/03/2019

applicable sections of the New York Industrial Code, causing grave, severe and serious personal injuries, as well as additional damages to the plaintiff.

30.    As a result of the aforementioned incident, plaintiff was caused to suffer severe and permanent personal injuries; and plaintiff was otherwise damaged.

31.    The foregoing accident and the injuries and damages resulting therefrom were caused solely by reason of the careless, reckless and negligent conduct of defendants, their agents, servants and/or employees, and were in no manner caused by any negligence or carelessness on the part of plaintiff, JUAN CARLOS INTERIANO.

32.    This action falls within one or more exemptions set forth in CPLR §1602.

## AS AND FOR A SECOND CAUSE OF ACTION

33.    Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

34.    On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

35.    At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

36.    At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

37.    At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 240 of the New York State Labor Law.

38.    By reason of the failure of defendants, their agents, servants and/or employees, to

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 11/30/2022
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 10/03/2019

comply with Section 240 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

## AS AND FOR A THIRD CAUSE OF ACTION

39.    Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

40.    On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

41.    At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

42.    At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

43.    At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 241 of the New York State Labor Law.

44.    By reason of the failure of defendants, their agents, servants and/or employees, to comply with Section 241 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

## AS AND FOR A FOURTH CAUSE OF ACTION

45.    Plaintiff repeats and reiterates each and every preceding paragraph of this Complaint herein with the same force and effect as if more fully set forth herein.

46.    On February 6, 2017, plaintiff, JUAN CARLOS INTERIANO, was engaged in

FILED: NASSAU COUNTY CLERK 11/30/2022 06:04:36 PM    INDEX NO. 616823/2022

FILED: QUEENS COUNTY CLERK 10/03/2019 05:30 PM    INDEX NO. 716989/2019

NYSCEF DOC. NO. 17    RECEIVED NYSCEF: 11/30/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/03/2019

construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY.

47.    At all times herein relevant, plaintiff was a person lawfully employed at the job site at the aforementioned premises.

48.    At all times herein relevant, defendants, their agents, servants, and/or employees, failed to perform and/or make certain that the construction work being performed at the aforesaid premises was so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and safe protection and safety to plaintiff.

49.    At all times herein relevant, defendants, their agents, servants and/or employees, failed to comply with Section 200 of the New York State Labor Law.

50.    By reason of the failure of defendants, their agents, servants and/or employees, to comply with Section 200 of the New York State Labor Law, plaintiff was caused to suffer serious and severe permanent injuries; and plaintiff was otherwise damaged.

**WHEREFORE**, plaintiff demands judgment against defendants in a sum which exceeds the jurisdictional limits of all lower courts; together with the costs, disbursements and interest relating to each this action and for such other and further relief as this court may deem just and proper.

Dated:  Garden City, NY
        October 3, 2019

Yours, etc.

RAYMOND ARDITO, ESQ.
ARDITO LAW FIRM, P.C.
Attorneys for Plaintiff
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, New York 11530
(516) 531-7007

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 17                                      RECEIVED NYSCEF: 11/30/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------x
JUAN CARLOS INTERIANO

     Plaintiff(s)/Petitioner(s),     Index No. 716989/2019


    - against -

ALL-BORO REHAB CONSTRUCTION CO
     Defendant(s)/Respondent(s).
-----------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

  PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

  Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 17                                  RECEIVED NYSCEF: 11/30/2022

## Instructions

1.  Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.  Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.  Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.  For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 10/4/19

_____ (Signature)              (516) 531-7007 _____ (Phone)

RAYMOND ARDITO, ESQ. _____ (Name)              (516) 531-7008 _____ (Fax)

ARDITO LAW FIRM, PC _____ (Firm)              _____ (E-mail)

100 Quentin Roosevelt Bouleva (Address)

Garden City, NY 11530 _____

Attorney(s) for Plaintiff(s) _____

2/11/13

2

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 17                                                RECEIVED NYSCEF: 11/30/2022

## ARDITO LAW FIRM, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------

JUAN CARLOS INTERIANO                        Index # 716989/2019

                              Plaintiff(s),

        -against-

ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC

                              Defendant(s).
-------------------------------------------------------------------
                        SUMMONS & COMPLAINT
-------------------------------------------------------------------

**ARDITO LAW FIRM, P.C.**                 **TO:**
Attorneys for Plaintiff(s)                      Attorney(s) for Defendant
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, NY 11530
(516) 531-7007
By:
-------------------------------------------------------------------

**NOTICE OF ENTRY**                          **NOTICE OF SETTLEMENT**
Sirs: Please take notice that the within is a true    Sirs: Please take notice that an Order
copy of an                                            _____
duly entered in the office of the Clerk of the within  of which the within is a true copy will
        named Court on        , 20              be presented
                                                to the Hon._____
                                                one of the judges of the within Court at _____

Dated:              , NY                         on_____, 20_____ at A.M./P.M.

Yours, etc.                                      Dated:                  , NY

**ARDITO LAW FIRM, P.C.**                         _____, 20_____.
Attorneys for Plaintiff(s)
100 Quentin Roosevelt Boulevard, Suite 513        Yours, etc.
Garden City, NY 11530                             **ARDITO LAW FIRM, P.C.**
(516) 531-7007                                    Attorneys for Plaintiff(s)
                                                  100 Quentin Roosevelt Boulevard, Suite 513
TO:                                               Garden City, NY 11530
    Attorney(s) for Defendant(s)                  (516) 531-7007

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 159 of 209
PageID #: 678

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF QUEENS

Purchased/Filed: October 3, 2019
Index #  716989/19

Juan Carlos Interiano                                    Plaintiff

against

All-Boro Rehab Construction Corp., et ano                Defendant

STATE OF NEW YORK
COUNTY OF ALBANY        SS.:

_____ James Perone _____, being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ October 9, 2019 _____, at __3:45 PM__, at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Court Notice Regarding Availability of Electronic Filing Supreme Court Cases
on

_____ All Boro Group LLC _____, the

Defendant in this action, by delivering to and leaving with _____ Nancy Dougherty _____,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of

the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY, 2 true copies thereof and that

at the time of making such service, deponent paid said Secretary of State a fee 40 dollars; That said service was

made pursuant to Section 303 Limited Liability Company Law. Deponent further says that deponent knew the

person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly

authorized to accept such service on behalf of said defendant

Description of the person served:  Approx. Age: __55-60__  Approx. Wt: __130lbs__  Approx. Ht: __5'3"__

Color of skin: __White__   Hair color: __Black__   Sex: __Female__   Other: _____

Sworn to before me on this

__9th__ day of October 2019

_____
HEATHER MORIGERATO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MO6261464
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MAY 14, 2020

_____
James Perone
Attny's File No.
Invoice•Work Order # S1830859

SERVICO. INC.. P.O. BOX 871. ALBANY. NY 12201

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT                                    Purchased/Filed: October 3, 2019
STATE OF NEW YORK, COUNTY OF QUEENS                  Index #  716989/19

_Juan Carlos Interiano_                                        Plaintiff

against

_All-Boro Rehab Construction Corp., et ano_                      Defendant

STATE OF NEW YORK
COUNTY OF ALBANY        SS.:

_____ James Perone _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ October 9, 2019 _____ , at __ 3:45 PM __ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Court Notice Regarding Availability of Electronic Filing Supreme Court Cases
                                                                                        on

_____ All-Boro Rehab Construction Corp. _____ , the

Defendant in this action, by delivering to and leaving with _____ Nancy Dougherty _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of

the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY, 2 true copies thereof and that

at the time of making such service, deponent paid said Secretary of State a fee 40 dollars; That said service was

made pursuant to Section 306 Business Corporation Law. Deponent further says that deponent knew the person

so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly

authorized to accept such service on behalf of said defendant

Description of the person served: Approx. Age: __ 55-60 __  Approx. Wt: __ 130lbs __  Approx. Ht: __ 5'3" __

Color of skin: __ White __  Hair color: __ Black __  Sex: __ Female __  Other: _____

Sworn to before me on this

__ 9th __ day of October 2019


_____              _____
HEATHER MORIGERATO                                James Perone
NOTARY PUBLIC, STATE OF NEW YORK                  Attny's File No.
NO. 01MO6281484
QUALIFIED IN ALBANY COUNTY                   Invoice•Work Order # S1830861
COMMISSION EXPIRES MAY 14, 2020

_SERVICO. INC.. P.O. Box 871. ALBANY. NY 12201_

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
INDEX NO. 616823/2022
NYSCEF DOC. NO. 18
RECEIVED NYSCEF: 11/30/2022

# EXHIBIT P

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 162 of 209
PageID #: 679

**ARMOUR RISK**

Armour Risk Management, Inc.
Post Office Box 302
Buffalo, NY 14240
T: 877-624-9779
www.armourholdings.com

December 10, 2019

**CERTIFIED MAIL, REGULAR MAIL**

Ardito Law Firm, PC
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, NY 11530

Attention: Raymond Ardito

Re: JUAN CARLOS INTERIANO v. ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC

|  |  |
|---|---|
| Insured: | All-Boro Rehab Construction Corp. |
| Policy Number: | AGL0032630-01 |
| Policy Period: | 01/01/2017 – 01/01/2018 |
| Plaintiff: | JUAN CARLOS INTERIANO v. ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC |
| Date of Loss: | February 6, 2017 |
| Arch Claim No: | 000013066430 |

Dear Mr. Ardito:

Please be advised this office is the duly authorized representative of Arch Specialty Insurance Company ("Arch") in connection with the referenced matter. This correspondence is being provided to you in accordance with New York Insurance Law § 3420(d).

The referenced action is asserted All Boro Group LLC, among others. Please be advised that Arch has disclaimed coverage and denied liability as to the claims asserted against All Boro Group LLC on the ground that it is not an insured on the subject policy entitled to coverage thereunder.

If you have any questions in regard to this notice, you may contact the undersigned.

Sincerely,

*Bethany Beckwith*

**ARMOUR**
Bethany Beckwith
Claims Adjuster
T. +1 716 589 1132
BBeckwith@armourrisk.com
www.armourholdings.com

**FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM**

NYSCEF DOC. NO. 18

INDEX NO. 616823/2022

RECEIVED NYSCEF: 11/30/2022

Armour Risk Management
P.O. Box 302
Buffalo, NY 14240



7019 1120 0001 4706 6355

BUFFALO NY 14

02 1P          $ 006.80⁰
0001961923  DEC 20 2019
MAILED FROM ZIP CODE 14228

Ardito Law Firm, PC - Attn: Raymond Ardito
100 Quentin Roosevelt Blvd Suite 513
Garden City NY 11530

11530-484338

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM

INDEX NO. 616823/2022

NYSCEF DOC. NO. 19

RECEIVED NYSCEF: 11/30/2022

# EXHIBIT Q

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM                INDEX NO. 616823/2022
NYSCEF DOC. NO. 19                                          RECEIVED NYSCEF: 11/30/2022

# ARMOUR **RISK**

Armour Risk Management, Inc.
Post Office Box 302
Buffalo, NY 14240
T: 877-624-9779
www.armourholdings.com

January 20, 2020

**CERTIFIED MAIL, REGULAR MAIL**

Ardito Law Firm, PC
100 Quentin Roosevelt Boulevard, Suite 513
Garden City, NY 11530

Attention: Raymond Ardito

Re: JUAN CARLOS INTERIANO v. ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC

| | |
|---|---|
| Insured: | All-Boro Rehab Construction Corp. |
| Policy Number: | AGL0032630-01 |
| Policy Period: | 01/01/2017 – 01/01/2018 |
| Plaintiff: | JUAN CARLOS INTERIANO v. ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC |
| Date of Loss: | February 6, 2017 |
| Arch Claim No: | 000013066430 |

Dear Mr. Ardito:

Please be advised this office is the duly authorized representative of Arch Specialty Insurance Company ("Arch") in connection with the referenced matter. This correspondence is being provided to you in accordance with New York Insurance Law § 3420(d).

The referenced action is asserted All-Boro Rehab Construction Corp. ("All-Boro Rehab"), among others. Please be advised that Arch has disclaimed coverage and denied liability as to the claims asserted against All Boro Rehab in accordance with the terms of the subject policy's New York Limitation Endorsement – Work Done On Your Behalf By Uninsured Or Underinsured Subcontractors.

If you have any questions in regard to this notice, you may contact the undersigned.

Sincerely,

*Bethany Beckwith*

**ARMOUR**
Bethany Beckwith
Claims Adjuster
T. +1 716 589 1132
BBeckwith@armourrisk.com
www.armourholdings.com

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 82    RECEIVED NYSCEF: 11/30/2022



**FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM**

NYSCEF DOC. NO. 19

INDEX NO. 616823/2022

RECEIVED NYSCEF: 11/30/2022



**Armour Risk Management**
P.O. Box 302
Buffalo, NY 14240

7019 1120 0001 4706 6041



UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $ 006.80⁰
0001961923   JAN 22 2020
MAILED FROM ZIP CODE 14228



ii5303&843 C039

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM INDEX NO. 616823/2022
NYSCEF DOC. NO. 20                                                    RECEIVED NYSCEF: 11/30/2022

# EXHIBIT R

ORIGINAL

1

```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF QUEENS:  CIVIL PART 13
 2   - - - - - - - - - - - - - - - - - - -X
                                          :
 3   JUAN CARLOS INTERIANO,               :
                                          :
 4                  Plaintiff,            :
                                          :    INDEX NUMBER:
 5      - against -                       :    702376/2017
                                          :
 6   ALL BORO CONSTRUCTION GROUP, INC.,   :
                                          :    INQUEST
 7                  Defendant.            :
                                          :
 8   - - - - - - - - - - - - - - - - - - -X

 9                        Supreme Court
                          88-11 Sutphin Boulevard
10                        Jamaica, New York 11435
                          September 26, 2019
11   B E F O R E :

12           HONORABLE MAUREEN HEALY,
                      Justice of the Supreme Court
13

14   A P P E A R A N C E S :

15
```

FILED

MAR 0 1 2021

COUNTY CLERK
QUEENS COUNTY

```
16           ARDITO LAW FIRM, P.C.
             Attorneys for the Plaintiff
17           100 Quentin Roosevelt Blvd.
             Garden City, New York 11530
18           BY:  RAYMOND V. ARDITO, ESQ.

19

20

21

22

23

24
                                    ANNE BROWN, RPR
25                                  SENIOR COURT REPORTER
```

ab

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 170 of 209

1          CLERK OF THE COURT:  There's several exhibits we

2     want to mark.  I can give you a list.

3          (Whereupon, the above-referred-to documents were

4     marked for identification as Plaintiff's Exhibits 1 through

5     6, as of this date.)

6          THE COURT:  Good morning.

7          MR. ARDITO:  Good morning, Your Honor.

8          CLERK OF THE COURT:  Calling case, Inquest, on

9     Index number 702376 of 2017, Juan Carl Interiano against

10    All Boro Construction Group.

11         Counsel, please note your appearance.

12         MR. ARDITO:  Raymond Ardito, Ardito Law Firm, 100

13    100 Quentin Roosevelt Boulevard, Suite 513, Garden City,

14    New York 11530.

15         THE COURT:  Good morning.  You were sent here for

16    an Inquest?

17         MR. ARDITO:  Yes, Your Honor.

18         THE COURT:  What kind of case is this?

19         MR. ARDITO:  This is a labor law case, Your Honor;

20    a construction accident.

21         THE COURT:  And the other side never appeared?

22         MR. ARDITO:  The other side never appeared, Your

23    Honor.  There was disclaimer by their insurance.  They did

24    not get private counsel.  The Hoches did appear in the

25    matter.  Some discovery was conducted.  A summary judgment

ab

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 171 of 209
Page 129 of 665

1    motion was made at the completion of all discovery, but we

2    opted to discontinue the case rather than oppose the motion

3    as they were private homeowners in a single-family

4    dwelling, under the allegations of Labor Law 240 and 241.6,

5    thereby not making it applicable to them.

6              THE COURT:  So you discontinued against the

7    homeowners?

8              MR. ARDITO:  Yes; Mr. and Mrs. Hoch, Your Honor.

9              THE COURT:  Okay.  We can begin.

10             We have the interpreter?

11             THE INTERPRETER:  Yes.  Good morning, Your Honor.

12             MR. ARDITO:  May he step up?

13             THE COURT:  Yes.

14             CLERK OF THE COURT:  Let the record reflect the

15   presence of a Spanish interpreter.

16             Madam Interpreter, please place your appearance on

17   the record.

18             THE INTERPRETER:  Jimena Pato, Supreme Court

19   interpreter.

20             CLERK OF THE COURT:  Sir, please raise your right

21   hand.  Do you swear or affirm that the testimony you are

22   about to give will be the truth, the whole truth and

23   nothing but the truth?

24             THE WITNESS:  I do.

25             CLERK OF THE COURT:  Please state your name out

ab

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 172 of 209

Plaintiff – Interiano – Direct                4

```
1         loud and your address for the record.

2                 THE WITNESS:  Juan Carlos Interiano, 18 Seitz

3         Avenue, Hempstead, New York 11550.

4                 CLERK OF THE COURT:  Thank you.

5                 MR. ARDITO:  Ready?

6                 THE INTERPRETER:  Yes.

7    DIRECT EXAMINATION BY

8    MR. ARDITO:

9         Q.  Mr. Interiano, how are you?

10        A.  Good.

11        Q.  For how long have you been residing at that address?

12        A.  Three years.

13        Q.  With whom do you reside?

14        A.  My wife.

15        Q.  And do you have any children?

16        A.  I have two, but I live only with one.

17        Q.  Can you tell us your date of birth, please; your age.

18                THE COURT:  What was the answer?  Does he have any

19        children?

20                THE INTERPRETER:  Two, but he lives only with one.

21        Q.  And your age, sir, and date of birth?

22        A.  I'm 35 years old.  August the 14th of 1984.

23        Q.  Sir, are you currently working?

24        A.  No.

25        Q.  When was the last time you worked?
```

ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 173 of 209

Plaintiff - Interiano - Direct          5

1      A.   The day of the accident.

2      Q.   And you were involved in an accident.  When did that

3   occur?

4           THE INTERPRETER:  Sorry?

5      Q.   You were involved in an accident.  And when did that

6   occur?

7      A.   6th of February 2017.

8      Q.   And what type of work were you engaged in at that time?

9      A.   I was doing some foundation with pavement.

10     Q.   And you were involved in construction work?

11     A.   Yes.

12     Q.   For how long prior to February 6, 2017 had you been

13   involved in construction work?

14     A.   14 years.

15     Q.   Where did this incident occur on February 6, 2017, sir?

16     A.   In a house in Queens.

17     Q.   Okay.  And were you doing construction at that home?

18     A.   Yes.

19     Q.   Please tell us how your incident occurred.

20     A.   I was doing the foundation with forms and I needed to

21   add piece of iron.  I needed to cut that piece and the person in

22   charge of my group told me to go in and get something to cut the

23   piece of iron with, but the cutting machine was inside the

24   house.

25          I had to open up a door where we had left the -- all

ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 174 of 209

Plaintiff - Interiano - Direct                    6

1   the items needed for construction and I just had to pull it out.

2   But the owner, my boss, the owner of the company, was digging

3   in.  He was closer to the door that I was going to open.  I told

4   him not to move because I was going to open the door.

5       Q.   When you say "not to move," where was your boss located

6   at the time you told him that?

7       A.   He was working with a machine and I told him to stop.

8       Q.   What type of machine was it?

9       A.   It's a --

10          THE INTERPRETER:  Sorry, Counselor.  I'm not

11      familiar with the type of machinery he's talking about.

12          It's something -- a machine that digs.

13          MR. ARDITO:  Okay.  Thank you.

14      Q.   And what happened next, sir?

15      A.   I told him not to move and he said it's okay.  When I

16  opened the door, he backs -- he backs the machine and he caught

17  my foot.

18      Q.   Okay.

19      A.   And I tried to take it away and I --

20          THE COURT:  What happened with your foot?  I

21      didn't hear.

22          THE INTERPRETER:  The foot was caught with a

23      machine and he tried to pull the foot out, but he -- he

24      went backwards.  And he remembered what he had said and he

25      went forward.

ab

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 175 of 209

Plaintiff - Interiano - Direct                7

 1    Q.   Did any portion of the machine contact your body?

 2    A.   No, only to here (indicating).

 3    Q.   Can you tell us in words what part of your body?

 4    A.   The foot.

 5    Q.   And what part of the machine contacted your foot?

 6    A.   The right foot.

 7    Q.   And what part of the machine touched your right foot?

 8    A.   It was the left.

 9    Q.   Was it a part of the digging machine that your boss was

10  holding that contacted your right foot?

11    A.   The wheel.  The wheel.  But it's -- it has a band.

12    Q.   Is it like a tread or a track?

13    A.   It's like a track or -- yeah.

14    Q.   And what happened next?

15    A.   I went backwards.  I fell backwards on my side, and the

16  workers that, that were with me, they came to pick me up.  And

17  when they tried to pick me up, I said, "don't move me" because I

18  was feeling like I was drowning.  And the boss told me to take

19  their truck and take me to the hospital.

20    Q.   And did you go to the hospital?

21    A.   Yes.

22    Q.   What hospital?

23    A.   Jamaica Hospital.

24    Q.   And what happened when you got there?

25    A.   They bandaged my foot and the whole leg.  And the next

ab

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 176 of 209

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 20
INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 03/01/2021 01:43 PM
NYSCEF DOC. NO. 44
INDEX NO. 702376/2017
RECEIVED NYSCEF: 03/01/2021

Plaintiff - Interiano - Direct                8

```
 1    day, they operated on me.

 2         Q.    And what sort of operation did they do?

 3         A.    They put a rod from my knee all the way down to the

 4    foot.

 5         Q.    How long did you stay in the hospital?

 6         A.    Three days.

 7         Q.    And upon leaving the hospital, did you receive

 8    additional medical care?

 9         A.    Yes.

10         Q.    Were there any portions of your body other than your

11    right foot that you injured as a result of this incident?

12         A.    Yes.

13         Q.    Can you tell me what other portions of your body?

14         A.    The left hand, the shoulder, the neck, the nape of the

15    neck, and the lower portion of the spine.  And all the -- all

16    the leg, from the groin all the way down.

17         Q.    And for what portions of these body parts did you

18    receive treatment?

19         A.    All of them.

20         Q.    Other than the surgery in the hospital, were you ever

21    required to undergo any surgeries as a result of these injuries?

22         A.    Yes.

23         Q.    What portions or parts of your body?

24         A.    They did another surgery to take out the screws that

25    was holding the rod that they put on from the knee to the foot.
```

ab

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 177 of 209

Plaintiff - Interiano - Direct                    9

1       Q.    And why did they do that?

2       A.    Because it was bothering me, and there was a lot of

3   pain when I walked because of the screws.

4       Q.    Any other surgeries?

5       A.    Yes, the lower back.

6       Q.    When was that done?

7             THE COURT:  The lower what?

8             THE INTERPRETER:  The lower back.

9       A.    This was this year.

10      Q.    And who performed that surgery?

11      A.    That was Dr. Levin.

12      Q.    Was he associated with any particular medical facility?

13      A.    Well, they paid for it.

14      Q.    Have you ever heard of Total Orthopedics?

15      A.    Yeah.  That's the company that -- they work there.

16      Q.    When you say "they," do you mean Dr. Levin?

17      A.    Yes.

18      Q.    Did you go to Total Orthopedics for anything other than

19   to see Dr. Levin?

20      A.    Yes.

21      Q.    What else did you go there for?

22      A.    For the hand, for the shoulder, for the neck.

23      Q.    And what sort of treatment did you receive there for

24   those parts of the body?

25      A.    And there was another surgery as well.

ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 178 of 209
PageID #: 694

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
INDEX NO. 616823/2022
NYSCEF DOC. NO. 20
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 03/01/2021 01:43 PM
INDEX NO. 702376/2017
NYSCEF DOC. NO. 44
RECEIVED NYSCEF: 03/01/2021

1    Q.   All right.  Why don't you tell us what that is.

2    A.   And I had a surgery on my shoulder as well.

3    Q.   And who performed that surgery?

4    A.   Dr. Totoro (phonetic).

5    Q.   And is he associated with any medical office?

6    A.   Yes, Total as well.

7    Q.   Total Orthopedics?

8    A.   It's the same company.

9    Q.   Why were you told you needed a back surgery?

10   A.   Because I was in a lot of pain.  I couldn't sleep.

11   Q.   And what did they tell you was wrong with your back?

12   A.   They said that, like a disc; they had to shave it off.

13   Q.   And what were you told was wrong with your left

14   shoulder?

15   A.   He used to say the same thing.  It was like a disc that

16   they had to shave it off, but, like -- because when I moved it,

17   it was something was stopping the movement.

18   Q.   You had difficulty moving your left shoulder following

19   this incident?

20   A.   Yes.

21   Q.   And did any doctor ever tell you that that was related

22   to your construction accident?

23   A.   Yes.

24   Q.   And did any doctor ever tell you why your lower back

25   was injured?

ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 179 of 209

Plaintiff - Interiano - Direct          11

```
 1              THE INTERPRETER:  What?

 2       Q.   Did any doctor ever tell you why your lower back was

 3  injured?

 4       A.   Yes.

 5       Q.   And what was that caused by?

 6       A.   By the accident.

 7       Q.   Prior to these surgeries, did you ever get any

 8  injections?

 9       A.   Three injections.

10       Q.   To what part of your body?

11       A.   Here on the side, in the lower part of the back.

12       Q.   Thank you.

13            Did you receive physical therapy for these injuries?

14       A.   Yes.

15       Q.   When did you start that therapy?

16       A.   I started, like, ten days after the accident.

17       Q.   And for how long did you receive physical therapy?

18       A.   I'm still receiving therapy nowadays.

19       Q.   And to what portions of your body do you receive

20  physical therapy?

21       A.   All of them.

22       Q.   Did you ever -- were you ever told something about

23  blood clots forming as a result of these procedures?

24       A.   Yes.  They gave me 28 injections.

25       Q.   And why did they give you --
```

ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 180 of 209

Plaintiff - Interiano - Direct          12

1       A.   I gave it to myself.

2       Q.   Okay.  And what were those for?

3       A.   On the navel.

4       Q.   And why did you have to do that, sir?

5       A.   Because they told me there were blood clots where the

6   machine hit me.

7       Q.   Did you ever receive any psychological care in

8   connection with this incident?

9       A.   Yes, I saw the psychologist.

10      Q.   And why did you see a psychologist?

11      A.   Because when -- after the accident, whenever I saw one

12  of these machines that I had worked with, I got very nervous.  I

13  told my family that.

14      Q.   Sir, prior to this incident of February 6, 2017, had

15  you ever injured your lower back before?

16      A.   Never.

17      Q.   Prior to this incident, had you ever injured your left

18  shoulder?

19           THE INTERPRETER:  Right shoulder?

20           MR. ARDITO:  No, left shoulder.

21      A.   No.

22      Q.   Prior to this incident, had you ever injured your right

23  ankle or right leg?

24      A.   Right?  Never.

25      Q.   Sir, did you ever see anybody for pain to your knee?

ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 181 of 209

1      A.   No.

2      Q.   Were you ever diagnosed with any problems with your

3   knee?

4      A.   With the accident?

5      Q.   Right, as a result of this incident.

6      A.   Yes.  They told me that this is going to hurt forever.

7      Q.   Did you ever see a Dr. Katzman?

8      A.   Yes.

9      Q.   Why did you see a Dr. Katzman?

10     A.   Because I -- my knee was hurting.

11     Q.   Did he ever tell you what was wrong with your knee?

12     A.   Yes.  He said that I had a rotor (phonetic) down here

13   and he wanted to operate.

14          THE REPORTER:  A what?

15          THE INTERPRETER:  Rotor.

16     Q.   They wanted to operate on what part of your body?

17     A.   Below the knee.

18     Q.   And have you had that surgery?

19          THE INTERPRETER:  Sorry?

20     Q.   Have you had that surgery?

21     A.   I didn't, I didn't want to.  I can't take anymore

22   surgeries.

23     Q.   Sir, since this incident, have you worked at all?

24     A.   No.

25     Q.   And why is that?

ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 182 of 209

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 20

INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 03/01/2021 01:43 PM
NYSCEF DOC. NO. 44

INDEX NO. 702376/2017
RECEIVED NYSCEF: 03/01/2021

Plaintiff - Interiano - Direct                    14

1      A.    Because I'm not able to stand construction work, and

2  the doctors have not told me that I'm able to do that.

3      Q.    Sir, who paid for the doctors and your surgical --

4  your surgeries?

5      A.    Workers' Compensation.

6      Q.    Is that Workers' Compensation case still active?

7      A.    Yes.

8      Q.    And have they also paid you a certain amount of lost

9  wages?

10      A.    They have.

11      Q.    And at the time of the incident, how much were you

12  making a week?

13      A.    6 to 700.  They didn't pay me the same thing every

14  time.

15      Q.    And how much were you paid by Workers' Comp. for your

16  lost wages since this incident?

17      A.    They're sending me every two weeks, 875.

18      Q.    Other than the knee surgery, has anyone ever

19  recommended you may need additional surgery?

20      A.    No.

21      Q.    Sir, how are you feeling today with regard to the

22  injuries you sustained in this incident?

23      A.    Bad.

24      Q.    Can you tell us about how your right leg feels at this

25  point in time.

ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 183 of 209

Plaintiff - Interiano - Direct                15

1   A.   Like a 7.

2   Q.   Okay.  How about your lower back?

3   A.   About the same.

4   Q.   And if you'll just tell us how these injuries to your

5   left shoulder, your neck, your lower back, and your right leg

6   and knee have affected your life.

7   A.   Very bad.

8   Q.   Can you tell us a little more?

9   A.   Because all the time it hurts.

10  Q.   In all areas of the body that I mentioned?

11  A.   Yes.

12  Q.   Okay.  Thank you.

13  A.   The only thing that doesn't hurt is the hand.

14  Q.   And which hand are you referring to, sir?

15  A.   The left.

16  Q.   So your left wrist injury feels better?

17  A.   Yes.

18       MR. ARDITO:  Your Honor, in support of this

19  testimony which has already been marked here today, I have

20  here marked as Plaintiff's Exhibit 1 the certified records

21  from Jamaica Hospital; as Plaintiff's Exhibit 2, the

22  certified records from Total Orthopedic; and Plaintiff's

23  Exhibit 3, the certified records from Total Neuro Care

24  somewhat referencing the deep vein thrombosis or blood clot

25  to which the witness testified; as Plaintiff's Exhibit 4,

ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 184 of 209

1    Katzman Orthopedics, referring to his knee issues and the

2    recommendation for surgery.

3              THE COURT:  Is that Katzman or Katman?

4              MR. ARDITO:  Katzman, Your Honor; K-A-T-Z-M-A-N.

5              As Plaintiff's Exhibit 5, the full Workers'

6    Compensation file to date which contains most, if not all,

7    of the medical records we have been discussing, as well as

8    payments for his lost wages; and as Plaintiff's Exhibit 6,

9    the office notes from Dr. Kenneth Egol, E-G-O-L, which

10   references his visits, and his knee for the hardware

11   removal surgery.

12             While the Workers' Compensation records aren't

13   specific as to the current lien, I do have non-certified

14   documentation in the form of a letter from the Workers'

15   Compensation carrier, and a ledger as to the payments, that

16   indicate that the current Workers' Compensation lien is

17   $126,910.71.  And I've made a legend for your assistance.

18             THE COURT:  How much is the lien again?  Sorry.

19             MR. ARDITO:  Sure.  It's $126,910.71.

20             We ask that the Court accept these exhibits as

21   evidence of the injuries sustained by my client and the

22   effects thereafter.  We would like them admitted into

23   evidence, Your Honor.

24             THE COURT:  Yes.  So admitted.

25             MR. ARDITO:  Thank you.

ab

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 20

FILED: QUEENS COUNTY CLERK 03/01/2021 01:43 PM
NYSCEF DOC. NO. 44

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 185 of 209
PageID #: 782

INDEX NO. 616823/2022

RECEIVED NYSCEF: 11/30/2022
INDEX NO. 702376/2017

RECEIVED NYSCEF: 03/01/2021

1            (Whereupon, the above-referred-to documents were

2    marked in evidence as Plaintiff's Exhibits 1 through 6, as

3    of this date.)

4    Q.   Mr. Interiano, is there anything else you would like to

5    tell us about what you've been through that we haven't discussed

6    here today?

7    A.   No.

8    Q.   Okay.  Thank you, Mr. Interiano.

9            THE COURT:  Thank you, Counsel.

10           MR. ARDITO:  Thank you, Your Honor.

11           THE COURT:  Do you have anything --

12           CLERK OF THE COURT:  You may step down, sir.

13           THE COURT:  -- verdicts of personal injury in a

14   labor law case?

15           MR. ARDITO:  I did not bring a sustained jury .

16   verdict Appellate decision, Your Honor.  My apologies.  I

17   can submit them to the Court at a later date.

18           THE COURT:  Okay.  It's clear from the testimony

19   at the Inquest that Mr. Interiano was injured at this work

20   site to his leg, neck, back, shoulder and hand.  He

21   testified he hasn't worked since the date of the accident,

22   which was February 6, 2017; about a little more than two

23   years ago.  I'm going to reserve decision on the exact

24   amount pending receipt of a sustainable decision that shows

25   the sustainable amount for the injuries.

ab

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 186 of 209

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
INDEX NO. 616823/2022
NYSCEF DOC. NO. 20
RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 03/01/2021 01:43 PM
INDEX NO. 702376/2017
NYSCEF DOC. NO. 44
RECEIVED NYSCEF: 03/01/2021

Proceedings                                    18

1          MR. ARDITO:  Understood, Your Honor.  And is it

2     okay if they come in the form of separate decisions

3     relating to those separate body parts?  Because I may not

4     find one decision encompassing all those areas.

5          THE COURT:  Oh, come on.  I'm sure your research

6     could find that.

7          MR. ARDITO:  I will do my very best and present it

8     in the most orderly fashion I can.

9          THE COURT:  I understand that the possibility of

10    finding a case involving another worker who was injured on

11    the job with exactly these injuries would be very

12    difficult, especially the way that the Court would've

13    digested the injuries.

14          MR. ARDITO:  Thank you, Your Honor.  I'll do my

15    very best to lay it out succinctly and provide you some

16    guidance in the form of Appellate decisions.

17          THE COURT:  So at that point, I'll go back on the

18    record and enter a judgment at that point.

19          MR. ARDITO:  Thank you, Your Honor.

20                    *     *     *

21          The foregoing is hereby certified to be a true and

22    accurate transcript of the proceedings as transcribed from

23    the stenographic notes.

24                                          FILED

25                                          MAR 0 1 2021

          ANNE BROWN, RPR                  COUNTY CLERK
          SENIOR COURT REPORTER            QUEENS COUNTY

                                                    ab

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 187 of 209
PageID #: 764

1

**$**

$126,910.71 [2] - 16:17, 16:19

**1**

1 [3] - 2:4, 15:20, 17:2
100 [3] - 1:17, 2:12, 2:13
11435 [1] - 1:10
11530 [2] - 1:17, 2:14
11550 [1] - 4:3
13 [1] - 1:1
14 [1] - 5:14
14th [1] - 4:22
18 [1] - 4:2
1984 [1] - 4:22

**2**

2 [1] - 15:21
2017 [6] - 2:9, 5:7, 5:12, 5:15, 12:14, 17:22
2019 [1] - 1:10
240 [1] - 3:4
241.6 [1] - 3:4
26 [1] - 1:10
28 [1] - 11:24

**3**

3 [1] - 15:23
35 [1] - 4:22

**4**

4 [1] - 15:25

**5**

5 [1] - 16:5
513 [1] - 2:13

**6**

6 [8] - 2:5, 5:12, 5:15, 12:14, 14:13, 16:8, 17:2, 17:22
6th [1] - 5:7

**7**

7 [1] - 15:1
700 [1] - 14:13
702376 [1] - 2:9
702376/2017 [1] - 1:5

**8**

875 [1] - 14:17
88-11 [1] - 1:9

**A**

able [2] - 14:1, 14:2
above-referred-to [2] - 2:3, 17:1
accept [1] - 16:20
accident [10] - 2:20, 5:1, 5:2, 5:5, 10:22, 11:6, 11:16, 12:11, 13:4, 17:21
accurate [1] - 18:22
active [1] - 14:6
add [1] - 5:21
additional [2] - 8:8, 14:19
address [2] - 4:1, 4:11
admitted [2] - 16:22, 16:24
affected [1] - 15:6
affirm [1] - 3:21
age [2] - 4:17, 4:21
ago [1] - 17:23
ALL [1] - 1:6
allegations [1] - 3:4
amount [2] - 14:8, 17:24, 17:25
ankle [1] - 12:23
ANNE [2] - 1:24, 18:24
answer [1] - 4:18
apologies [1] - 17:16
appear [1] - 2:24
appearance [2] - 2:11, 3:16
appeared [2] - 2:21, 2:22
Appellate [2] - 17:16, 18:16
applicable [1] - 3:5
ARDITO [3] - 1:16, 1:18, 2:7, 2:12, 2:17, 2:19, 2:22, 3:8, 3:12, 4:5, 4:8, 6:13, 12:20, 15:18, 16:4, 16:19, 16:25, 17:10, 17:15, 18:1, 18:7, 18:14, 18:19
Ardito [2] - 2:12
areas [2] - 15:10, 18:4
assistance [1] - 16:17
associated [2] - 9:12, 10:5
Attorneys [1] - 1:16
August [1] - 4:22
Avenue [1] - 4:3

**B**

backs [2] - 6:16
backwards [3] - 6:24, 7:15
bad [2] - 14:23, 15:7
band [1] - 7:11
bandaged [1] - 7:25
begin [1] - 3:9
below [1] - 13:17
best [2] - 18:7, 18:15
better [1] - 15:16
birth [2] - 4:17, 4:21
blood [3] - 11:23, 12:5, 15:24
Blvd [1] - 1:17
body [12] - 7:1, 7:3, 8:10, 8:13, 8:17, 8:23, 9:24, 11:10, 11:19, 13:16, 15:10, 18:3
Boro [1] - 2:10
BORO [1] - 1:6
boss [4] - 6:2, 6:5, 7:9, 7:18
bothering [1] - 9:2
Boulevard [2] - 1:9, 2:13
bring [1] - 7:15
BROWN [2] - 1:24, 18:24
BY [2] - 1:18, 4:7

**C**

Care [1] - 15:23
care [2] - 8:8, 12:7
Carl [1] - 2:10
CARLOS [1] - 1:3
Carlos [1] - 4:2
carrier [1] - 16:15
case [7] - 2:8, 2:18, 2:19, 3:2, 14:6, 17:14, 18:10
caught [2] - 6:16, 6:22
caused [1] - 11:5
certain [1] - 14:8
certified [5] - 15:20, 15:22, 15:23, 16:13, 18:21
charge [1] - 5:22
children [2] - 4:15, 4:19
City [2] - 1:17, 2:13
CIVIL [1] - 1:1
clear [1] - 17:18
CLERK [7] - 2:1, 2:8, 3:14, 3:20, 3:25, 4:4, 17:12
client [1] - 16:21

**C**

closer [1] - 6:3
clot [1] - 15:24
clots [2] - 11:23, 12:5
Comp [1] - 14:15
company [3] - 6:2, 9:15, 10:8
Compensation [6] - 14:5, 14:6, 16:6, 16:12, 16:15, 16:16
completion [1] - 3:1
conducted [1] - 2:25
connection [1] - 12:8
CONSTRUCTION [1] - 1:6
Construction [1] - 2:10
construction [7] - 2:20, 5:10, 5:13, 5:17, 6:1, 10:22, 14:1
contact [1] - 7:1
contacted [2] - 7:5, 7:10
contains [1] - 16:6
Counsel [1] - 17:9
counsel [2] - 2:11, 2:24
Counselor [1] - 6:10
COUNTY [1] - 1:1
COURT [30] - 1:1, 1:25, 2:1, 2:6, 2:8, 2:15, 2:18, 2:21, 3:6, 3:9, 3:13, 3:14, 3:20, 3:25, 4:4, 4:18, 6:20, 9:7, 16:3, 16:18, 16:24, 17:9, 17:11, 17:12, 17:13, 17:18, 18:5, 18:9, 18:17, 18:25
Court [6] - 1:9, 1:12, 3:18, 16:20, 17:17, 18:12
current [2] - 16:13, 16:16
cut [2] - 5:21, 5:22
cutting [1] - 5:23

**D**

date [7] - 2:5, 4:17, 4:21, 16:6, 17:3, 17:17, 17:21
days [2] - 8:6, 11:16
decision [4] - 17:16, 17:23, 17:24, 18:4
decisions [2] - 18:2, 18:16
deep [1] - 15:24
Defendant [1] - 1:7
diagnosed [1] - 13:2

**D**

difficult [1] - 18:12
difficulty [1] - 10:18
digested [1] - 18:13
digging [2] - 6:2, 7:9
digs [1] - 6:12
DIRECT [1] - 4:7
disc [2] - 10:12, 10:15
disclaimer [1] - 2:23
discontinue [1] - 3:2
discontinued [1] - 3:6
discovery [2] - 2:25, 3:1
discussed [1] - 17:5
discussing [1] - 16:7
doctor [3] - 10:21, 10:24, 11:2
doctors [2] - 14:2, 14:3
documentation [1] - 16:14
documents [2] - 2:3, 17:1
done [1] - 9:6
door [4] - 5:25, 6:3, 6:4, 6:16
down [4] - 8:3, 8:16, 13:12, 17:12
Dr [6] - 9:11, 9:16, 9:19, 13:7, 13:9, 16:9
dr [1] - 10:4
drowning [1] - 7:18
dwelling [1] - 3:4

**E**

effects [1] - 16:22
Egol [1] - 16:9
EGOL [1] - 16:9
encompassing [1] - 18:4
engaged [1] - 5:8
enter [1] - 18:18
especially [1] - 18:12
ESQ [1] - 1:18
evidence [5] - 16:21, 16:23, 17:2
exact [1] - 17:23
exactly [1] - 18:11
EXAMINATION [1] - 4:7
Exhibit [6] - 15:20, 15:21, 15:23, 15:25, 16:5, 16:8
exhibits [2] - 2:1, 16:20
Exhibits [2] - 2:4, 17:2

ab

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 188 of 209 PageID #: 799

2

**F**

facility [1] - 9:12
familiar [1] - 6:11
family [2] - 3:3, 12:13
fashion [1] - 18:8
February [5] - 5:7, 5:12, 5:15, 12:14, 17:22
fell [1] - 7:15
file [1] - 16:6
FIRM [1] - 1:16
Firm [1] - 2:12
following [1] - 10:18
foot [13] - 6:17, 6:20, 6:22, 6:23, 7:4, 7:5, 7:6, 7:7, 7:10, 7:25, 8:4, 8:11, 8:25
foregoing [1] - 18:21
forever [1] - 13:6
form [3] - 16:14, 18:2, 18:16
forming [1] - 11:23
forms [1] - 5:20
forward [1] - 6:25
foundation [2] - 5:9, 5:20
full [1] - 16:5

**G**

Garden [2] - 1:17, 2:13
groin [1] - 8:16
group [1] - 5:22
GROUP [1] - 1:6
Group [1] - 2:10
guidance [1] - 18:16

**H**

hand [6] - 3:21, 8:14, 9:22, 15:13, 15:14, 17:20
hardware [1] - 16:10
HEALY [1] - 1:12
hear [1] - 6:21
heard [1] - 9:14
Hempstead [1] - 4:3
hereby [1] - 18:21
hit [1] - 12:6
Hoch [1] - 3:8
Hoches [1] - 2:24
holding [2] - 7:10, 8:25
home [1] - 5:17
homeowners [2] - 3:3, 3:7
Honor [14] - 2:7, 2:17, 2:19, 2:23, 3:8, 3:11,

15:18, 16:4, 16:23, 17:10, 17:16, 18:1, 18:14, 18:19
HONORABLE [1] - 1:12
hospital [6] - 7:19, 7:20, 7:22, 8:5, 8:7, 8:20
Hospital [2] - 7:23, 15:21
house [2] - 5:16, 5:24
hurt [2] - 13:6, 15:13
hurting [1] - 13:10
hurts [1] - 15:9

**I**

identification [1] - 2:4
INC [1] - 1:6
incident [13] - 5:15, 5:19, 8:11, 10:19, 12:8, 12:14, 12:17, 12:22, 13:5, 13:23, 14:11, 14:16, 14:22
Index [1] - 2:9
INDEX [1] - 1:4
indicate [1] - 16:16
indicating) [1] - 7:2
injections [3] - 11:8, 11:9, 11:24
injured [8] - 8:11, 10:25, 11:3, 12:15, 12:17, 12:22, 17:19, 18:10
injuries [8] - 8:21, 11:13, 14:22, 15:4, 16:21, 17:25, 18:11, 18:13
injury [2] - 15:16, 17:13
Inquest [3] - 2:8, 2:16, 17:19
INQUEST [1] - 1:6
inside [1] - 5:23
insurance [1] - 2:23
INTERIANO [1] - 1:3
Interiano [6] - 2:9, 4:2, 4:9, 17:4, 17:8, 17:19
interpreter [3] - 3:10, 3:15, 3:19
INTERPRETER [12] - 3:11, 3:18, 4:6, 4:20, 5:4, 6:10, 6:22, 9:8, 11:1, 12:19, 13:15, 13:19
Interpreter [1] - 3:16
involved [4] - 5:2, 5:5, 5:10, 5:13
involving [1] - 18:10

iron [2] - 5:21, 5:23
issues [1] - 16:1
items [1] - 6:1

**J**

Jamaica [1] - 3:10, 7:23, 15:21
Jimena [1] - 3:18
job [1] - 18:11
Juan [2] - 2:9, 4:2
JUAN [1] - 1:3
judgment [2] - 2:25, 18:18
jury [1] - 17:15
Justice [1] - 1:12

**K**

K-A-T-Z-M-A-N [1] - 16:4
Katman [1] - 16:3
Katzman [5] - 13:7, 13:9, 16:1, 16:3, 16:4
Kenneth [1] - 16:9
kind [1] - 2:18
knee [11] - 8:3, 8:25, 12:25, 13:3, 13:10, 13:11, 13:17, 14:18, 15:6, 16:1, 16:10

**L**

Labor [1] - 3:4
labor [2] - 2:19, 17:14
last [1] - 4:25
LAW [1] - 1:16
Law [2] - 2:12, 3:4
law [2] - 2:19, 17:14
lay [1] - 18:15
leaving [1] - 8:7
ledger [1] - 16:15
left [10] - 5:25, 7:8, 8:14, 10:13, 10:18, 12:17, 12:20, 15:5, 15:15, 15:16
leg [6] - 7:25, 8:16, 12:23, 14:24, 15:5, 17:20
legend [1] - 16:17
letter [1] - 16:14
Levin [3] - 9:11, 9:16, 9:19
lien [3] - 16:13, 16:16, 16:18
life [1] - 13:5
list [1] - 2:2
live [1] - 4:16
lives [1] - 4:20

located [1] - 6:5
lost [3] - 14:8, 14:16, 16:8
loud [1] - 4:1
lower [10] - 8:15, 9:5, 9:7, 9:8, 10:24, 11:2, 11:11, 12:15, 15:2, 15:5

**M**

machine [11] - 5:23, 6:7, 6:8, 6:12, 6:16, 6:23, 7:1, 7:5, 7:7, 7:9, 12:6
machinery [1] - 6:11
machines [1] - 12:12
Madam [1] - 3:16
mark [1] - 2:2
marked [4] - 2:4, 14:19, 15:20, 17:2
matter [1] - 2:25
MAUREEN [1] - 1:12
mean [1] - 9:16
medical [4] - 8:8, 9:12, 10:5, 16:7
mentioned [1] - 15:10
morning [4] - 2:6, 2:7, 2:15, 3:11
most [2] - 16:6, 18:8
motion [2] - 3:1, 3:2
move [4] - 6:4, 6:5, 6:15, 7:17
moved [1] - 10:16
movement [1] - 10:17
moving [1] - 10:18
MR [21] - 2:7, 2:12, 2:17, 2:19, 2:22, 3:8, 3:12, 4:5, 4:8, 6:13, 12:20, 15:18, 16:4, 16:19, 16:25, 17:10, 17:15, 18:1, 18:7, 18:14, 18:19

**N**

name [1] - 3:25
nape [1] - 8:14
navel [1] - 12:3
neck [5] - 8:14, 8:15, 9:22, 15:5, 17:20
need [1] - 14:19
needed [4] - 5:20, 5:21, 6:1, 10:9
nervous [1] - 12:12
Neuro [1] - 15:23
never [4] - 2:21, 2:22, 12:16, 12:24
NEW [1] - 1:1
New [4] - 1:10, 1:17,

2:14, 4:3
next [3] - 6:14, 7:14, 7:25
non [1] - 16:13
non-certified [1] - 16:13
note [1] - 2:11
notes [2] - 16:9, 18:23
nothing [1] - 3:23
nowadays [1] - 11:18
NUMBER [1] - 1:4
number [1] - 2:9

**O**

occur [3] - 5:3, 5:6, 5:15
occurred [1] - 5:19
OF [10] - 1:1, 1:1, 2:1, 2:8, 3:14, 3:20, 3:25, 4:4, 17:12
office [2] - 10:5, 16:9
old [1] - 4:22
one [4] - 4:16, 4:20, 12:11, 18:4
open [3] - 5:25, 6:3, 6:4
opened [1] - 6:16
operate [2] - 13:13, 13:16
operated [1] - 8:1
operation [1] - 8:2
oppose [1] - 3:2
opted [1] - 3:2
orderly [1] - 18:8
Orthopedic [1] - 15:22
Orthopedics [4] - 9:14, 9:18, 10:7, 16:1
owner [2] - 6:2

**P**

P.C [1] - 1:16
paid [4] - 9:13, 14:3, 14:8, 14:15
pain [3] - 9:3, 10:10, 12:25
part [7] - 7:3, 7:5, 7:7, 7:9, 11:10, 11:11, 13:16
PART [1] - 1:1
particular [1] - 9:12
parts [4] - 8:17, 8:23, 9:24, 18:3
Pato [1] - 3:18
pavement [1] - 5:9
pay [1] - 14:13
payments [2] - 16:8, 16:15

ab

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM
NYSCEF DOC. NO. 20
INDEX NO. 616823/2022
RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 03/01/2021 01:43 PM
NYSCEF DOC. NO. 44
INDEX NO. 702376/2017
RECEIVED NYSCEF: 03/01/2021

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 189 of 209
PageID #: 788

3

pending [1] - 17:24
performed [2] - 9:10, 10:3
person [1] - 5:21
personal [1] - 17:13
phonetic [1] - 13:12
phonetic) [1] - 7:4
physical [3] - 11:13, 11:17, 11:20
pick [2] - 7:16, 7:17
piece [3] - 5:21, 5:23
place [1] - 3:16
Plaintiff [2] - 1:4, 1:16
Plaintiff's [8] - 2:4, 15:20, 15:21, 15:22, 15:25, 16:5, 16:8, 17:2
point [3] - 14:25, 18:17, 18:18
portion [2] - 7:1, 8:15
portions [5] - 8:10, 8:13, 8:17, 8:23, 11:19
possibility [1] - 18:9
presence [1] - 3:15
present [1] - 18:7
private [2] - 2:24, 3:3
problems [1] - 13:2
procedures [1] - 11:23
proceedings [1] - 18:22
provide [1] - 18:15
psychological [1] - 12:7
psychologist [2] - 12:9, 12:10
pull [2] - 6:1, 6:23
put [2] - 8:3, 8:25

Q

QUEENS [1] - 1:1
Queens [1] - 5:16
Quentin [2] - 1:17, 2:13

R

raise [1] - 3:20
rather [1] - 3:2
RAYMOND [1] - 1:18
Raymond [1] - 2:12
ready [1] - 4:5
receipt [1] - 17:24
receive [7] - 8:7, 8:18, 9:23, 11:13, 11:17, 11:19, 12:7
receiving [1] - 11:18
recommendation [1] - 16:2

recommended [1] - 14:19
record [4] - 3:14, 3:17, 4:1, 18:18
records [5] - 15:20, 15:22, 15:23, 16:7, 16:12
references [1] - 16:10
referencing [1] - 15:24
referred [2] - 2:3, 17:1
referring [2] - 15:14, 16:1
reflect [1] - 3:14
regard [1] - 14:21
related [1] - 10:21
relating [1] - 18:3
remembered [1] - 6:24
removal [1] - 16:11
REPORTER [3] - 1:25, 13:14, 18:25
required [1] - 8:21
research [1] - 18:5
reserve [1] - 17:23
reside [1] - 4:13
residing [1] - 4:11
result [4] - 8:11, 8:21, 11:23, 13:5
rod [2] - 8:3, 8:25
Roosevelt [2] - 1:17, 2:13
rotor [1] - 13:12
Rotor [1] - 13:15
RPR [2] - 1:24, 18:24

S

saw [2] - 12:9, 12:11
screws [2] - 8:24, 9:3
see [5] - 9:19, 12:10, 12:25, 13:7, 13:9
Seitz [1] - 4:2
sending [1] - 14:17
SENIOR [2] - 1:25, 18:25
sent [1] - 2:15
separate [2] - 18:2, 18:3
September [1] - 1:10
several [1] - 2:1
shave [2] - 10:12, 10:16
shoulder [10] - 8:14, 9:22, 10:2, 10:14, 10:18, 12:18, 12:19, 12:20, 15:5, 17:20
shows [1] - 17:24
side [4] - 2:21, 2:22, 7:15, 11:11
single [1] - 3:3
single-family [1] - 3:3

site [1] - 17:20
sleep [1] - 10:10
somewhat [1] - 15:24
sorry [4] - 5:4, 6:10, 13:19, 16:18
sort [2] - 8:2, 9:23
Spanish [1] - 3:15
specific [1] - 16:13
spine [1] - 8:15
stand [1] - 14:1
start [1] - 11:15
started [1] - 11:16
STATE [1] - 1:1
state [1] - 3:25
stay [1] - 8:5
stenographic [1] - 18:23
step [2] - 3:12, 17:12
still [2] - 11:18, 14:6
stop [1] - 6:7
stopping [1] - 10:17
submit [1] - 17:17
succinctly [1] - 18:15
Suite [1] - 2:13
summary [1] - 2:25
support [1] - 15:18
SUPREME [1] - 1:1
Supreme [3] - 1:9, 1:12, 3:18
surgeries [5] - 8:21, 9:4, 11:7, 13:22, 14:4
surgery [13] - 8:20, 8:24, 9:10, 9:25, 10:2, 10:3, 10:9, 13:18, 13:20, 14:18, 14:19, 16:2, 16:11
surgical [1] - 14:3
sustainable [2] - 17:24, 17:25
sustained [3] - 14:22, 16:21, 17:15
Sutphin [1] - 1:9
swear [1] - 3:21

T

ten [1] - 11:16
testified [2] - 15:25, 17:21
testimony [3] - 3:21, 15:19, 17:18
THE [43] - 1:1, 2:1, 2:6, 2:8, 2:15, 2:18, 2:21, 3:6, 3:9, 3:11, 3:13, 3:14, 3:18, 3:20, 3:24, 3:25, 4:2, 4:4, 4:6, 4:18, 4:20, 5:4, 6:10, 6:20, 6:22, 9:7, 9:8, 11:1, 12:19,

13:14, 13:15, 13:19, 16:3, 16:18, 16:24, 17:9, 17:11, 17:12, 17:13, 17:18, 18:5, 18:9, 18:17
therapy [5] - 11:13, 11:15, 11:17, 11:18, 11:20
thereafter [1] - 15:13
thereby [1] - 3:5
three [3] - 4:12, 8:6, 11:9
thrombosis [1] - 15:24
today [3] - 14:21, 15:19, 17:6
Total [6] - 9:14, 9:18, 10:6, 10:7, 15:22, 15:23
Totoro [1] - 10:4
touched [1] - 7:7
track [2] - 7:12, 7:13
transcribed [1] - 18:22
transcript [1] - 18:22
tread [1] - 7:12
treatment [2] - 8:18, 9:23
tried [3] - 6:19, 6:23, 7:17
truck [1] - 7:19
true [1] - 18:21
truth [3] - 3:22, 3:23
two [4] - 4:16, 4:20, 14:17, 17:22
type [3] - 5:8, 6:8, 6:11

U

under [1] - 3:4
undergo [1] - 8:21
understood [1] - 18:1
up [4] - 3:12, 5:25, 7:16, 7:17

V

vein [1] - 15:24
verdict [1] - 17:16
verdicts [1] - 17:13
visits [1] - 16:10

W

wages [3] - 14:9, 14:16, 16:8
walked [1] - 9:3
week [1] - 14:12
weeks [1] - 14:17
wheel [2] - 7:11
whole [2] - 3:22, 7:25

wife [1] - 4:14
witness [1] - 15:25
WITNESS [3] - 3:24, 4:2
words [1] - 7:3
worker [1] - 18:10
workers [1] - 7:16
Workers' [7] - 14:5, 14:6, 14:15, 16:5, 16:12, 16:14, 16:16
would've [1] - 18:12
wrist [1] - 15:16

Y

year [1] - 9:9
years [4] - 4:12, 4:22, 5:14, 17:23
YORK [1] - 1:1
York [4] - 1:10, 1:17, 2:14, 4:3

ab

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 21    RECEIVED NYSCEF: 11/30/2022

# EXHIBIT S

At IAS Part 42 of the Supreme Court
of the State of New York, held in
and for the County of Queens, at the
Courthouse thereof located at 25-10
Court Square, Long Island City, New
York 11101 on the 22nd day of June
2022.

**FILED**
7/11/2022
COUNTY CLERK
QUEENS COUNTY

PRESENT: HONORABLE MAURICE E. MUIR
JUSTICE OF THE SUPREME COURT

—————————————————————————

JUAN CARLOS INTERIANO,                           Index No.: 702376/2017

                    Plaintiff,

                                                 **DECISION & ORDER**
         -against-                               **AFTER INQUEST**

ALL-BORO REHAB CONSTRUCTION GROUP,
INC., ALL-BORO REHAB CONSTRUCTION
CORP. and ALL BORO GROUP LLC,

                    Defendants.

—————————————————————————

An Inquest was held before Justice Maureen A. Healy on September 26, 2019 against defendants

ALL-BORO REHAB CONSTRUCTION GROUP, INC. whereby the testimony of plaintiff JUAN

CARLOS INTERIANO was heard, arguments of plaintiff's counsel were heard, and medical exhibits

and worker's compensation carrier records were entered into evidence, after which decision as reserved.

By Order of the Justice Allan B. Weiss on January 29, 2020, an action against defendants

ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC under index #

716989/2019 was consolidated with the instant matter.

An Inquest was held before Judge Maureen A. Healy on March 11, 2020 against defendants

ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC whereby the testimony

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM   INDEX NO. 616823/2022
NYSCEF DOC. NO. 21                                 RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 07/11/2022 11:24 AM   INDEX NO. 702376/2017
NYSCEF DOC. NO. 45                                 RECEIVED NYSCEF: 07/11/2022

of plaintiff JUAN CARLOS INTERIANO was heard, arguments of plaintiff's counsel were heard, and medical exhibits and worker's compensation carrier records were entered into evidence, after which decision as reserved.

**NOW**, upon the testimony by plaintiff JUAN CARLOS INTERIANO had herein, arguments of plaintiff's counsel, and the medical evidence worker's compensation carrier records entered into evidence, it is hereby

**ORDERED** that plaintiff JUAN CARLOS INTERIANO shall have and recover judgment against defendants ALL-BORO REHAB CONSTRUCTION GROUP, INC., ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC in the sum of $1,500,000.00 for his past and future pain and suffering and his past and future lost wages, and it is further,

**ORDERED** that the damages are thus fixed, together with the costs of the action to be taxed by the Clerk of this Court, and said Clerk is hereby directed to enter judgement in favor of plaintiff JUAN CARLOS INTERIANO and against defendants ALL-BORO REHAB CONSTRUCTION GROUP, INC., ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC for said sum, together with the costs of the action to be taxed by the clerk of the Court, if authorized by statute.

ENTER:

_____
MAURICE E. MUIR, J.S.C.

**FILED**
7/11/2022
COUNTY CLERK
QUEENS COUNTY

_____
CLERK

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 193 of 209
PageID #: 716

# EXHIBIT T

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 194 of 209

FILED: QUEENS COUNTY CLERK 08/18/2022 12:16 PM
NYSCEF DOC. NO. 49
INDEX NO. 702376/2017
RECEIVED NYSCEF: 08/18/2022

P R E S E N T :

CLERK, SUPREME COURT, QUEENS COUNTY
--------------------------------------------------------------X
JUAN CARLOS INTERIANO,                                   Index # 702376/2017

                              Plaintiff,

              - against-                                  JUDGEMENT

ALL BORO CONSTRUCTION GROUP, INC.,
ALL-BORO REHAB CONSTRUCTION CORP. and
ALL BORO GROUP LLC

                              Defendants.
--------------------------------------------------------------X

**FILED & RECORDED**

8/18/2022, 12:14:02 PM

**COUNTY CLERK
QUEENS COUNTY**

    An Inquest having been held before Judge Maureen A. Healy on September 26, 2019 against

defendant ALL BORO CONSTRUCTION GROUP, INC. whereby the testimony of plaintiff JUAN

CARLOS INTERIANO was heard, arguments of plaintiff's counsel were heard, and medical exhibits

and worker's compensation carrier records were entered into evidence, after which decision as reserved,

    And by Order of the Hon. Allan B. Weiss on January 29, 2020, an action against

defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC

under index # 716989/2019 was consolidated with the instant matter,

    And an Inquest having been held before Judge Maureen A. Healy on March 11, 2020 against

defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC whereby

the testimony of plaintiff JUAN CARLOS INTERIANO was heard, arguments of plaintiff's counsel

were heard, and medical exhibits and worker's compensation carrier records were entered into evidence,

after which decision as reserved,

    And Judge Maurice E. Muir having rendered a Decision and Order on August 10, 2022

granting judgement in favor of plaintiff JUAN CARLOS INTERIANO against defendants ALL

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 195 of 209

BORO CONSTRUCTION GROUP, INC., ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC in the sum of $1,500,000.00 for plaintiff's past and future pain and suffering, and past and future lost wages, together with the costs of this action as authorized by statute, it is

~~ORDERED~~, **ADJUDGED** ~~AND DECREED~~ that plaintiff JUAN CARLOS INTERIANO, 160 Stevens Avenue, West Hempstead, NY 11552, does have judgment of defendants ALL BORO CONSTRUCTION GROUP, INC., 260 Doughty Boulevard, Inwood, NY 11096, ALL-BORO REHAB CONSTRUCTION CORP., 260 Doughty Boulevard, Inwood, NY 11096 and ALL BORO GROUP LLC, 260 Doughty Boulevard, Inwood, NY 11096, in the sum of $ 1,500,000.00, together with interest from February 6, 2017 at a rate of 9% per annum in the amount of $ 746,753.42_____, and together with the costs and disbursements of this action in the amount of $1,670.00_____, amounting in all to the sum of $ 2,248,423.42___, [DOCKET] and that plaintiff JUAN CARLOS INTERIANO shall have execution therefore.

_____
CLERK OF THE COURT

**FILED & RECORDED**

8/18/2022, 12:14:02 PM

**COUNTY CLERK**
**QUEENS COUNTY**

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM   INDEX NO. 616823/2022
NYSCEF DOC. NO. 22                                         RECEIVED NYSCEF: 11/30/2022
FILED: QUEENS COUNTY CLERK 08/18/2022 12:16 PM   INDEX NO. 702376/2017
NYSCEF DOC. NO. 49                                         RECEIVED NYSCEF: 08/18/2022

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

JUAN CARLOS INTERIANO

                Plaintiffs,                Index No. 702376/2017

    -against-                     **COSTS OF PLAINTIFF**

ALL BORO CONSTRUCTION GROUP, INC.,
ALL-BORO REHAB CONSTRUCTION CORP. and
ALL BORO GROUP LLC

                Defendants.

-------------------------------------------------------------------X

| | | | |
|---|---|---|---|
| Costs before Note of Issue | | Fee for Index number CPLR §8018(a)....................... | $210.00 |
|   CPLR §8201 subd. 1 .................................... $200.00 | | | |
| Costs after Note of Issue | | Referees Fees CPLR §8301(a) ................. | |
|   CPLR §8201 subd. 2 .................................... 200.00 | | Commissioner's compensation CPLR §8301(a) ............... | |
| Trial of issue | | Clerk's fee, filing notice of pend. Or attach | |
|   CPLR §8201 sudd. 3 ................................... 600.00 | |   CPLR §8010(e) §8021(a)12 ............... | |
| Allowance by statute | | Clerk's fee cancel notice of pend CPLR §8021(a)12 ......... | |
|   CPLR §8302(a)(b).......................... | | Entering and docketing judgment CPLR §8301(a) 7 | |
| Additional allowance | |   §8016(a)2 .............. | |
|   CPLR §8302(d) .............................. | | Paid for searches CPLR§8301(a)10 .............. | |
| Motion costs | | Affidavits & acknowledgments CPLR §8009 ................. | |
|   CPLR §8202 ................................... 200.00 | | Serving copy summons & complaint CPLR §8011(c)1 §8301(d) ... | 180.00 |
| Appeal To App. Div. Or App. Term before argument | | | |
|   CPLR §8203 subd. 1 | | Note of issue CPLR §8020(a)................. | 30.00 |
| Appeal to App Div or App. Term for argument | | Paid referee's report CPLR §8301(a)12 ............... | |
|   CPLR §8203 subd.2 | | Certified copies of papers CPLR§8201(a)4 .......... | |
| Appeal to court of Appeals before argument | | Satisfaction piece CPLR §5020(a) §8201 ........... | |
|   CPLR §8204 subd. 1 | | Transcripts and filing CPLR §8021 .............. | |
| Appeal to Court of Appeals for argument | | Certified copy of judgment CPLR §8021 .......... | |
|   CPLR § 8204 sudb.2 | | Postage CPLR §8301(a) 12 .............. | |
| | | Jury fee CPLR §8020(c) 1 .............. | 65.00 |
| | | Stenographer's fees CPLR §8002§8301 ............. | |
| **WITHIN COSTS TAXED ON/WITHOUT NOTICE** | | Sheriff's fees on execution CPLR §8011(b) §8012 .......... | |
| **AT $1,670.00** | | Sheriff's fees, attachment, arrest, etc. | |
| | |   CPLR §8011(a)(c)2, 3(g) ............... | |
| 8/18/2022 | | Paid printing case CPLR §8201(a)6 ........... | |
| _(signature)_ | | Clerk's fees Court of Appeals CPLR §8301(a)12........... | |
| **COUNTY CLERK QUEENS COUNTY** | | Paid copies of papers CPLR §8016(a)4 .......... | |
| | | Motion expenses CPLR §8301(b) ............... | 90.00 |
| | | Fees for publication CPLR §8301(a)3................ | |
| | | Serving subpoena CPLR §8011(c)1 §8301(d)............... | |
| | | Paid for Register's Search CPLR 8301(a) 10 ............... | |
| | | Paid for County Clerk's Search ............... | |
| | | Paid for Loan Commissioner's Search ............... | |
| | | Paid for U.S. District Court Search ............... | |
| | | Paid for U.S. Circuit Court Search ............... | |
| Costs ................................................ $1,000.00 ~~1,200.00~~ | | Paid for Tax Search ............... | |
| | | Paid for Referee's Report............... | |
| Disbursements ........................... 670.00 | | Attendance of Witnesses; CPLR §8001(a)(b)(c) §8301(a)1.......... | |
| Total............................................ $1,670.00 ~~1,870.00~~ | | RJI Fee.............. | 95.00 |

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 22                                 RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 08/18/2022 12:16 PM    INDEX NO. 702376/2017
NYSCEF DOC. NO. 49                                 RECEIVED NYSCEF: 08/18/2022

STATE OF NEW YORK
COUNTY OF NASSAU        )ss:

 The undersigned, an attorney admitted to practice in the courts of this state, the truth of the following

under the penalties of perjury:

 1.  I am a member of the firm of ARDITO LAW FIRM, P.C., the attorneys of record for the

plaintiff in the above-entitled action.

 2.  The foregoing disbursements have been necessarily made or incurred in this action and are

reasonable in amount.

 3.  The judgement roll reflected in this bill of costs is comprised of costs associated with this

action and the action consolidated with this action which had index # 716989/2019.

Dated: August 15, 2022

                _____
                RAYMOND ARDITO

Case 2:23-cv-00238-PKC-AYS    Document 15-3    Filed 04/28/23    Page 198 of 209
PageID #: 715

# EXHIBIT U

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF DOC. NO. 23    RECEIVED NYSCEF: 11/30/2022



# ARDITO LAW FIRM, P.C.

100 QUENTIN ROOSEVELT BOULEVARD, SUITE 513
GARDEN CITY, NY 11530
TEL: (516) 531-7007
FAX: (516) 531-7008
TOLL FREE: (855) R-ARDITO

August 25, 2022

VIA Priority Mail
Tracking # 9405 5111 0803 3421 1692 29
Arch Specialty Insurance
1299 Farnam Street, Suite 500
Omaha, NE 68102-1880

Via Priority Mail
Tracking # 9405 5111 0803 3421 1642 93
Amour Risk Management
1880 John F, Kennedy Boulevard, Suite 801
Philadelphia, PA 19103

Via Priority Mail
Tracking # 9405 5111 0803 3421 1626 19
Northland Insurance
PO Box 64805
St. Paul. MN 55164

Via Priority Mail
Tracking # 9405 5111 0803 3421 1674 47
Northfield Insurance Company
One Tower Square
Hartford, CT 06183

Via Priority Mail
Tracking # 9405 5111 0803 3421 1838 05
All Boro Construction Group, Inc.
All-Boro Rehab Construction Corp.
All Boro Group LLC
260 Doughty Boulevard
Inwood, NY 11096

Via Priority Mail
Tracking # 9405 5111 0803 3421 1803 30
Saul Bienenfeld, Esq.
680 Central Avenue, Suite 108
Cedarhurst, NY 11516

Re:    Interiano v.  All-Boro Rehab Construction Corp., et. al.
Arch Claim # 13066430
Northland Claim # 23 WH005942-02
Date of Loss: 2/6/17

Dear Sir or Madam:

Enclosed please find a Judgement entered with the Queens County Clerk on August 18, 2022 against All Boro Construction Group, Inc., All-Boro Rehab Construction Corp and All Boro Group LLC on behalf of Juan Carlos Interiano.

Very Truly Yours,

RAYMOND ARDITO, ESQ.



# PRIORITY MAIL 2-DAY™

US POSTAGE & FEES PAID
PRIORITY MAIL
ZONE 6 FLAT-RATE ENVELOPE
ComPtePrice

092S0009657733
6220769
FROM 11530

stamps
endicia
08/25/2022

ARDITO LAW FIRM, P.C.
100 Quentin Roosevelt Boulevard, Suite 513
Garden City NY 11530

C002

SHIP
TO:

ARCH SPECIALTY INSURANCE
1299 FARNAM ST STE 500
OMAHA NE 68102-1130

## USPS TRACKING #



9405 5111 0803 3421 1692 29



| US POSTAGE & FEES PAID | 062S0011691830 |
| PRIORITY MAIL | 6220769 |
| ZONE 2 FLAT-RATE ENVELOPE | FROM 11530 |
| ComPlsPrice | |

stamps
endicia
08/25/2022

# PRIORITY MAIL 2-DAY™

ARDITO LAW FIRM, P.C.
100 Quentin Roosevelt Boulevard, Suite 513
Garden City NY 11530

C098

SHIP
TO:   AMOUR RISK MANAGEMENT
      1880 JOHN F KENNEDY BLVD STE 801
      PHILADELPHIA PA 19103-7443

## USPS TRACKING #

9405 5111 0803 3421 1642 93





US POSTAGE & FEES PAID
PRIORITY MAIL
ZONE 6 FLAT-RATE ENVELOPE
ComPisPrice

062S0011691833
6220769
FROM 11530

stamps
endicia
08/25/2022

# PRIORITY MAIL 3-DAY™

ARDITO LAW FIRM, P.C.
100 Quentin Roosevelt Boulevard, Suite 513
Garden City NY 11530

B050

SHIP
TO:

NORTHLAND INSURANCE
PO BOX 64805
SAINT PAUL MN 55164-0805

## USPS TRACKING #



9405 5111 0803 3421 1626 19

Case 2:23-cv-00038-BKS-AYS Document 15-3 Filed 04/28/23 Page 203 of 209 PageID #: 720



US POSTAGE & FEES PAID
PRIORITY MAIL
ZONE 2 FLAT-RATE ENVELOPE
ComPlsPrice
062S0010887738
6220769
FROM 11530

stamps
endicia
08/25/2022

# PRIORITY MAIL 2-DAY™

ARDITO LAW FIRM, P.C.
100 Quentin Roosevelt Boulevard, Suite 513
Garden City NY 11530

C000

SHIP TO:
NORTHFIELD INSURANCE COMPANY
1 TOWER SQ
HARTFORD CT 06183-0001

**USPS TRACKING #**

**9405 5111 0803 3421 1674 47**

Case 2:23-cv-00238-BKS-AKS Document 15-3 Filed 04/28/23 Page 204 of 209 PageID #: 721



US POSTAGE & FEES PAID
PRIORITY MAIL
ZONE 1 FLAT-RATE ENVELOPE
ComPlsPrice

062S0010887755
6220769
FROM 11530

stamps
endicia
08/25/2022

# PRIORITY MAIL 1-DAY™

ARDITO LAW FIRM, P.C.
100 Quentin Roosevelt Boulevard, Suite 513
Garden City NY 11530

C001

**SHIP TO:**
ALL BORO CONSTRUCTION GROUP, INC.
All-Boro Rehab Construction Corp.
ALL BORO GROUP LLC
260 DOUGHTY BLVD STE 1
INWOOD NY 11096-1370

## USPS TRACKING #



9405 5111 0803 3421 1838 05

Case 2:23-cv-00938-BKS-AKS   Document 15-3   Filed 04/28/23   Page 205 of 209
PageID #: 722



**US POSTAGE & FEES PAID**
PRIORITY MAIL
ZONE 1 FLAT-RATE ENVELOPE
ComPlsPrice

052S0009993614
6220769
FROM 11530

stamps
endicia
08/25/2022

# PRIORITY MAIL 1-DAY™

ARDITO LAW FIRM, P.C.
100 Quentin Roosevelt Boulevard, Suite 513
Garden City NY 11530

C009

SHIP
TO:

SAUL BIENENFELD, ESQ.
680 CENTRAL AVE UNIT 108
CEDARHURST NY 11516-2329

## USPS TRACKING #



**9405 5111 0803 3421 1803 30**

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022

NYSCEF: QUEENS COUNTY CLERK 08/18/2022 12:16 PM    RECEIVED NYSCEF: 702376/2017

NYSCEF DOC. NO. 49    RECEIVED NYSCEF: 08/18/2022

P R E S E N T :

CLERK, SUPREME COURT, QUEENS COUNTY

-----------------------------------------------------------------X

JUAN CARLOS INTERIANO,                         Index # 702376/2017

                        Plaintiff,

            - against-                         JUDGEMENT

ALL BORO CONSTRUCTION GROUP, INC.,
ALL-BORO REHAB CONSTRUCTION CORP. and
ALL BORO GROUP LLC

                        Defendants.

-----------------------------------------------------------------X

**FILED & RECORDED**

8/18/2022, 12:14:02 PM

**COUNTY CLERK**
**QUEENS COUNTY**

An Inquest having been held before Judge Maureen A. Healy on September 26, 2019 against

defendant ALL BORO CONSTRUCTION GROUP, INC. whereby the testimony of plaintiff JUAN

CARLOS INTERIANO was heard, arguments of plaintiff's counsel were heard, and medical exhibits

and worker's compensation carrier records were entered into evidence, after which decision as reserved,

And by Order of the Hon. Allan B. Weiss on January 29, 2020, an action against

defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC

under index # 716989/2019 was consolidated with the instant matter,

And an Inquest having been held before Judge Maureen A. Healy on March 11, 2020 against

defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC whereby

the testimony of plaintiff JUAN CARLOS INTERIANO was heard, arguments of plaintiff's counsel

were heard, and medical exhibits and worker's compensation carrier records were entered into evidence,

after which decision as reserved,

And Judge Maurice E. Muir having rendered a Decision and Order on August 10, 2022

granting judgement in favor of plaintiff JUAN CARLOS INTERIANO against defendants ALL

Case 2:23-cv-00238-PKC-AYS   Document 15-3   Filed 04/28/23   Page 207 of 209

FILED: QUEENS COUNTY CLERK 08/18/2022 12:16 PM
NYSCEF DOC. NO. 49

INDEX NO. 702376/2017
RECEIVED NYSCEF: 08/18/2022

BORO CONSTRUCTION GROUP, INC., ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC in the sum of $1,500,000.00 for plaintiff's past and future pain and suffering, and past and future lost wages, together with the costs of this action as authorized by statute, it is

~~ORDERED~~, ADJUDGED ~~AND DECREED~~ that plaintiff JUAN CARLOS INTERIANO, 160 Stevens Avenue, West Hempstead, NY 11552, does have judgment of defendants ALL BORO CONSTRUCTION GROUP, INC., 260 Doughty Boulevard, Inwood, NY 11096, ALL-BORO REHAB CONSTRUCTION CORP., 260 Doughty Boulevard, Inwood, NY 11096 and ALL BORO GROUP LLC, 260 Doughty Boulevard, Inwood, NY 11096, in the sum of $ 1,500.000.00, together with interest from February 6, 2017 at a rate of 9% per annum in the amount of $ 746,753.42_____, and together with the costs and disbursements of this action in the amount of $1,670.00_____, amounting in all to the sum of $ 2,248,423.42 , [DOCKET] and that plaintiff JUAN CARLOS INTERIANO shall have execution therefore.

CLERK OF THE COURT

**FILED & RECORDED**

8/18/2022, 12:14:02 PM

**COUNTY CLERK
QUEENS COUNTY**

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM          INDEX NO. 616823/2022
NYSCEF DOC. NO. 49                                      RECEIVED NYSCEF: 11/30/2022

FILED: QUEENS COUNTY CLERK 08/18/2022 12:16 PM          INDEX NO. 702376/2017
NYSCEF DOC. NO. 49                                      RECEIVED NYSCEF: 08/18/2022

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
JUAN CARLOS INTERIANO

              Plaintiffs,                    Index No. 702376/2017

    -against-                                            **COSTS OF PLAINTIFF**

ALL BORO CONSTRUCTION GROUP, INC.,
ALL-BORO REHAB CONSTRUCTION CORP. and
ALL BORO GROUP LLC

              Defendants.
-------------------------------------------------------------------X

| | | | |
|---|---|---|---|
| Costs before Note of Issue CPLR §8201 subd.1 | $200.00 | Fee for Index number CPLR §8018(a) | $210.00 |
| Costs after Note of Issue CPLR §8201 subd. 2 | 200.00 | Referees Fees CPLR §8301(a) | |
| Trial of issue CPLR §8201 subd. 3 | 600.00 | Commissioner's compensation CPLR §8301(a) | |
| Allowance by statute CPLR §8302(a),(b). | | Clerk's fee, filing notice of pend. Or attach CPLR §8010(c) §8021(c)12 | |
| Additional allowance CPLR §8302(d) | | Clerk's fee cancel notice of pend CPLR §8021(a)12 | |
| Motion costs CPLR §8202. | 200.00 | Entering and docketing judgment CPLR §8301(a) 7 §8016(a)2 | |
| Appeal To App. Div. Or App. Term before argument CPLR §8203 subd. 1 | | Paid for searches CPLR§8301(a)10 | |
| | | Affidavits & acknowledgments CPLR §8009 | 180.00 |
| | | Serving copy summons & complaint CPLR §8011(c)1 §8301(d) | |
| Appeal to App Div or App. Term for argument CPLR §8203 subd.2 | | Note of issue CPLR §8020(a). | 30.00 |
| Appeal to court of Appeals before argument CPLR §8204 subd. 1 | | Paid referee's report CPLR §8301(a)12 | |
| | | Certified copies of papers CPLR8201(a)4 | |
| | | Satisfaction piece CPLR §5020(a) §8201 | |
| Appeal to Court of Appeals for argument CPLR § 8204 sudb.2 | | Transcripts and filing CPLR §8021 | |
| | | Certified copy of judgment CPLR §8021 | |
| | | Postage CPLR §8301(a) 12 | |
| | | Jury fee CPLR §8020(c) 1 | 65.00 |
| **WITHIN COSTS TAXED** ~~ON~~ without **NOTICE** AT **$1,670.00** | | Stenographer's fees CPLR §8002§8301 | |
| | | Sheriff's fees on execution CPLR §8011(b) §8012 | |
| 8/18/2022 | | Sheriff's fees, attachment, arrest, etc. CPLR §8011(a)(c)2, 3(g) | |
| | | Paid printing case CPLR §8201(a)6 | |
| *Audrey J Pheffe* | | Clerk's fees Court of Appeals CPLR §8301(a)12 | |
| **COUNTY CLERK QUEENS COUNTY** | | Paid copies of papers CPLR §8016(a)4 | |
| | | Motion expenses CPLR §8301(b) | 90.00 |
| | | Fees for publication CPLR §8301(a)3 | |
| | | Serving subpoena CPLR §8011(c)1 §8301(d) | |
| | | Paid for Register's Search CPLR 8301(a) 10 | |
| | | Paid for County Clerk's Search | |
| | | Paid for Loan Commissioner's Search | |
| Costs | $1,000.00 ~~1,200.00~~ | Paid for U.S. District Court Search | |
| | | Paid for U.S. Circuit Court Search | |
| Disbursements | 670.00 | Paid for Tax Search | |
| | $1,670.00 | Paid for Referee's Report | |
| Total | ~~1,870.00~~ | Attendance of Witnesses; CPLR §8001(a)(b)(c) §8301(a)1 | |
| | | RJI Fee | 95.00 |

FILED: NASSAU COUNTY CLERK 11/30/2022 04:36 PM    INDEX NO. 616823/2022
NYSCEF FILED: QUEENS COUNTY CLERK 08/18/2022 12:16 PM    RECEIVED NYSCEF: INDEX NO. 702376/2022
NYSCEF DOC. NO. 49    RECEIVED NYSCEF: 08/18/2022

STATE OF NEW YORK
COUNTY OF NASSAU        )ss:

The undersigned, an attorney admitted to practice in the courts of this state, the truth of the following under the penalties of perjury:

1.      I am a member of the firm of ARDITO LAW FIRM, P.C., the attorneys of record for the plaintiff in the above-entitled action.

2.      The foregoing disbursements have been necessarily made or incurred in this action and are reasonable in amount.

3.      The judgement roll reflected in this bill of costs is comprised of costs associated with this action and the action consolidated with this action which had index # 716989/2019.

Dated: August 15, 2022

RAYMOND ARDITO