# Exhibit 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
JUAN CARLOS INTERIANO

                              Plaintiff,
    -against-

ALL-BORO REHAB CONSTRUCTION CORP. and
ALL BORO GROUP LLC

                             Defendants.
-----------------------------------------------------------------------X

Index # 716989/2019

**AFFIRMATION IN SUPPORT**

       RAYMOND ARDITO, an attorney admitted to practice before the Courts of this State affirms the truth of the following under the penalty of perjury:

       1.     I am associated with ARDITO LAW FIRM, PC, attorneys for plaintiff herein, and as such, I am fully familiar with the facts and circumstances of this action based upon a review of the case file and the investigation materials contained therein. I submit this affirmation in support of the within application for an Order 1) pursuant to CPLR § 3215 (a) and (b), directing a default judgment and an assessment of damages against defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC, 2) pursuant to CPLR Section 602(a) consolidating the above matter with the action captioned <u>Interiano v. All Boro Construction Group, Inc., et. al.</u>, Supreme Court, Queens County, Index # 702376/2017, and for such other and further relief as this Court deems just and proper.

       2.     On February 6, 2017, plaintiff was seriously injured while engaged in construction, demolition, excavation, erection, repairing, altering, painting and/or other work at the premises located at 72-72 141st Street, Flushing, NY. Defendants caused and/or permitted unsafe, dangerous and hazardous conditions to exist at the job site of the aforementioned premises which constituted a danger, nuisance and menace to the safety of the plaintiff, and violated pertinent codes, rules, statutes, promulgations, ordinances and regulations of the State of

New York including but not limited to §§ 200, 240 and 241 of the Labor Law. As a result of the occurrence, plaintiff sustained a right distal tibia and fibula fractures requiring open reduction-internal fixation surgery, left shoulder rotator cuff tear requiring surgery, cervical spine injuries, lumbar spine injuries requiring surgery, and left wrist injuries requiring surgery, among other injuries. Plaintiff commenced an action entitled <u>Interiano v. All Boro Construction Group, Inc., et. al.</u>, in Supreme Court, Queens County, under Index # 702376/2017 in connection with this incident (Summons & Complaint annexed as "Exhibit A"). Defendant ALL BORO CONSTRUCTION GROUP, INC. defaulted in this action and a default judgment was issued on December 12, 2017 (Order annexed as "Exhibit B"). The action against defendants JONATHAN HOCH and HENNA HOCH, the homeowners, was discontinued. An inquest and assessment of damages was held on September 26, 2019 before the Hon. Judge Maureen Healy, who has reserved decision as to the amount of the judgement after inquest. We are awaiting decision at present.

   3. Discovery and insurance disclaimer letters in the first action (bearing index number 702376/2017) as well as investigation by this firm revealed additional responsible parties ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC. As such, the instant action against these defendants was commenced by the filing of a Summons & Complaint on or about October 3, 2019 (Summons & Complaint annexed as "Exhibit C").

   4. The Summons and Complaint in the instant matter was served on defendant ALL-BORO REHAB CONSTRUCTION CORP. on October 9, 2019 by service upon the NYS Secretary of State. An affidavit of service was filed with the clerk of this Court on October 17, 2019 (a receipt issued by the Secretary of State and an affidavit of service with proof of filing with the clerk of this Court are annexed hereto as "Exhibit D").

5.  The Summons and Complaint in the instant matter was served on defendant ALL BORO GROUP LLC on October 9, 2019 by service upon the NYS Secretary of State. An affidavit of service was filed with the clerk of this Court on October 17, 2019 (a receipt issued by the Secretary of State and an affidavit of service with proof of filing with the clerk of this Court are annexed hereto as "Exhibit E").

## DEFAULT JUDGMENT

6.  CPLR § 311 (a) provides, in relevant part:

> (a) Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows:
>
> 1. …A business corporation may also be served pursuant to section three hundred six or three hundred seven of the business corporation law.

Business corporation law § 306 provides, in relevant part:

> a) Service of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant.
> (b) (1) Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. **Service of process on such corporation shall be complete when the secretary of state is so served.**
> (emphasis added)

CPLR § 3012 (c) provides, in relevant part:

> 3012. Service of pleadings.
> (c) If the complaint is served with the summons and the service is made on the defendant by delivering the summons and complaint to an official of the state authorized to receive service in his behalf… **service of an answer shall be made within thirty days after service is complete.**
> (emphasis added)

7. Based on the forgoing, defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC's time to answer, appear or reply expired on November 9, 2019.

8. As a courtesy, this office wrote to these defendants on November 21, 2019 and advised them of their default, provided a courtesy copy of the summons and complaint, and granted them a 10 day an extension of time in which to answer (correspondence annexed as "Exhibit F").

9. The 10-day extension of time to answer the Summons and Complaint extended to defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC expired on December 1, 2019. To date, defendants have failed answer herein or seek an additional extension of time to do so.

10. Based on the foregoing, it is clear that defendants' defaults herein have been intentional and willful on their part and designed to prejudice plaintiff's ability to litigate this action expeditiously. Plaintiff has a meritorious cause of action as pleaded in the complaint annexed as "Exhibit A" and plaintiff's Affidavit of Merit annexed hereto as "Exhibit G".

11. In view of the forgoing, the within application is made pursuant to CPLR §3215(a), which states, in relevant part:

> § 3215. Default judgment.
> (a) Default and entry. When a Defendant has failed to appear, plead or proceed to trial of an action…., the plaintiff may seek a default judgment against him…The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, plus costs and interest……

12. Based upon the above, plaintiff is entitled to a default judgment against defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC.

**CONSOLIDATION OF ACTIONS**

13. It is well settled that the question of whether to consolidate two actions or join two actions rests with the discretion of the Trial Court. When there are common questions of law or fact, consolidation is warranted for judicial economy unless the opposing party demonstrates prejudice to a substantial right. Hood v. City of New York, 8 A.D.3d 232 (2nd Dept., 2004). Ryckman v. Schlessinger, 225 A.D. 603 (2nd Dept., 1996).

14. As none of the remaining parties in these actions have answered herein, there can be no prejudice to defendants in either matter. Additionally, an inquest has already been held as defendant ALL BORO CONSTRUCTION GROUP, INC. in the earlier action.

15. These actions arise from the same occurrence between and among the parties. The issues of fact which will arise upon the subsequent inquest of these actions are substantially identical, if not the same. Further, consolidation will help avoid inconsistencies in the amounts awarded upon the second inquest.

16. It is respectfully requested that this matter be consolidated under index # 716989/2019, that this matter be set down for an inquest and assessment of damages as to the defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC *only*, and that the caption of the consolidated action be amended to read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
JUAN CARLOS INTERIANO                                    Index # 716989/2019

                                                Plaintiff,
    -against-

ALL BORO CONSTRUCTION GROUP, INC.,
ALL-BORO REHAB CONSTRUCTION CORP. and
ALL BORO GROUP LLC

                                                Defendants.
-------------------------------------------------------------------------X

17. Plaintiff previously filed a motion in connection with the defaults of ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC, which was returnable on January 8, 2020. However, after consultation with the Court on that date, plaintiff withdrew the motion so that the additional issue of consolidation could be addressed at the same time. Accordingly, plaintiff brings this motion which seeks a default judgment and assessment of damages against defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC and consolidation with the prior action.

**WHEREFORE,** it is respectfully requested that an Order be entered 1) pursuant to CPLR § 3215 (a) and (b), directing a default judgment and an assessment of damages against defendants ALL-BORO REHAB CONSTRUCTION CORP. and ALL BORO GROUP LLC; 2) pursuant to CPLR Section 602(a) consolidating the above matter with the action captioned <u>Interiano v. All Boro Construction Group, Inc., et. al.</u>, Supreme Court, Queens County, Index # 702376/2017, and for such other and further relief as this Court deems just and proper.

I have read the foregoing and I certify that upon information and belief, the source of which is a review of a file maintained by my office, that the foregoing is not frivolous as defined in subsection (C) of Section 130.1.1 of the rules of the Chief Administrator.

Dated: Garden City, New York
      January 10, 2020

                              ARDITO LAW FIRM, PC

                              By: _____
                              RAYMOND ARDITO, ESQ.
                              Attorneys for Plaintiff
                              100 Quentin Roosevelt Boulevard, Suite 513
                              Garden City, NY 11530
                              (516) 531-7007