UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JUAN CARLOS INTERIANO, Individually, and :
JUAN CARLOS INTERIANO as assignee of ALL- :
BORO REHAB CONSTRUCTION CORP., ALL  :  Case No. 2:23-cv-00238
BORO GROUP, LLC, and ALL-BORO  :
CONSTRUCTION GROUP, INC.,  :
                                                                             :
       Plaintiffs,  :
  -against-  :
                                                                             :
ARCH SPECIALTY INSURANCE COMPANY,  :
                                                                             :
       Defendant.  :
------------------------------------------------------------------- x

**DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

I. ARCH'S JULY 20, 2017 DENIAL TO ABR WAS UNAMBIGUOUS AND COMPLIED WITH THE REQUIREMENTS OF SECTION 3420. ................................ 1

    A. Northland's Tender Denial Was Clearly Directed to ABR. ................................ 2

    B. Arch's July 2017 Denial was Clear and Unambiguous. ...................................... 3

    C. Arch Was Not Required to Wait Until it Received a Formal Tender from ABR to Deny Coverage. ...................................................................................... 5

II. THERE IS NOTHING UNCONSCIONABLE ABOUT THE SUBCONTRACTOR ENDORSEMENT, NOR DOES IT RENDER COVERAGE ILLUSORY. ........................................................................................... 7

III. ARCH'S JANUARY 20, 2020 LETTER TO INSURED'S COUNSEL IS IRRELEVANT TO THE INSTANT DISPUTE. .................................................................. 9

IV. PLAINTIFFS SHOULD BE DENIED LEAVE TO REPLEAD. ..................................... 9

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Absolute Activist Value Master Fund Ltd. v. Ficeto*,
 677 F.3d 60 (2d Cir. 2012)..................................................................................................12

*All City Ins. Co. v. Pioneer Ins. Co.*,
 194 A.D.2d 424 (1st Dep't 1993) .........................................................................................7

*Century Sur. Co. v. EM Windsor Constr. Inc.*,
 No. 16 CIV. 4196 (PAE), 2017 WL 5952706 (S.D.N.Y. Nov. 29, 2017)...........................8, 9

*Country-Wide Ins. Co. v. Preferred Trucking Servs. Corp.*,
 22 N.Y.3d 571 (2014) ..........................................................................................................6

*Cuoco v. Moritsugu*,
 222 F.3d 99 (2d Cir. 2000).................................................................................................12

*Excelsior Ins. Co. v. Antretter Contracting Corp.*,
 262 A.D.2d 124 (1st Dep't 1999) .........................................................................................7

*Maxum Indem. Co. v. Oxford Interior Corp.*,
 443 F.Supp.3d 348 (E.D.N.Y. 2020) ......................................................................9, 10, 11

*Port Dock & Stone Corp. v. Oldcastle Northeast., Inc.*,
 507 F.3d 117 (2d Cir. 2007)...............................................................................................12

*St. Charles Hosp. & Rehab. Ctr. V. Royal Globe Ins. Co.*,
 18 A.D.3d 735 (2d Dep't 2005) ...........................................................................................6

*Travelers Indem. Co. v. Patino*,
 No. 21 CIV. 2510 (LGS), 2022 WL 3701506 (S.D.N.Y. Aug. 26, 2022)...............................10

**Statutes**

N.Y. Insurance Law § 3420 ................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 15(a)(2)............................................................................................................12

# INTRODUCTION

Plaintiffs' opposition to Arch's Motion to Dismiss, taken as a whole, rests on two incorrect arguments:

(1) Plaintiffs contend that Arch's July 20, 2017 coverage denial to All-Boro Rehab Construction Corp. ("ABR") was ambiguous or otherwise did not comply with N.Y. Insurance Law § 3420 ("Section 3420"); and

(2) Plaintiffs assert the Arch Policy's New York Limitation Endorsement – Work Done on Your Behalf by Uninsured or Underinsured Contractors ("Subcontractor Endorsement") is unconscionable or somehow renders coverage illusory.

In so doing, Plaintiffs seek to expand Section 3420's requirements beyond the words of the statute, the facts, applicable case law, and logic, and to escape the plain, unambiguous language and industry-standard application of the Subcontractor Endorsement. The Court should reject these efforts and dismiss the Complaint against Arch.

# ARGUMENT

Respectfully, Plaintiffs' two arguments are wrong: (1) because Arch's valid denial was timely communicated in clear and unmistakable terms, it complied with the requirements of Section 3420; and (2), the Subcontractor Endorsement is a reasonable and commonplace risk-transfer mechanism, and Plaintiffs should not be permitted to pin upon Arch the consequences of Plaintiffs' assignor's own failure to comply with its simple, unambiguous terms.

## I.    ARCH'S JULY 20, 2017 DENIAL TO ABR WAS UNAMBIGUOUS AND COMPLIED WITH THE REQUIREMENTS OF SECTION 3420.

Plaintiffs attack the sufficiency of Arch's July 20, 2017 denial of insurance coverage to ABR ("July 2017 denial") in three ways: (A) positing that Northland's June 23, 2017 tender denial did not implicate ABR; (B) claiming that Arch's July 2017 denial was ambiguous; and (C) arguing that Arch was not permitted to deny coverage to ABR before ABR was named as defendant in an

underlying personal injury action. Each of these arguments misses the mark and is discussed in more detail below.

      A.      **Northland's Tender Denial Was Clearly Directed to ABR.**

Plaintiffs' opposition seeks to convince this Court, contrary to clearly established facts, that Northland did not deny Arch's tender of ABR's defense and indemnity, and that therefore, Arch's denial to ABR was not effective. The text of Northland's denial, and the facts that gave rise to it, plainly contradict this assertion.

First, Arch's May 30, 2017 tender to Northland identified "Our Insured" as "All Boro Rehab Construction Corp." in its subject line. (Klein Dec. at Ex. 2, Cpl. Ex. C.) The text of Arch's tender begins, "Arch Specialty Insurance Company ("Arch") is the General Liability carrier for **All Boro Rehab Construction Corp. ("All Boro")**. Our investigation has revealed that **our insured** hired Drexler Corp ("Drexler") to perform construction work…" *Id.* (Emphases added). Arch's tender *repeatedly* refers to ABR, including but not limited to three separate paragraphs where Arch stated:

    (1) "It is our position that Northfield Insurance Company's ("Northfield") policy issued to Drexler has a duty to defend and indemnify the **All Boro** and the owners…"

    (2) "It is also our position that Northfield has a duty to defend **All Boro** and the owners…"

    (3) "Accordingly, please communicate an unconditional acceptance of the tender of **All Boro** and the owners of the project in writing."

*Id.* Arch's tender to Northland clearly and unmistakably pertains to ABR. No reasonable reader in Northland's position would conclude that the tender pertained to any entity other than ABR.

Second, the very first sentence of Northland's denial states: "This letter acknowledges receipt of your tender of defense and indemnity **on behalf of All Boro Rehab Construction Corp** in the matter of <u>Juan Carlos Interiano v. All Boro Construction Group, Inc., Jonathan Hoch and

-2-

Henna Hoch, venued in Queens County, New York." (Klein Dec. at Ex. 2, Cpl. Ex. F at p. 1) (Bolding added, underlining in original).

Third, Northland's denial, addressed to Arch, copies ABR, but does not copy ABC. *Id.* at p. 10. In fact, Northland sent out three copies of its denial, one to each of Arch, Drexler, and Travelers Insurance Company. *All three* submissions *only* copied ABR, and *none* of the three copied ABC. (Klein Dec. at Ex. 2, Cpl. Ex. F at p. 10; Cpl. Ex. G at p. 10; Cpl. Ex. H at p. 10). Accordingly, Plaintiffs' contention that Northland's denial only applied to ABC is nonsensical. Northland did not even mail a copy of its denial to ABC – it only mailed copies to ABR because that was the entity for which it was denying defense and indemnification.

As discussed in Arch's opening brief, Northland's denial alerted Arch to the fact that ABR violated the conditions of the Arch Policy. Arch then denied coverage based on this failure within thirty days of "first learn[ing] of the grounds for disclaimer of liability or denial of coverage." *Country-Wide Ins. Co. v. Preferred Trucking Servs. Corp.*, 22 N.Y.3d 571, 575 (2014) (alteration added). *See also*, *St. Charles Hosp. & Rehab. Ctr. V. Royal Globe Ins. Co.*, 18 A.D.3d 735, 736 (2d Dep't 2005) (approximately one-month delay is reasonable timeframe to deny coverage).

**B.    Arch's July 2017 Denial was Clear and Unambiguous.**

Plaintiffs' opposition asserts that Arch's July 2017 denial was ambiguous because: (1) Arch omitted a hyphen when referring to ABR; (2) Arch used the word "likely" when discussing ABR's lack of coverage; and (3) Arch used reservation of rights language alongside its denial. These arguments are devoid of merit.

Arch's July 2017 denial states that it will abbreviate ABR as "All-Boro," and ABC as "All Boro Construction." Arch then states that "we have reviewed this claim and have determined that no coverage is available for All Boro, All Boro Construction, or any purported additional insureds under All Boro's policy with Arch. Accordingly, we hereby disclaim coverage for this matter

-3-

which is explained in detail below." Plaintiffs zero in on the fact that while Arch defined ABR as "All-Boro" with a hyphen, their denial then refers to "All Boro [without a hyphen], All Boro Construction, or any purported additional insureds…"

Plaintiffs' absurd hair-splitting over the omission of a hyphen functions as a suitable metaphor for their theory of the case – that somehow, if the July 2017 denial is placed under an electron microscope for long enough, a scintilla of ambiguity could spontaneously germinate. New York courts have cautioned against this precise kind of ludicrous reasoning – Section 3420 "was not intended to be a technical trap that would allow interested parties to obtain more than the coverage contracted for under the policy." *Excelsior Ins. Co. v. Antretter Contracting Corp.*, 262 A.D.2d 124, 127 (1st Dep't 1999). "All Boro," even without a hyphen, clearly refers to ABR, "All Boro Construction" clearly refers to ABC, and Arch unmistakably denied coverage to both entities.

Plaintiffs further argue that Arch's denial was rendered ambiguous by its use of the word "likely" when discussing ABR. As discussed in greater detail in Arch's opening brief, Plaintiffs' argument is misplaced. (Arch Opening Br. at 12.) Briefly, Arch clearly denied coverage for the claim multiple times in the letter, and informed the insured that it would only revisit its coverage position if compelling new information so warranted.

Finally, Plaintiffs argue that Arch's denial was rendered ambiguous by its contemporaneous reservation of rights. The cases Plaintiffs cite in their opposition establish the proposition that a reservation of rights *alone* is insufficient to qualify as a valid denial under Section 3420. *See e.g., All City Ins. Co. v. Pioneer Ins. Co.*, 194 A.D.2d 424, 424 (1st Dep't 1993) ("a written reservation of an insurer is not a *substitute* for the required notice of disclaimer.") (Emphasis added). However, as discussed in Arch's opening brief, New York law permits an insurer to reserve its rights while *simultaneously* denying a claim. (Arch Opening Br. at 13).

Accordingly, Arch's 2017 denial to ABR was clear and unambiguous, and effectively communicated a lack of coverage for liability stemming from Interiano's injuries.

C.  **Arch Was Not Required to Wait Until it Received a Formal Tender from ABR to Deny Coverage.**

Section 3420(d)(2) provides, in relevant part, that an insurer "shall give written notice as soon as is reasonably possible of … denial of coverage to the insured and the injured person or any other claimant."  It does not:

(i)  identify who is required to give notice;

(ii)  limit its application to parties who have been sued;

(iii)  provide when a denial is to be issued, other than when it is "reasonably possible"; or

(iv)  require that the denial be sent only to the party that gave notice.

Consequently, Plaintiffs' arguments fail because:

(i)  it is irrelevant who gave notice;

(ii)  that there was an extant lawsuit against ABR is not required;

(iii)  Arch issued the denial within a reasonable time of it learning that ABR had violated a condition of the Arch Policy; and,

(iv)  Arch sent the denial to "the insured and the injured person or any other claimant".

In an attempt to impose a non-existent requirement on Arch, Plaintiffs rely on the following excerpt from *Century Sur. Co. v. EM Windsor Constr. Inc.*, No. 16 CIV. 4196 (PAE), 2017 WL 5952706, at *9 (S.D.N.Y. Nov. 29, 2017):

> But because an insurer's **obligation** to disclaim coverage as to a particular insured does not arise until that insured has provided notice of the occurrence or claim… an insurer cannot learn of grounds for disclaimer as to a particular insured, for purposes of § 3420(d), until that insured has given notice of its claim. Indeed, an insurer can hardly be said to have sufficient facts to issue a disclaimer before the insured has provided notice, because

-5-

> the insurer has no reason to anticipate that an insured will seek coverage until it is actually so notified. Thus, the **clock begins to run on an insurer's duty to disclaim** only after an insured has provided notice.

*Id.* (Emphases added, internal citations omitted). Plaintiffs appear to argue that this language creates a limit on how early an insurer may disclaim coverage. That argument misunderstands the case.

What this language actually does is explain that the clock on an insurer's *obligation* to disclaim does not *begin* to run until an insured has provided notice. In other words, once tender *has* been received, an insurer *must* disclaim within a reasonable time. What this language is *not* doing, is straitjacketing an insurer into having to wait to disclaim until it receives a formal tender, even when it has learned of grounds that entitle it to disclaim earlier. This interpretation is supported by language later in the opinion, where the court further explains:

> If an insurer were required to disclaim coverage even as to insureds who never notified the insurer of their intention to seek coverage, the insurer would be forced to undertake needless investigations to protect against the possibility that it could be required to provide coverage, despite the insured's noncompliance with the terms of the policy, in later litigation. Moreover, because an insured has a contractual obligation under the policy to provide timely notice of a claim, the **insurer does not become obligated to disclaim coverage until the insured provides notice**.

*Id.* at *11 (citing *Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.*, 368 F.3d 209, 214 (2d Cir. 2004) (emphasis added, quotation marks and alterations omitted). Thus, nothing prohibits an insurer from disclaiming coverage *before* it receives a tender, but once it receives a tender, it is obligated to disclaim within a reasonable time.

Indeed, in *Century Surety* itself, the court found the insurer's coverage disclaimer valid even though it disclaimed *before* receiving a formal tender. 2017 WL 5952706, at *4 (insurer's disclaimer pre-dated general contractor's tender). *See also*, *Maxum Indem. Co. v. Oxford Interior*

-6-

*Corp.*, 443 F.Supp.3d 348, 352 (E.D.N.Y. 2020) (no requirement "that a disclaimer of coverage be preceded by a tender for the disclaimer to be valid.").

Finally, Plaintiffs attempt to distinguish *Century Surety* and *Oxford Interior* by arguing that those are cases where a lawsuit was already pending, but had not yet been formally tendered to the insurer. This contention is unavailing – in *Travelers Indem. Co. v. Patino*, No. 21 CIV. 2510 (LGS), 2022 WL 3701506, at *1 (S.D.N.Y. Aug. 26, 2022), the court found the insurer's coverage disclaimer valid even though it pre-dated the filing of the underlying lawsuit (insurer received notice of occurrence and disclaimed in August 2014, and underlying lawsuit was filed in October 2014).

Accordingly, Arch was well within its rights to disclaim coverage to ABR when it did, and its valid denial eliminates coverage for damages flowing from liability for Interiano's injury.

## II. THERE IS NOTHING UNCONSCIONABLE ABOUT THE SUBCONTRACTOR ENDORSEMENT, NOR DOES IT RENDER COVERAGE ILLUSORY.

Plaintiffs contend that the Subcontractor Endorsement is unconscionable or renders coverage illusory because it allows Arch to rely upon Northland's denial in disclaiming coverage. What Plaintiffs ignore is that the situation they find themselves in was caused by ABR's (their assignor) actions. Plaintiffs' argument can be summarized through the following syllogism:

(1) ABR retained, as subcontractor, Drexler, who purchased an insurance policy from Northland.

(2) ABR cannot control Northland's actions.

(3) Northland denied tender of ABR's defense and indemnity.

(4) Because ABR cannot control Northland's actions, ABR should not be held accountable for the coverage gap created by Northland's denial.

Plaintiffs' reasoning omits a few key facts, added below in bold. With the addition of these facts, it is clear that Plaintiffs' logic collapses:

-7-

    **(1) ABR purchased an insurance policy from Arch with certain conditions related to retention of its subcontractor, Drexler**.

    (2) ABR retained, as subcontractor, Drexler, who purchased an insurance policy from Northland **containing several exclusions in *direct contradiction* to Arch's policy requirements**.

    (3) ABR cannot control Northland's actions.

    (4) Northland denied tender of ABR'S defense and indemnity **based upon the exclusions in Northland's policy**.

    (5) Because ABR cannot control Northland's actions, ABR should not be held accountable for the coverage gap created by Northland's denial.

As elucidated in the above, corrected syllogism, Plaintiffs' reasoning is incorrect because it ignores that *ABR's* actions, rather than the existence of the Subcontractor Endorsement or Northland's actions, are responsible for creating the instant coverage gap. Plaintiffs' false distinction between Northland's "actions" and Northland's policy language fails to account for the fact that Northland acted *in accordance with* its policy language, which it concluded compelled a denial of Arch's tender on behalf of ABR.

    Plaintiffs posit that this state of affairs allegedly creates a "win-win" situation for Arch. On the contrary, what they really should decry is that ABR's actions created a "lose-lose" situation for itself. The Subcontractor Endorsement required simply that ABR insist that its subcontractor purchase insurance to defray the costs of liability for injuries to that subcontractor's employees. There is nothing remotely "unconscionable" about a general contractor's insurer reallocating the risk of a subcontractor's employee's injuries to that subcontractor's insurance carrier. This commonsense allocation of risk, to the entity most appropriately situated to insure it, happens in insurance contracts quite frequently. In fact, *Oxford Interior Corp.*, 443 F.Supp.3d at 350, which Plaintiffs cite in support of their arguments, found an insurer's disclaimer valid when predicated on a very similar exclusion that also barred coverage for injuries to a subcontractor's employees.

Because the Subcontractor Endorsement is a legitimate risk transfer mechanism that ABR simply failed to abide by, it applies to bar coverage for the instant dispute.

### III. ARCH'S JANUARY 20, 2020 LETTER TO INSURED'S COUNSEL IS IRRELEVANT TO THE INSTANT DISPUTE.

As discussed above, by its July 2017 denial, Arch clearly and unambiguously denied ABR's claim in accordance with the requirements of Section 3420. That should be the end of the discussion. Realizing the importance of the July 2017 denial, Plaintiffs focus on Arch's January 20, 2020 letter to underlying plaintiff's counsel ("January 2020 letter") and would have the Court believe that was Arch's only denial letter.

Arch's obligations were satisfied once it sent its July 2017 denial. Plaintiffs' argument as to whether or not the January 2020 letter complied with Section 3420, therefore, is beside the point and should not be part of the analysis.

### IV. PLAINTIFFS SHOULD BE DENIED LEAVE TO REPLEAD.

While a court "should freely give leave" to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), "a request to replead should be denied in the event that amendment would be futile." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012). *See also*, *Port Dock & Stone Corp. v. Oldcastle Northeast., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Leave to replead is especially appropriate where "the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe." *Moritsugu*, 222 F.3d at 112. However, where the deficiency in plaintiff's "causes of action is substantive; better repleading will not cure it." *Id.* In that case, repleading would be futile, and leave should be denied. *Id.*

Plaintiffs' complaint is not inartfully plead, and they have not omitted any crucial facts necessary for this court to make a final determination. In fact, Plaintiffs' complaint, from a factual perspective, is quite comprehensive and contains several exhibits. Plaintiffs' failure is in the *substance of its legal claim*. Repleading would not help Plaintiffs, and this Court should deny leave to file an amended complaint.

## CONCLUSION

Given the foregoing, Arch respectfully requests that this Court enter a judgment and order dismissing Plaintiffs' complaint in its entirety, with prejudice.

Dated:   New York, New York
         April 28, 2023

By: _____
Lawrence Klein
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999

*Attorneys for Defendant*
*Arch Specialty Insurance Company*