UNITED STATES DISTICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JUAN CARLOS INTERIANO, Individually, and JUAN :
CARLOS INTERIANO, as assignee of ALL-BORO : Case No.: 23-cv-00238-PKC-AYS
REHAB CONSTRUCTION CORP., ALL BORO :
GROUP, LLC, and ALL-BORO CONSTRUCTION :
GROUP, INC., : Hon. Pamela K. Chen
:
Plaintiffs, :
:
-against- :
:
ARCH SPECIALTY INSURANCE COMPANY, :
:
Defendant. :
------------------------------------------------------------------- x

**PLAINTIFF JUAN CARLOS INTERIANO, INDIVIDUALLY, AND
JUAN CARLOS INTERIANO, AS ASSIGNEE OF ALL-BORO REHAB
CONSTRUCTION CORP.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**

VOGRIN & FRIMET, LLP
150 Broadway, Suite 1200
New York, New York 10038
Tel: (212) 513-1075
Fax: (212) 346-9063

## INTRODUCTION

Mr. George Vogrin, Esq., Mr. Michael Frimet, Esq., and Ms. Jamie Denenberg, Esq. of VOGRIN & FRIMET, LLP, as counsel of record for Plaintiff, JUAN CARLOS INTERIANO, Individually, (hereinafter "INTERIANO") and JUAN CARLOS INTERIANO, as assignee of ALL-BORO REHAB CONSTRUCTION CORP. (collectively, "Plaintiff"), hereby moves this Court to be relived as counsel pursuant to Local Rule 1.4, and to substitute Nicholas Goodman as counsel of record for Plaintiff.

## RELEVANT FACTUAL BACKGROUND

Effective January 1, 2025, George Vogrin, Esq., Michael Frimet, Esq., and Jamie Denenberg, Esq. anticipate that they will be joining a new firm.[1] Once they join the new firm, they will be conflicted from handling this matter. *See* Affirmation of George Vogrin filed concurrently herewith. For the foregoing reasons, Vogrin & Frimet, LLP respectfully requests that this Court grant the instant Motion to Withdraw as Counsel and substitute Nicholas Goodman, Esq., as counsel of record for Plaintiff.

**I.    Satisfactory Reasons Exist for Withdrawal**

Local Rule 1.4 provides:

> Whether or not a notice of appearance is filed, an attorney for a party may be relieved or displaced only by order of the court. This order may be issued after the filing of a motion to withdraw, only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement, and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. While a motion to withdraw is required when an attorney seeks to be relieved, an affidavit is unnecessary if other counsel from the same firm, agency, or organization has already entered a notice of appearance on behalf of the client and will remain in the

---

[1] The details of the joinder are not yet public. However, we can provide further information regarding the anticipate joinder under seal should Your Honor require. *See Winters v Phountain PH Holdings Corp.,* 2024 US Dist LEXIS 9444, at *12 [EDNY Jan. 18, 2024, No. 23-CV-01668 (JMA) (JMW)]) (indicating an option for counsel seeking withdrawal is to seek leave to file an affidavit or declaration under seal).

1

case or, upon substitution of counsel by stipulation, if the stipulation is also signed by the client.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." (*Winters v Phountain PH Holdings Corp.*, 2024 US Dist LEXIS 9444, at *5 (EDNY Jan. 18, 2024, No. 23-CV-01668 (JMA) (JMW)) (finding withdrawal appropriate because the client made it unreasonably difficult to carry out the representation). Satisfactory reasons for withdrawal exist because Mr. Vogrin, Mr. Frimet, and Ms. Denenberg will be conflicted from handling this matter when they join the new law firm.

A stipulation to substitute Mr. Goodman as counsel of record for Plaintiff has been signed by Mr. Interiano, Mr. Vogrin and Mr. Goodman. *See* **Exhibit A** attached to the Affirmation of George Vogrin.

## II. Vogrin & Frimet, LLP will assert a charging lien

Current counsel for Plaintiff will assert a charging lien under N.Y. Judiciary Law Section 475."The Second Circuit has made clear that Section 475 governs attorneys' charging liens in federal courts sitting in New York, and such liens are enforceable in federal courts in accordance with its interpretation by New York courts." (*Winters v. Phountain PH Holdings Corp.*, 2024 US Dist LEXIS 9444, at *11- 12 [EDNY Jan. 18, 2024, No. 23-CV-01668 (JMA) (JMW)]) *citing* (*Stair v Calhoun*, 722 F Supp 2d 258, 267 (E.D.N.Y. 2010). Since Plaintiff is seeking affirmative relief, a charging lien is appropriate in this matter. *Winters v Phountain PH Holdings Corp.*, 2024 US Dist LEXIS 9444, at *12 [EDNY Jan. 18, 2024, No. 23-CV-01668 (JMA) (JMW)]).

## III. Posture of the Case

The Parties are currently in the discovery phase of litigation. The Parties are currently negotiating the proper scope of discovery for certain demands served by Plaintiff on Defendant, which have not yet been brought to this Court's attention. The Parties also have pending letter

motions before the Honorable Magistrate Judge Shields. *See* ECF Doc. Nos. 37 & 38. Depositions have not yet been conducted.

Defendant also has a pending letter motion before Your Honor to bring a motion for partial judgment on its pleadings. A conference has been set for January 17, 2025.

## CONCLUSION

For the foregoing reasons, Vogrin & Frimet, LLP respectfully requests that this Honorable Court grant its Motion to be Relieved as Counsel and substitute Mr. Goodman, Esq. as counsel of record for Plaintiff.

Dated: New York, New York
December 19, 2024

Respectfully submitted,

**VOGRIN & FRIMET, LLP**

BY: _____

George J. Vogrin
150 Broadway, Suite 1200
New York, NY 10038
Tel: 212-513-1075
gvogrin@vogrinfrimet.com
*Attorneys for Plaintiff*