# NICHOLAS GOODMAN & ASSOCIATES, PLLC

### 333 PARK AVENUE SOUTH, SUITE 3A
### NEW YORK, N.Y. 10010

H. NICHOLAS GOODMAN
PATRICK L. SELVEY, JR.

———

ARSLAN CHOUDHERY
*PARALEGAL*

**(212) 227-9003**

CAMILLE M. ABATE
ROBERT P. PREUSS*
*OF COUNSEL*
*ALSO ADMITTED IN NEW JERSEY*

March 27, 2025

*Via ECF*

Hon. Anne Y. Shields
United States Magistrate Judge
United States District Court, E.D.N.Y
100 Federal Plaza, Courtroom 840
Central Islip, New York 11722

> **Re:** *Juan Carlos Interiano, et al. v. Arch Specialty Insurance Company*
> **U.S.D.C., E.D.N.Y. Case No. 2:23-cv-238-PKC-AYS**
> **Pre-Motion Conference Request**

Dear Judge Shields:

This firm represents Plaintiff, Juan Carlos Interiano ("Plaintiff") in the above-referenced matter. Plaintiff respectfully requests a pre-motion conference regarding Plaintiff's anticipated motion to disqualify Defendant's counsel due to a conflict of interest.

As set forth in his Declaration dated December 19, 2024, (ECF # 48-2), Plaintiff's former counsel Vogrin & Frimet, by George Vogrin ("Vogrin"), withdrew from representing Plaintiff due to a conflict of interest arising from Vogrin's merger with another law firm effective January 1, 2025. While not specified in the Declaration due to privacy concerns, the new firm in question was DAC Beachcroft LLP ("Beachcroft").

By Notice of Change of Firm, Address, and Contact Information dated January 8, 2025, (ECF # 49), Defendant's counsel Lawrence Klein ("Klein") and Aaron F. Mandel ("Mandel") informed the Court that they had also joined a new firm effective January 1, 2025. That firm is none other than DAC Beachcroft LLP. Vogrin, Klein, and Mandel share an office, working out of the same suite in the same building where Beachcroft maintains office space in downtown Manhattan.

Accordingly, Beachcroft's continued representation of Defendant Arch Specialty Insurance Company ("Arch") in the referenced action created a conflict of interest under to the applicable rules of professional conduct. Accordingly, by letter dated January 15, 2025, the undersigned formally requested that Beachcroft voluntarily withdraw from representing Arch. Beachcroft refused to do so, thus necessitating Plaintiff's anticipated motion.

While "[t]he authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process," state and ABA disciplinary rules provide useful guidance in deciding whether to wield that power. *See Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). In so doing, "a district court must balance 'a client's right to freely choose his counsel' against 'the need to maintain the

NICHOLAS GOODMAN & ASSOCIATES, PLLC

highest standards of the profession.'" *GSI Commerce Solutions, Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir. 2010), *quoting Hempstead*, 409 F.3d at 132.

Rule 1.10 of the New York Rules of Professional Conduct ("NYRPC") states: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, except as otherwise provided therein." NYRPC Rule 1.9 prohibits a lawyer who has formerly represented a client in a matter from later representing another person in the same matter in which that person's interests are materially averse to the interest of the former client absent written informed consent.

Vogrin accurately perceived that Rule 1.9 prohibited him from representing Arch in the referenced action based on his prior representation of the Plaintiff in that same matter. By application of Rule 1.10, that conflict also prohibits any other lawyer associated with Vogrin's firm – Beachcroft – from representing Arch in this matter.

The facts and circumstances herein underscore the extent to which Beachcroft's ongoing representation of Arch "taint the underlying trial" such that disqualification is required. *See*, *Id.*

First, Beachcroft did not inform Plaintiff, Vogrin's former client, of its representation of Arch when Klein and Mandel joined the firm. It was not until the undersigned, having learned of the conflict, demanded that Beachcroft withdraw from representation that the conflict was even acknowledged. Beachcroft's failure to notify Plaintiff, never mind seek or obtain his informed consent, of its representation of Plaintiff's adversary demonstrates a material lack of care.

Further, while Klein and Mandel insist that Beachcroft instituted an "ethical screen" so that Vogrin's confidential knowledge of Plaintiff's legal strategy herein would not taint the proceedings, it is unclear whether Beachcroft instituted those "screens" in a timely fashion sufficient to avoid inadvertent disclosure. What's more, only 15 attorneys occupy Beachcroft's New York office, including Vogrin and two associates who worked on this case before the merger, along with Klien, Mandel and a third Beachcroft attorney working on this matter. The close physical proximity of six attorneys, all of whom share office space, staff and administrative resources, raises a strong presumption that confidences cannot be adequately maintained there. *See Filippi v. Elmont Union Free School Dist. Bd. of Educ.*, 722 F.Supp. 2d 295 (E.D.N.Y. 2010).

Finally, when balancing "a client's right freely to choose his counsel," this Court should consider the rights of *both parties*. Here, Vogrin took the ethical high road and withdrew from representing Plaintiff in light of the conflict that would result from his joining Beachcroft, thus depriving Plaintiff of his choice of counsel. For Klein and Mandel to refuse to reciprocate on the same facts has the effect of preserving Arch's right to freely choose its counsel while depriving Plaintiff of that right, a manifest injustice that this Court should not countenance.

Very truly yours,

Patrick L. Selvey

cc:    All counsel of record (via ECF)