**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**JUAN CARLOS INTERIANO, Individually, and**
**JUAN CARLOS INTERIANO, as assignee of ALL-**    Case No. 23-cv-238-PKC-AYS
**BORO REHAB CONSTRUCTION CORP., ALL**
**BORO GROUP, LLC and ALL-BORO**
**CONSTRUCTION GROUP, INC.,**    **AFFIRMATION IN SUPPORT**

                       **Plaintiffs,**

   - against -

**ARCH SPECIALTY INSURANCE COMPANY,**

                       **Defendants.**
-------------------------------------------------------------------X

       **H. NICHOLAS GOODMAN,** an attorney duly admitted to practice law before the United States District Court for the Eastern District of New York, affirms the following to be true under penalty of perjury:

### PROCEDURAL HISTORY

       1.      I am the principal of the law firm Nicholas Goodman & Associates, PLLC, attorneys for Plaintiff **JUAN CARLOS INTERIANO Individually and as assignee of ALL-BORO REHAB CONSTRUCTION CORP., ALL BORO GROUP, LLC and ALL-BORO CONSTRUCTION GROUP, INC.** ("Plaintiff"), in the above captioned action. As such, I am familiar with the facts and circumstances of this action, and with the prior proceedings had herein.

       2.      I submit this Affirmation in Support of Plaintiff's motion for an Order disqualifying DAC Beachcroft LLP ("Beachcroft") from representing Defendant **ARCH SPECIALTY INSURANCE COMPANY** ("Defendant" or "Arch") herein.

       3.      On or about November 30, 2022, Plaintiff commenced this action by e-filing his Summons and Complaint in the Supreme Court, State of New York, County of Nassau. [Doc. No.

1-1].[1] Plaintiff's former counsel, George Vogrin, Esq. ("Vogrin"), then of Vogrin & Frimet, LLP ("V&F"), drafted and signed Plaintiff's Summons and Complaint on Plaintiff's behalf. *Id.*

4. On or about January 13, 2023, Arch, by its attorney, Lawrence Klein ("Klein"), then of Robinson & Cole, LLP ("R&C"), removed this action to this Court by filing a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446. [Doc. No. 1].

5. On or about December 19, 2024, after over two years of litigation, V&F moved this Court for leave to withdraw as counsel for Plaintiff, citing a conflict of interest arising from V&F's anticipated absorption into a new firm. [Doc. No. 48]. While not named in V&F's moving papers, the firm into which V&F merged was Beachcroft.[2]

6. Simultaneously with V&F's withdrawal, Plaintiff retained the undersigned to represent Plaintiff in this action. [Doc. No. 48-3].

7. I am advised that the entire V&F firm, including all attorneys and support staff, joined Beachcroft effective January 1, 2025. Vogrin and Michael Frimet, Esq. ("Frimet') joined Beachcroft as Partners, and Jamie Denenberg, Esq. joined Beachcroft as an Associate.[3]

8. On or about January 8, 2025, Aaron Mandel, Esq. ("Mandel") filed a Notice of Change of Firm, Address, and Contact Information, informing the Court that Klein and Mandel, along with Eric Lankton, Esq. ("Lankton"), had moved from R&C to DAC Beachcroft LLP effective January 1, 2025. [Doc. No. 49]. Klein is currently listed as a Partner on Beachcroft's website, while Mandel and Lankton are listed as "Counsel." *Id.*

9. From January 1, 2025, to date, the former V&F attorneys, including Vogrin, Frimet, Denenberg, and their support staff, as well as the former R&C attorneys, including Klein,

---

[1] All references to "Doc. No." refer to the Document Number on the ECF Docket herein.
[2] *United States Locations*, DACBEACHCROFT.COM, https://www.dacbeachcroft.com/en/Location/North-America/United-States (last visited April 22, 2025)
[3] *Our People*, DACBEACHCROFT.COM, https://www.dacbeachcroft.com/en/Our-people (last visited April 22, 2025).

Mandel, and Lankton, and their support staff, all work out of the same office suite at Beachcroft's only Manhattan office,[4] located at 55 Broadway, Suite 1602. [*See* Doc. Nos. 48 and 49]. Vogrin, Frimet, Denenberg and their V&F support staff, on the one hand, and Klein, Mandel and Lankton, their R&C support staff on the other, all worked on this case for some two years before they were all absorbed into Beachcroft.

10.  Only fifteen (15) Beachcroft attorneys, including Vogrin, Frimet, Denenberg, Klein, Mandel, and Lankton, work out of Beachcroft's New York Suite. Upon information and belief, those attorneys work in close proximity with each other in an open office plan and share administrative resources and support staff.

11.  On or about January 15, 2025, after consultation with Plaintiff, this firm wrote to Beachcroft, by correspondence addressed to Klein and Mandel, informing Beachcroft of the conflict of interest that is the subject of Plaintiff's motion herein and requesting that Beachcroft immediately seek leave to withdraw as counsel for Arch. A true and accurate copy of that correspondence is submitted herewith as **Exhibit "A."**

12.  By correspondence dated January 22, 2025, Beachcroft, via Mandel, refused to withdraw as counsel for Arch. A true and accurate copy of that correspondence is submitted herewith as **Exhibit "B."**

13.  After several telephonic conferences, Beachcroft via Mandel persisted in its refusal to withdraw, thus necessitating the instant motion.

14.  Your Affirmant personally communicated with Plaintiff regarding the foregoing, including in particular the potential conflict of interest arising from his former counsel working at the same firm and in the same physical office space as the current counsel for his adversary herein.

---

[4] *United States Locations*, DACBEACHCROFT.COM, https://www.dacbeachcroft.com/en/Location/North-America/United-States (last visited April 22, 2025)

Plaintiff advised me that he did not receive any notice from Beachcroft regarding its position on the conflict of interest. In any event, Plaintiff unequivocally informed me that he did not, and does not, consent to or waive any conflict presented by Beachcroft's representation of Arch. Plaintiff specifically asked why under the circumstances he had to retain new counsel, but Defendant did not, even though Defendant's attorneys are now at the very same firm as his former counsel.

## **CONCLUSION**

For all the reasons set forth above, and in Plaintiff's Memorandum of Law submitted herewith, Plaintiff requests that this Court enter an Order disqualifying DAC Beachcroft LLP from continuing to represent Defendant Arch Specialty Insurance Company in this matter and staying proceedings herein for thirty (30) days to permit Defendant to retain new counsel, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 30, 2025

BY: _____
H. Nicholas Goodman