# NICHOLAS GOODMAN & ASSOCIATES, PLLC

**333 PARK AVENUE SOUTH, SUITE 3A**
**NEW YORK, N.Y. 10010**

**(212) 227-9003**

H. NICHOLAS GOODMAN
PATRICK L. SELVEY, JR.

ALFRED R. FUENTE
COUNSEL

CAMILLE M. ABATE
ROBERT P. PREUSS*
OF COUNSEL
*ALSO ADMITTED IN NEW JERSEY

ARSLAN CHOUDHERY
PARALEGAL

January 15, 2025

*Via Electronic Mail*
Lawrence J. Klein (lklein@dacbeachcroft.com)
Aaron Mandel (amandel@dacbeachcroft.com)
DAC Beachcroft LLP
55 Broadway, Suite 1602
New York, New York 10006

  **Re:** *Juan Carlos Interiano, et al. v. Arch Specialty Insurance Company*
     **United States District Court, E.D.N.Y. Case No. 2:23-cv-238-PKC-AYS**
     **Request for Immediate Withdrawal as Counsel for Defendant**

Counselors:

  As you are no doubt aware, per Stipulation dated December 11, 2024, and So-Ordered on December 21, 2024, this firm is now counsel for Plaintiffs in the above referenced matter.

  As set forth in his Declaration dated December 19, 2024, (ECF # 48-2), former Plaintiff's counsel Vogrin & Frimet, by George Vogrin (collectively "Vogrin"), withdrew from representing Plaintiff due to a prospective conflict of interest arising from Vogrin's merger with another law firm effective January 1, 2025. While not specified in the Declaration due to privacy concerns, the new firm in question was DAC Beachcroft LLP.

  By Notice of Change of Firm, Address, and Contact Information you filed on January 8, 2025, (ECF # 49), you advised the Court herein that you had also joined a new firm effective January 1, 2025, and that firm is none other than DAC Beachcroft LLP, the very same firm that Vogrin, Plaintiff's former counsel, merged with on January 1, 2025.

  Accordingly, your continued representation of Defendant Arch Specialty Insurance Company ("Arch") in the referenced matter would create a conflict of interest under to the applicable rules of professional conduct. As set forth below, we hereby request that you immediately inform the Court of your conflict and request leave to withdraw as counsel.

  Rule 1.9 of the New York Rules of Professional Conduct ("NYRPC"), Duties to Former Clients, provides, in pertinent part, as follows:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

**NICHOLAS GOODMAN & ASSOCIATES, PLLC**

Based on Rule 1.9, Vogrin, Plaintiff's former counsel, is clearly prohibited from representing Arch in the referenced matter based on his prior representation of the Plaintiff in that same matter.

NYRPC Rule 1.10, Imputation of Conflicts of Interest, provides in relevant part as follows:

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, except as otherwise provided therein.

\*\*\*

(c) When a lawyer becomes associated with a firm, the firm may not knowingly represent a client in a matter that is the same as or substantially related to a matter in which the newly associated lawyer, or a firm with which that lawyer was associated, formerly represented a client whose interests are materially adverse to the prospective or current client unless the newly associated lawyer did not acquire any information protected by Rule 1.6 or Rule 1.9(c) that is material to the current matter.

(d) A disqualification prescribed by this Rule may be waived by the affected client or former client under the conditions stated in Rule 1.7.

Pursuant to NYRPC 1.10(a), Vogrin's conflict is imputed his new firm, DAC Beachcroft LLP, and all attorneys associated therewith, including yourself. While Rule 1.10 provides certain exceptions to this rule, none of those exceptions apply here. Vogrin most certainly acquired information protected by Rule 1.6 in the course of his representation of the Plaintiff herein, and Plaintiff has not, and will not, consent to Arch's representation by DAC Beachcroft, LLP under these circumstances. Pursuant to Rule 1.7, Plaintiff's written waiver would be required and that is simply not available.

Therefore, Plaintiff hereby requests that you immediately inform the Court of your conflict of interest and seek leave to withdraw based upon same. If you would like to meet and confer regarding the foregoing, or if you are simply unwilling to withdraw from your representation of Arch, please advise by end of day tomorrow, January 16, so that we may seek an adjournment of the Motion Conference currently scheduled for January 21, and request leave to move to disqualify DAC Beachcroft LLP from representing the Arch herein.

Very truly yours,

*Patrick L. Selvey*

Patrick L. Selvey

cc:   H. Nicholas Goodman (ngoodman@ngoodmanlaw.com)

2