# DAC BEACHCROFT

(917) 268-3907
amandel@dacbeachcroft.com

January 22, 2025

**Via Electronic Mail**

Patrick L. Selvey, Jr. (pselvey@ngoodmanlaw.com)
Nicholas Goodman & Associates, PLLC
333 Park Avenue South, Suite 3A
New York, NY 10010

**Re:**     *Interiano v. Arch Specialty Insurance Co.*,
            U.S. District Court for the Eastern District of New York Case No. 23-cv-0238-PKC-AYS
**Our Ref:** FOR195-2368386

Dear Mr. Selvey:

      Thank you for speaking with me yesterday about your client's objection to our firm's continued representation of Arch Specialty Insurance Co. ("Arch") in the above-referenced matter (the "Lawsuit"). As you requested, I am writing to both provide our thoughts on the applicable case law,[1] and to explain the processes the firm has implemented to protect any confidences Mr. Interiano previously might have shared with George Vogrin or others at his former firm (together, "Vogrin"). We hope that after review Mr. Interiano will agree that Arch is entitled to have those attorneys formerly at Robinson + Cole ("R+C"), who have joined DAC Beachcroft ("DACB"), continue to represent it in this Lawsuit.

      As discussed, in the Second Circuit, Rules 1.9 and 1.10 of the New York Rules of Professional Conduct do not govern whether DACB might be disqualified from representing Arch.[2] *See Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). Rather, that issue is governed by the standards courts in this Circuit use as part of their inherent power to preserve the integrity of the adversary process. *Id*.

      Under that framework, disqualification is appropriate "only where continued representation 'poses a significant risk of trial taint.'" *American Int'l Grp., Inc. v. Bank of Am. Corp.*, 827 F. Supp. 341, 346 (S.D.N.Y. 2011) ("*AIG*"). That is, disqualification is appropriate "only where the conflict raises a significant risk that the attorney will be unable to represent his client with zeal and vigor or where the attorney possesses privileged information, obtained through prior representation of an adverse party, that might benefit his or her current client." *Reilly v. Computer Assocs. Long-Term Disability Plan*, 423 F. Supp. 2d 5, 9 (E.D.N.Y. 2006). Within the Second Circuit, the standard is merely a rebuttable presumption that, because an attorney may share confidences with others in his or her firm, "an attorney's successive representation risks disqualification of

---

[1] The case law cited in this letter is intended to be representative, not exhaustive. Arch reserves the right to cite to additional case law and to develop additional legal arguments in opposition to any motion to disqualify that might be filed.

[2] As I noted during our call, even if they did, we disagree those rules would prohibit DACB from doing so.

DAC Beachcroft LLP
55 Broadway, Suite 1602, New York, NY 10006, USA
tel: +1 212 513 1075 fax: +1 212 346 9063

DAC Beachcroft - an international law firm
DAC Beachcroft LLP is a foreign limited liability partnership registered in New York (registration number 7469552), and is a branch of DAC Beachcroft LLP, a limited liability partnership registered in England and Wales (registration number OC317852), which is authorised and regulated by the Solicitors Regulation Authority (authorisation number 440774). Please read our DAC Beachcroft group privacy policy at www.dacbeachcroft.com.

his firm as well." *Hempstead*, 409 F.3d at 133; *see also Victorinox AG v. B&F Sys.*, 709 Fed. App'x 44, 53 (2d Cir. 2017).

Courts evaluating whether that presumption has been rebutted will "inquire on the facts of the case before them whether the practices and structures in place are sufficient to avoid disqualifying taint.'" *Id*. "One method of rebutting the presumption is by demonstrating a timely and effective ethical screen 'that fences the disqualified attorney from the other attorneys in the firm' in connection with the case for which the conflict is alleged." *AIG*, 827 F. Supp. 2d at 346.

DACB has taken affirmative steps to protect any confidences that Mr. Interiano previously may have shared with Vogrin. These include:

- None of Vogrin's physical documents or communications related to this Lawsuit were transferred to DACB.

- Any of Vogrin's electronic documents or communications related to this Lawsuit that were transferred to DACB are not available to the attorneys and staff formerly associated with R+C.[3]

- Only attorneys and staff formerly associated with R+C have access to Arch's file related to this Lawsuit.

- An ethical wall is established prohibiting all attorneys and staff formerly associated with R+C, on the one hand, and the attorneys and staff formerly associated with Vogrin, on the other hand, to speak about any aspect of this Lawsuit.

Given these actions, we are confident that Mr. Interiano cannot meet the "high standard of proof" necessary to have DACB disqualified from representing Arch. *See id.* at 345; *see also Reilly*, 423 F. Supp. 2d at 9.

Additionally, as I noted during our call, the resolution of this Lawsuit generally will not depend upon any confidences that Mr. Interiano might have shared with Vogrin. Specifically, Mr. Interiano's claims in this lawsuit generally will be resolved only based upon the application of New York law to actions taken by Arch. This Lawsuit's resolution therefore is by and large agnostic to Mr. Interiano, let alone any confidences he previously might have shared with Vogrin.

---

[3] To the extent that any electronic documents and communications related to Vogrin's work on this Lawsuit have been migrated onto DACB's systems, those documents and communications are being marked "personal" to each attorney and/or staff member formerly affiliated with Vogrin and are accessible only to those individuals. The attorneys and staff formerly associated with R+C do not have access to – and cannot access – those electronic documents and communications.

Based upon our conversation yesterday and the foregoing, we hope Mr. Interiano will agree to withdraw his challenge to DACB representing Arch in this Lawsuit. Of course, we are happy to further discuss this matter with you if you have any questions or need any additional information.

Very truly yours,

*Aaron F. Mandel*

**Aaron F. Mandel**

cc: H. Nicholas Goodman (via email: ngoodman@ngoodmanlaw.com)
Lawrence Klein (via email: lklein@dacbeachcroft.com)