**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**JUAN CARLOS INTERIANO, Individually, and**
**JUAN CARLOS INTERIANO, as assignee of ALL-**       Case No. 23-cv-238-PKC-AYS
**BORO REHAB CONSTRUCTION CORP., ALL**
**BORO GROUP, LLC and ALL-BORO**
**CONSTRUCTION GROUP, INC.,**                        **AFFIRMATION IN REPLY**

                **Plaintiffs,**

   - against -

**ARCH SPECIALTY INSURANCE COMPANY,**

                **Defendants.**
-------------------------------------------------------------------X

    **H. NICHOLAS GOODMAN,** an attorney duly admitted to practice law before the United States District Court for the Eastern District of New York, affirms the following to be true under penalty of perjury:

    1.    My firm is counsel for the Plaintiff in the above captioned action having taken over his representation from the firm Vogrin & Frimet ("V&F"). V&F resigned due to a conflict of interest created when that firmed merged with DAC Beachcroft ("Beachcroft") at the same time the attorneys representing Defendant Arch Specialty Insurance Company ("Arch") also joined Beachcroft.

    2.    I provide this Affirmation to address certain issues raised by Beachcroft in opposition to Plaintiff's motion to disqualify Beachcroft.

    3.    First and foremost, counsel Aaron Mandel's argument that delay and disruption of my firm caused by the personal tragedy I suffered somehow indicated a lack of interest or even belief in Beachcroft's conflict of interest is deeply troubling. While I am not pleased to do so, the circumstances compel me to provide some personal details. To wit, I returned from a business trip and found my wife of 39 years deceased in our apartment on January 25, 2025. I have still not recovered from that shock and her loss, but suffice it to say the first several weeks were extremely difficult. I was out of the office and largely out touch

until late February. This caused great disruption in our small firm practice, throughout our inventory of cases.

4. So yes, under those conditions, we were happy to let Arch's counsel complete and file a joint letter requesting an extension of discovery on January 29, 2025. Mandel seems to want credit for volunteering to draft the letter yet in a duplicitous twist he includes the willingness to accept a professional courtesy reflected a lack of concern or belief in the conflict issue. *See,* Defendant's MOL, p. 6. And the so-called "delays" in pursuing Plaintiff's disqualification motion he cites were themselves in part attributable to my situation. In short, Mandel's attempt to weaponize my tragedy, of which he was aware, for his personal benefit is beyond regrettable and is yet another indication of how devoid of substance Beachcroft's opposition is.

5. I also note Mandel's veiled threat about "gamesmanship" in my communications with Vogrin. *See* Defendant's Memorandum of Law, FN 19. To be clear, I am perfectly entitled to speak to Mr. Vogrin, or any of the other former V&F attorneys, about this case that they handled for some two years. Indeed, it is only due to Beachcroft's insistence on maintaining its conflicted representation of Arch that my communications with them are now hindered as they find themselves in an uncomfortable position in their new firm. That restriction of communication is yet another reason Beachcroft should be disqualified.

6. I certainly hope these instances of sharp practice are isolated and not indicative of Beachcroft's overall firm culture and practice.

7. Second, in his Declaration in opposition, Lawrence Klein points to a discussion he had with George Vogrin in Connecticut in September 2024 in which Vogrin advised that he perceived a conflict of interest in his firm's continued representation of Plaintiff and that he would therefore resign this case. Klein presents this as though Vogrin somehow indicated that once he resigned, Beachcroft would be relieved of any conflict and could continue representing Arch. That is certainly not my understanding.

2

8. Specifically, during my discussions with Vogrin during the Fall of 2024 about assuming Plaintiff's representation herein, Vogrin described his view of the conflict that brought him to resign. I indicated that I thought the same conflict would apply to the RC attorneys joining Beachcroft. He indicated that he believed it did. At no time did he state or imply that Beachcroft would have no conflict upon the merger of V&F and the RC attorneys.

9. I also wish to emphasize that I personally spoke with Plaintiff Juan Carlos Interiano in March of this year to advise him about the conflict issues and this potential motion. He was frankly indignant at the proposition that he had been deprived of his chosen counsel while Arch's counsel refused to withdraw. He noted that a big insurance company surely can call on any number of lawyers to represent it, and he expressed his lack of confidence in the U.S. judicial system and in the integrity of a legal community as a whole that accepts sort of conduct.

Dated: New York, New York
June 16, 2025

BY: _____
H. Nicholas Goodman