UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN CARLOS INTERIANO, Individually, and
JUAN CARLOS INTERIANO, as assignee of
ALL-BORO REHAB CONSTRUCTION CORP.,
ALL BORO GROUP LLC, and
ALL-BORO CONSTRUCTION GROUP, INC.,

            Plaintiffs,

            - against -

ARCH SPECIALTY INSURANCE
COMPANY,

            Defendant.
------------------------------------------------------------X

Case No. 2:23-cv-00238-PKC-AYS

**DECLARATION OF LAWRENCE KLEIN**

      **LAWRENCE KLEIN** hereby declares as follows pursuant to 28 U.S.C. § 1746(2):

      1.     I am a Partner at DAC Beachcroft LLP ("DACB"), attorneys for Defendant Arch Specialty Insurance Co. ("Arch") in the above captioned action. As such, I am familiar with the facts and circumstances of this action (the "Lawsuit"), and with the prior proceedings herein. I submit this Declaration in Opposition to plaintiff's Motion for an Order Disqualifying DACB as counsel for Arch in this Lawsuit.

      2.     Before joining DACB, I was a Partner at Robinson & Cole LLP ("Robinson"). I was employed by Robinson from August 27, 2007 through and including December 31, 2024. My employment with DACB began on January 1, 2025, when DACB began offering legal services in the United States. DACB presently has offices in New York City and Los Angeles.

      3.     On November 30, 2022, plaintiff – represented by the law firm Vogrin & Frimet LLP ("V&F") – filed this Lawsuit in Nassau County Supreme Court to recover from Arch a judgment entered against All-Boro Rehab Construction Corp. ("All-Boro") in a personal injury

lawsuit (the "Underlying Lawsuit").[1] While still employed at Robinson, I was retained by Arch to defend it in this Lawsuit. That defense included: (1) removing the Lawsuit from Nassau County Supreme Court to this Court; and (2) moving to dismiss Plaintiff's Complaint. *See* Dkt. 1, 13, and 15.[2]

4. In connection with DACB entering the United States legal market, I met with representatives of V&F and DACB in Greenwich, Connecticut in September 2024. During those meetings, I had a conversation with Mr. Vogrin during which he advised that he knew V&F would have to withdraw as plaintiff's counsel once V&F attorneys agreed to join DACB because DACB works for Arch on other matters. Mr. Vogrin also told me that he informed plaintiff about the need to withdraw as plaintiff's counsel once V&F agreed to join DACB.

5. DACB's New York office is located in Manhattan at 55 Broadway, Suite 1602, but the office was not operational as of January 1, 2025. Rather, construction to build out the office did not substantially complete – that is, complete to the point where attorneys could work in the office – until January 22.

6. Between January 1 and January 22, I primarily worked from home. However, I also worked approximately two days from a conference room operated by a co-working company in the building where DACB's New York office is located – 55 Broadway – that DACB had arranged for its New York-based attorneys to work until construction of DACB's New York office completed. I also worked two days from V&F's former office at 150 Broadway to work with DACB's IT technicians who came to New York to help set up our computers. During my two days at V&F's former office, I worked from a conference room where none of V&F's files were stored,

---

[1] The Underlying Lawsuit was captioned *Interiano v. All-Boro Construction Group, Inc., et al*, Queens County Supreme Court Index No. 702376/2017.

[2] "Dkt." refers to entries on the Court's docket for this Lawsuit.

2

did not speak with anyone formerly associated with V&F about this matter, and did not do any work in connection with this Lawsuit because I did not have yet have access to our files for this matter.

7. Even after DACB's New York office opened for attorneys to work on January 22, I primarily work from home and only occasionally work from DACB's New York office.

8. On January 22, 2025, I and all other DACB employees formerly associated with Robinson received an email from Roderick Clarkson of DACB's Office of the General Counsel stating, in writing, that none of us was permitted to discuss this Lawsuit with any DACB employees formerly associated with V&F.

9. Since joining DACB, and even before I received the January 22 email from Mr. Clarkson, I have never spoken about the substance of this Lawsuit with any attorney formerly associated with V&F. I also have never accessed any hard-copy or electronic documents, communications, and/or files of V&F's related to its work in connection with this Lawsuit, and I have not stored and do not store any hard-copy documents and communications related to this Lawsuit in DACB's New York office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 30, 2025

*Lawerence Klein*
Lawrence Klein

3