UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN CARLOS INTERIANO, Individually, and
JUAN CARLOS INTERIANO, as assignee of
ALL-BORO REHAB CONSTRUCTION CORP.,
ALL BORO GROUP LLC. and
ALL-BORO CONSTRUCTION GROUP, INC.,

        Plaintiffs,

- against -

ARCH SPECIALTY INSURANCE
COMPANY,

        Defendant.
-----------------------------------------------------------------X

Case No. 2:23-cv-00238-PKC-AYS

**DECLARATION OF
ERIC S. LANKTON**

**ERIC S. LANKTON** hereby declares as follows pursuant to 28 U.S.C. § 1746(2):

1. I am Counsel at DAC Beachcroft LLP ("DACB"), attorneys for Defendant Arch Specialty Insurance Co. ("Arch") in the above captioned action. Given my role assisting in various aspects of this litigation, I am familiar with the facts and circumstances of this action, and with the prior proceedings herein. I submit this Declaration in Opposition to Plaintiff's Motion for an Order Disqualifying DACB as counsel for Arch in this Lawsuit.

2. Before joining DACB, I was an Associate at Robinson & Cole LLP ("Robinson"). I was employed by Robinson from June 6, 2022 through and including December 31, 2024. My employment with DACB began on January 1, 2025, when DACB began offering legal services in the United States.

3. DACB's New York office officially opened for attorneys to work on January 22, 2025. Between January 1 and January 22, I primarily worked from home. However, I also worked two days from a conference room operated by a co-working company in the building where DACB's New York office is located – 55 Broadway – that DACB had arranged for its New York-

based attorneys to work until construction of DACB's New York office completed. Even after DACB's New York office opened for attorneys to work on January 22, I primarily work from home and only occasionally work from DACB's New York office.

4. On January 22, I received an email from Roderick Clarkson of DACB's Office of the General Counsel stating, in writing, that no former Robinson employees were permitted to discuss this Lawsuit with any DACB employees formerly associated with V&F.

5. Since joining DACB, and even before I received the January 22 email from Mr. Clarkson, I have never spoken about the substance of this Lawsuit with any attorney formerly associated with V&F. I also have never accessed any hard-copy or electronic documents, communications, and/or files of V&F's related to its work in connection with this Lawsuit, and I have not stored and do not store any hard-copy documents and communications related to this Lawsuit in DACB's New York office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 30, 2025

_____
Eric S. Lankton